UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Virginia T. Bautz, on behalf of herself
and all others similarly situated,                                    Civil Action No.

                                                                                               **CLASS ACTION**
                                 Plaintiffs,                                     **COMPLAINT**

    v.

ARS National Services, Inc.                       **NO JURY TRIAL**
                                                                        **DEMANDED**

                                 Defendant.
---------------------------------------------------------X

      Plaintiff, by and through her counsel, Gus Michael Farinella, Esq., as and for her complaint against the Defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure, all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff, on her own behalf and on behalf of the classes she seeks to represent, brings this action to secure redress for the debt collection practices utilized by the Defendant, ARS National Services Inc. ("ARS") in connection with their attempts to collect alleged debts from the Plaintiff and others.

2. Plaintiff alleges that ARS's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA")

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

1

4. The FDCPA is a strict liability statute which provides for actual or statutory damages upon the showing of a single violation. <u>Bentley v Great Lakes Collection Bureau</u>, 6 F.3d 60, 62-3 (2d Cir. 1993)

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the FDCPA claim pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

6. Venue and personal jurisdiction in this District are proper because:
    a. The acts giving rise to this lawsuit occurred within this District; and
    b. Defendant does business within this District.

## PARTIES

7. Plaintiff, Virginia T. Bautz is an individual natural person who at all relevant times resided in the City of Huntington Station, County of Suffolk, State of New York.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant, ARS, at all times relevant hereto, is and was a Corporation with offices located at 201 W Grand Ave, Escondido, CA 92025.

10. The principal purpose of ARS is the collection of debts using the mail and telephone.

11. ARS regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. ARS is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## FACTS

13. Sometime prior to December 2015 the Plaintiff allegedly incurred a debt to Department Stores National Bank related to a personal Macy's credit card (the "Debt").

14. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal Macy's credit card.

15. The credit card debt is a "debt" as defined by 15 U.S.C. §1692a(5).

16. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments allegedly owed on the alleged Debt.

17. At a time known only to Defendant, Plaintiff's alleged Debt was placed with Defendant for collection.

18. On or about December 31, 2015 ARS mailed or caused to be mailed a letter to Plaintiff seeking to collect the Debt. (Annexed and attached hereto as Exhibit A is a copy of the letter dated December 31, 2015 sent by ARS to the Plaintiff)

19. The Plaintiff received and reviewed the letter attached as Exhibit A.

20. Exhibit A seeks to collect the Debt.

21. The letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. §1692a(2).

22. Exhibit A states the balance of the Debt to be $849.35.

23. Exhibit A states in relevant part:

"Right now we are offering to settle your account for the reduced amount of $467.15. That's a savings of $382.20"

 (see Exhibit A)

24. Exhibit A states in relevant part

   "Department Stores National Bank will report forgiveness of debt as required by IRS regulations."

(see Exhibit A)

3

25. The Defendant's language in Exhibit A is deceptive and misleading and violated the FDCPA.

26. ARS's collection practice is a high volume practice.

27. ARS's debt collection practice is largely automated and utilizes standardized form letters.

28. Documents in the form represented by Exhibit A are regularly sent by ARS to collect debts from consumers.

29. Exhibit A is a standardized form letter.

30. ARS mailed or caused to be mailed letters in the form of Exhibit A over the course of the past year to hundreds of New York consumers from whom ARS attempted to collect a consumer debt.

## CLAIMS FOR RELIEF

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

32. The conduct of the Defendant in this case violates 15 U.S.C. §§1692, 1692e(2), and 1692e(10).

33. A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate. Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993).

34. Debt collectors may not make false statements in their attempts to collect debts.

35. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

36. Defendant's letter attached as Exhibit A offers a settlement of $382.20 off of the balance of Plaintiff's alleged debt.

37. Defendant's letter to Plaintiff states "Department Stores National Bank will report forgiveness of debt as required by IRS regulations."

38. The language in the letter states "Department Stores National Bank will report forgiveness of debt as required by IRS regulations" could reasonably be understood by the least sophisticated consumer to mean that IRS regulations require that Department Stores National bank report all forgiveness of debt.

39. The statement "Department Stores National Bank will report forgiveness of debt as required by IRS regulations" is false, deceptive and misleading, by giving erroneous and incomplete tax information because in actual fact and according to IRS regulations, Department Stores National Bank "**will not**" report to the IRS forgiveness of debt of less than $600.

40. As per IRS regulations, a 1099C may be required to be filed only for debt forgiveness of $600.00 or more. The settlement agreement offered to Plaintiff in Exhibit A results in debt forgiveness of only $382.20. Therefore, ARS's statement that "Department Stores National Bank will report forgiveness of debt as required by IRS regulations" is false, deceptive and misleading and a violation of the FDCPA. *See* Kaff v. Nationwide Credit, Inc., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J.) and Good v. Nationwide Credit, Inc., 55 F. Supp 3d 742 (E.D. Pa. Oct, 24, 2014).

41. Department Stores National Bank could not be required to file a 1099C for forgiveness of debt of $382.20.

42. The use of the words "as required by IRS regulations" is an attempt by ARS to make consumers think that the IRS requires the reporting of all forgiveness of debt.

43. The Defendant tends to give erroneous and/or incomplete tax advice to consumers.

44. Such a statement in a collection letter suggests to the least sophisticated consumer that failure to pay will get the consumer into trouble with the IRS.

45. The least sophisticated consumer would likely be deceived into believing that there would be a tax consequence if she accepted Defendant's offer, such a belief would be false.

46. ARS is liable to the Plaintiff pursuant to 15 U.S.C. §1692k because of the FDCPA violations.

## CLASS ALLEGATIONS

47. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

48. This action is brought as a class action. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

49. The Class consists of (a) all individuals (b) with a New York address (c) who were sent a letter from ARS in a form materially identical or substantially similar to letter attached as Exhibit A to the Complaint (d) which was not returned as undeliverable (e) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

50. The proposed class specifically excludes the United States of America, the states of the Second Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Second Circuit and the United

States Supreme Court, all officers and agents of Defendant and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

51. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   i. **Numerosity**: The Plaintiff is informed and believes and on that basis alleges that the Plaintiff class defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by the Defendant.

   ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendant's identical conduct particular to the matter at issue; (b) Defendant's violations of the FDCPA, specifically 15 U.S.C. §1692e; (c) The availability of statutory penalties; and (d) Attorney's fees and costs.

   iii. **Typicality**: The claims of the Plaintiff are typical of those of the class she seeks to represent. The claims of the Plaintiff and of each class member

7

originate from the same conduct, practice, and procedure, on the part of the Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

52. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to members of each of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

53. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible;
    b. Members of the classes are likely to be unaware of their rights;
    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the Plaintiff Class as previously set forth and defined above.
2. Adjudging that ARS violated 15 U.S.C. §§1692e, 1692e(2), 1692e(10).
3. An award of statutory damages for Virginia T. Bautz and the Plaintiff Class pursuant to 15 U.S.C. §1692k;
4. Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and
5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
February 15, 2016

                                                                      THE PLAINTIFF

                                        /s/ Gus Michael Farinella
                           By:_____
                                Gus Michael Farinella, Esq.
                                Law Offices of Gus Michael Farinella PC
                                *Attorney for Plaintiff*
                                110 Jericho Turnpike – Suite 100
                                Floral Park, NY 11001
                                Tel: (212) 675-6161
                                Fax: (212) 675-4367
                                gmf@lawgmf.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

                                The Law Offices of Gus Michael Farinella, PC

                                    /s/ Gus Michael Farinella
                           By:_____
                               Gus Michael Farinella