PETER G. SIACHOS
PSIACHOS@GORDONREES.COM
DIRECT DIAL: (973) 549-2532



Admitted In:  NJ, NY, DC, SC and PA

ATTORNEYS AT LAW
18 COLUMBIA TURNPIKE, SUITE 220
FLORHAM PARK, NJ 07932
PHONE: (973) 549-2500
FAX: (973) 377-1911
WWW.GORDONREES.COM

May 7, 2016

**VIA ECF**

The Honorable Joseph F. Bianco
United States District Judge
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

   RE: ***Bautz v. ARS National Services, Inc.***
      **Case No. 2:16-cv-00768-JFB-SIL**

Dear Judge Bianco:

  This firm represents Defendant ARS National Services, Inc. ("ARS") in the above-referenced matter. Pursuant to Section III.A of Your Honor's Individual Rules, we write to respectfully request a pre-motion conference and permission to file a motion to dismiss the Complaint of Plaintiff Virginia Bautz ("Bautz") against ARS pursuant to Federal Rule of Civil Procedure 12(b)(6).

  Plaintiff has failed to set forth sufficient allegations to support any claim against ARS. By way of background, Bautz alleges that ARS, a debt collector under the FDCPA, sent her a dunning letter dated December 31, 2015 (the "Letter") that purportedly violates the Fair Debt Collection Practices Act ("FDCPA"), including 15 U.S.C. §§1692, 1692e(2), and 1692e(10). The Letter allegedly attempts to collect a debt (the "Debt") in the amount of $849.35 incurred to Department Stores National Bank related to a Macy's department store credit card. The Letter, which is attached to the Complaint as Exhibit A, offers to settle the Debt for the reduced amount of $467.15.

  The gravamen of Bautz' Complaint is that one sentence – and one sentence only – in the Letter allegedly is a false and misleading statement of law:

> **Department Stores National Bank will report forgiveness of
> debt as required by IRS regulations.**

Compl. ¶ 24, Exhibit A. (emphasis added).

  Plaintiff's FDCPA claims suffer from terminal pleading defects which mandate dismissal. While the FDCPA does prohibit a debt collector from using any "false, deceptive, or misleading representation" to collect a debt (*see* 15 U.S.C. § 1692e), the sentence above does not contain any language that violates the law. Specifically, under the FDCPA, a debt collector may not falsely represent "the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A) or "use any false representation or deceptive means to . . . attempt to collect any debt." 15 U.S.C. § 1692e(10). The Complaint, however, fails to properly or plausibly plead that the sentence above misrepresents

The Honorable Joseph F. Bianco
May 9, 2016
Page 2

the amount of the Debt or is a false or deceptive representation.

The Complaint alleged that IRS regulations require a Form 1099C to be filed only for debt forgiveness of $600.00 or more and that the Letter offered to forgive $382.20 of the debt, *i.e.*, less than $600 (Compl. ¶ 40).  Plaintiff alleges that the statement that ARS "will report forgiveness of debt as required by IRS regulations" is, therefore, false because a Form 1099C is not necessarily required if the amount of debt forgiven is less than $600. (Compl. ¶ 40).  ARS' Letter, however, does not reference a 1099C form at all.  In fact, it merely states it will report forgiveness of debt as is required by federal law.  It must naturally follow that if ARS is not required by federal law to report forgiveness of debt, then it will not report it.  As such, the disclosure in the Letter is effectively a statement that ARS intends to follow the law.  It is an implausible, illogical leap to read the offending sentence as a reference to a specific IRS form, 1099C. The Letter is silent as to any forms it may file; it merely states that some action, but maybe none at all, may be taken, depending on applicable IRS regulations.

Plaintiff cannot state a cause of action generally under the FDCPA or specifically under 15 U.S.C. §§1692, 1692e(2), and 1692e(10).  The allegations plead in the Complaint demonstrate, in Plaintiff's own words, that ARS actually performed its duties under the FDCPA.  It is axiomatic that stating one will follow the law cannot be a violation of another law, regardless of how unsophisticated a consumer you are dealing with. Elmore v. Northeast Fla. Credit Bureau, Inc., 2011 U.S. Dist. LEXIS 109981, 2011 WL 4480419 (M.D. Fla. Sept. 27, 2011). In Elmore, the Court held that a statement to a debtor by a debt collector does not violate § 1692e when it "merely notifies" the debtor that the debt collector may report debt forgiveness to the IRS, at the debt collector's discretion.  Elmore, 2011 U.S. Dist. LEXIS 109981, *10-11. The Elmore Court held that the sentence, "If you do not pay, we may at our discretion file form 1099C with the IRS," does not violate § 1692e(5) since it does not threaten to take action that is not intended to be taken. "Moreover, the language does not suggest that [the debt collector] will file the [1099C] form." Elmore, 2011 U.S. Dist. LEXIS 109981, *10-11.

In her Complaint, Bautz cites a recent unpublished Eastern District of New York decision Kaff v. Nationwide Credit, Inc., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J.) and Good v. Nationwide Credit, Inc., 55 F. Supp 3d 742 (E.D. Pa. Oct, 24, 2014).  These cases are inapposite to the case at bar. In Kaff, defendant sent a dunning letter which stated that it was "required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions."  The Kaff Court held that the statement is material and not "strictly true" because it "failed to apprise debtors that possible exceptions could apply to the creditor's mandatory [1099C] reporting requirement, such as exceptions [under 1099C] for interest and other non-principal debts."

The Letter to Bautz fails to meet this level of materiality. Although "[i]t is clear that Congress painted with a broad brush in the FDCPA[,]" Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 27 (2d Cir. 1989), not every technically false representation by a debt collector amounts to a violation of the FDCPA. Courts in the Second Circuit evaluate claims under the FDCPA according to how the "least sophisticated consumer" would understand the communication. See Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010). As a result, "FDCPA protection 'does not extend to every bizarre or idiosyncratic interpretation of a collection notice' and courts should apply the standard 'in a manner that protects debt collectors against liability for unreasonable misinterpretations . . . .'" Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993)).

The Honorable Joseph F. Bianco
May 9, 2016
Page 3

In <u>Good</u>, the Court held that the same exact language as in <u>Kaff</u>, explicitly referencing the 1099C form, violated Secion 1692(e) because the regulations contain exceptions which were not explained to the plaintiff.  55 F. Supp 3d. at 748. The definitive language concerning and referencing a 1099C form is wholly missing in the Letter referenced in the Complaint and the Complaint fails to sufficiently plead a cause of action. The Courts in <u>Kaff</u> and <u>Good</u> were concerned that the least sophisticated consumer would not realize that there exist exceptions for filing a 1099C form. No such danger exists in this case, nor is such a danger plead in the Complaint, because no reference to a 1099C form is made in the Letter at all.

Here, the crux of Bautz' Complaint is that since ARS stated it will comply with IRS regulations as required by law, then that somehow means it will file a 1099C form, and that is a false statement because a 1099C (which is not even referenced in the Letter) would probably not need to be filed. The Letter did not mention or even allude to form 1099C, let alone make a declarative statement that such a form will be filed. A statement has to be materially false in order to mislead the "least sophisticated consumer" and sustain a Fed.R.Civ.P. 12(b)(6) motion to dismiss.  In <u>Lane v. Fein, Such & Crane, LLP</u>, 767 F. Supp. 2d 382, 388, 2011 U.S. Dist. LEXIS 20982, *15 (E.D.N.Y. 2011), this Court held that a statement must be material to plead a cause of action that the statement violated section 1692e. (false statement that debt collector "is a banking corporation duly licensed, organized and existing pursuant to the laws of the United States," is immaterial).

The Complaint lacks the requisite allegation that the statement is materially deceptive and misleading. The language in the Letter is distinguishable from the letters in <u>Good</u> and <u>Kaff</u> because, even to the least sophisticated consumer, the language "Department Stores National Bank will report forgiveness of debt as required by IRS regulations" does *not* suggest that ARS *will* file *any form*, let alone a 1099C form.  Instead, the Letter merely notified Bautz that some action (but maybe none at all) *may* be taken, *if* required by the IRS regulations. As a matter of law, the Complaint fails to state that the Letter threatens, misrepresents or misleads the least sophisticated consumer.

We are available at the Court's convenience to discuss ARS's anticipated motion, and respectfully request that the Court calendar a pre-motion conference and/or a briefing schedule.  We are most appreciative for Your Honor's consideration.

               Respectfully Submitted,

               */s/ Peter G. Siachos*

               PETER G. SIACHOS

cc: Gus Michael Farinella, Esq. – counsel for Plaintiff (via ECF)