LAW OFFICES OF
GUS MICHAEL FARINELLA PC
110 Jericho Turnpike – Suite 100
Floral Park, New York 11001
Telephone 516-326-2211
Facsimile 516-305-5566

Gus Michael Farinella                                                                                                                      Ryan L. Gentile
Admitted NY & DC                                                                                                                       Admitted NY & NJ

May 13, 2016

**VIA ECF**

Hon. Joseph F. Bianco
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

       Re:     Bautz v ARS National Services, Inc.
                   Civil Action No. 2:16-cv-00768-JFB-SIL

Dear Judge Bianco:

       I am the counsel of record for the Plaintiff Virginia T. Bautz ("Plaintiff"). I write pursuant to your Honor's Individual Rule III. A in response to ARS National Services, Inc.'s ("ARS" or "Defendant") letter requesting a pre-motion conference to enable ARS to file a motion to dismiss the complaint. It is respectfully submitted that ARS's bases for their anticipated motion are unsupported by the facts and applicable case law.

       The letter attached as Exhibit A to the Plaintiff's complaint states in relevant part: "Department Stores National Bank **will** report forgiveness of debt **as required by** IRS regulations." (Emphasis Added)  Hereafter, Department Stores National Bank shall be referred to as ("DSNB"). As stated in more detail in the Complaint and below this statement is not true and is a violation of 15 U.S.C. 1692e(2) and 1692e(10).

       26 U.S.C. § 6050P requires any applicable entity discharging (in whole or part) any person's debt during any calendar year to make a return setting forth certain information about the individual and the discharge, unless the discharge is for less than $600.00. 26 U.S.C. 6050P(a)-(b). Defendant's statement that "Department Stores National Bank will report forgiveness of debt as required by IRS regulations" is not true because IRS regulations to not require DSNB to report forgiveness of debt in the Plaintiff's matter and therefore DSNB would not report the forgiveness of debt had the Plaintiff taken the settlement offer in ARS's letter.

       The statement in ARS's letter is similar to the statement made in <u>Kaff v. Nationwide Credit Inc.</u>, 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J.) only the statement made by ARS is even more deceptive and confusing to a least sophisticated consumer. In <u>Kaff</u> the letter from Nationwide read "American Express is

1

required to file a form 1099C with the Internal Revenue Service for any canceled debt of $600 or more." The Kaff Court found the language in Nationwide's letter to be a false statement because American Express is not required to file a 1099C for cancelled debt of $600 or more because there are exceptions to the rule that cancelled debt of $600 or more must be reported to the IRS. The Kaff Court further went on to find that a least sophisticated consumer could be mislead by the statement made by Nationwide, and that the statement was material.

What makes ARS's language even more deceptive and confusing to a least sophisticated consumer than Nationwide's language in Kaff is that ARS's language does not state that DSNB will report forgiveness of debt only if the debt forgiven is $600 or more.  The language in ARS's letter states DSNB will report forgiveness of debt and makes no mention of any dollar amount of $600 or more. The language used by ARS would lead a consumer to believe that DSNB will report any forgiveness of debt, without regard to the dollar amount forgiven, and not only forgiveness of debt over $600.

A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate. Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). In determining whether a collection letter violates the FDCPA, courts utilize an objective standard based on the "least sophisticated consumer." Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85, 90 (2d Cir. 2008); Clomon, 988 F.2d at 1318. This standard "serves [a] dual purpose: it (1) ensures the protection of all consumers, even the naïve and trusting, against deceptive debt collection practices, and (2) protects debt collectors against liability for bizarre or idiosyncratic interpretations of collection notices." Clomon, 988 F.2d at 1320

The statement in ARS's letter would lead a least sophisticated consumer to believe that she would have to pay the entire balance that ARS is seeking to collect in order to avoid IRS reporting. The statement could easily lead a least sophisticated consumer into believing that unless she pays the entire balance ARS is seeking than there could be issues with the IRS. The least sophisticated consumer, afraid of an audit, may be pressured by a misstatement such as the one made by ARS into paying the full balance of her alleged debt to avoid the risk of triggering an IRS audit. ARS's collection letter misled the Plaintiff into believing that she had to pay the entire balance of the DSNB debt or else she might face potential tax consequences. Thus, the statement improperly increased collections by falsely representing the law in violation of 15 U.S.C. §1692e(10).

The language in the letter is clear and unequivocal. The letter communicates that any forgiveness of debt will be reported to the IRS because the IRS guidelines require all forgiveness of debt to be reported. Bautz's interpretation of the statement from the perspective of the least sophisticated consumer is not bizarre or idiosyncratic. The least sophisticated debtor would be misled when reading the letter from ARS into thinking that there will be adverse tax consequences for settling a debt for less than the total amount due. The least sophisticated consumer would believe when reading ARS letter that any amount of debt that is forgiven would be reported to the IRS because the law requires it.

It would not be bizarre or idiosyncratic for the least sophisticated debtor to believe that the invocation of the IRS reasonably suggests that he or she could get in trouble with the IRS for obtaining any debt forgiveness. The least sophisticated debtor could reasonably assume that ARS included the statement because it was relevant, and such a debtor could believe, that the action she chooses to take with respect to the debt will trigger tax consequences or reporting requirements.

Defendant argues that "[t]he Letter merely notifies Bautz that some action (but maybe none at all) <u>may</u> be taken, <u>if</u> required by the IRS regulations." (emphasis in original) Defendant's argument is incorrect because their argument is premised on language that the ARS letter does not state. In making the above argument in their pre-motion letter the Defendant has changed the wording of ARS's letter and emphasized the changed language in order to enhance their argument. The language the Defendant emphasized in their above argument simply does not exist in ARS's letter. If the letter attached as Exhibit A to the Plaintiff's Complaint had stated something to the effect of, "Department Stores National Bank <u>may</u> report forgiveness of debt <u>if</u> required by IRS regulations" then Defendant's argument would hold water. However, the letter uses the word "will" instead of "may" and "as required by" instead of "if required by". These definite terms ("will" and "as required by") make it clear that Plaintiff's interpretation of the letter is the correct one. The letter does not say DSNB may report forgiveness of debt, the letter is clear and states that DSNB will report forgiveness of debt.

The letter is clear and a reading of the letter from the standpoint of a sophisticated consumer let alone a least sophisticated clearly implies that any forgiveness of debt, without regard to the amount, will be reported to the IRS because IRS regulations require any forgiveness of debt to be reported. This reading is not a bizarre or idiosyncratic interpretation of the letter and is an interpretation that is clear based on the language used in the letter.

The statement used in ARS's letter clearly would lead a least sophisticated consumer to be deceived into thinking that Department Stores National Bank must or will report settlement amounts to the IRS, even when it does not intend to, or would not be required to, under the relevant statute and regulations. Previous Courts have found language less confusing and deceptive than the language in ARS's letter to violate the FDCPA. See <u>Velez v. Enhanced Recovery Company, LLC</u> 2016 WL 1730721 (E.D. Penn. May 2, 2016); <u>Kaff v. Nationwide Credit, Inc</u>., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015); and <u>Good v. Nationwide Credit, Inc</u>., 55 F. Supp 3d 742 (E.D. Pa. Oct, 24, 2014).

In view of all the foregoing, the Court should deny Defendant's request for leave to file a motion to dismiss.

Sincerely,

<u>/s/ Gus Michael Farinella</u>
Gus Michael Farinella, Esq.

3