## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Virginia T. Bautz, on behalf of herself and all others similarly situated,<br><br>            Plaintiff,<br><br>   -against-<br><br>ARS National Services, Inc.,<br>            Defendant. | Civil Action No: 2:16-cv-00768-JFB-SIL |

## DEFENDANT ARS NATIONAL SERVICES, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**GORDON & REES LLP**
18 Columbia Turnpike, Suite 220
Florham Park, New Jersey 07932
Tel: (973) 549-2500
Fax: (973) 377-1911
E-mail: psiachos@gordonrees.com
*Attorneys for Defendant ARS National Services, Inc.*

*Of Counsel and on the Brief:*
  Peter G. Siachos, Esq.
  Yevgeny Roymisher, Esq.

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 3

POINT I
    STANDARD OF REVIEW ............................................................................................ 4

POINT II
    THE LEAST SOPHISTICATED CONSUMER STANDARD................................................ 5

POINT III
    THE LETTER IS NOT FALSE, DECEPTIVE OR MISLEADING ....................................... 6

POINT IV
    PLAINTIFF IS UNABLE TO PLEAD A 1692E(10) CAUSE OF ACTION ........................ 15

POINT V
    THE CONTESTED STATEMENT CANNOT  MISLEAD
    BECAUSE IT IS NOT MATERIAL ............................................................................... 16

CONCLUSION.................................................................................................................. 18

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                    <u>Page(s)</u>

*Akoundi v. FMS, Inc.*,
   14-CV-366 (RWS), 2014 WL 6603916, at *1 (S.D.N.Y. Nov. 14, 2014) ........................... 5

*Alexander v. Bd. of Educ. of City Sch. Dist. of New York*,
   14-CV-8553 (RWS), 2015 WL 2330126, at *2 (S.D.N.Y. May 14, 2015) ......................... 5

*Arista Records LLC v. Doe 3*,
   604 F.3d 110, 120 (2d Cir. 2010) ...................................................................... 5

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937, 1950 (2009) .......................................................................... 4

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544, 555 (2007) ............................................................................... 4

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147, 153 (2d Cir. 2002) ...................................................................... 5

*Christman v. United States*,
   110 Fed. Cl. 1, 8 (Fed. Cl. 2013) .................................................................... 17

*Clomon v. Jackson*,
   988 F.2d 1314, 1319 (2d Cir. 1993) ................................................................. 6

*DiMatteo v. Sweeney, Gallo, Reich & Bolz, L.L.P.*,
   619 F. App'x 7, 9 (2d Cir. 2015) ..................................................................... 7

*Doherty v. Citibank (S. Dakota) N.A.*,
   375 F. Supp. 2d 158, 161 (E.D.N.Y. 2005) ..................................................... 4

*Elmore v. Northeast Fla. Credit Bureau, Inc.*,
   2011 U.S. Dist. LEXIS 109981, *10-11, 2011 WL 4480419 (M.D. Fla. Sept. 27, 2011) ... 12

*Gargiulo v. Forster & Garbus Esqs.*,
   651 F. Supp. 2d 188, 191 (S.D.N.Y. 2009) ....................................................... 7

*Ghulyani v. Stephens & Michaels Assocs., Inc.*,
   No. 15-CV-5191, 2015 U.S. Dist. LEXIS 145424, 2015 WL 6503849, at *2 (S.D.N.Y. Oct. 26, 2015) ........................................................................................................ 7

*Golubeva v. GC Servs., Ltd. P'ship*,
   767 F. Supp. 2d 369, 372-373, 2010 U.S. Dist. LEXIS 141874, *10-12 (E.D.N.Y. 2010) . 13

*Good v. Nationwide Credit, Inc.*,
55 F. Supp 3d 742 (E.D. Pa. Oct, 24, 2014) ................................................................. passim

*Greco v. Trauner, Cohen & Thomas, L.L.P.*,
412 F.3d 360, 363 (2d Cir. 2005) ............................................................................... 3

*Gutierrez v. GC Servs. L.P.*,
No. 09-CV-4606 (JBW), 2010 U.S. Dist. LEXIS 88833, 2010 WL 3417842, at *2
(E.D.N.Y. Aug. 27, 2010) ...................................................................................... 6

*Hahn v. Triumph P'ships LLC*,
557 F.3d 755, 2009 WL 529562, at *2 (7th Cir. 2009) ...................................................... 16

*Hasbrouck v. Arrow Fin. Servs. LLC*,
2011 U.S. Dist. LEXIS 53928, *11-12, 2011 WL 1899250 (N.D.N.Y May 19, 2011) ....... 16

*Herzlinger v. Nichter*,
No. 7:09-CV-00192, 2011 WL 1434609, at *6 (S.D.N.Y. Feb. 9, 2011) .......................... 15

*Jacobson v. Healthcare Fin. Servs.*,
434 F. Supp. 2d 133, 138, 2006 U.S. Dist. LEXIS 36361, *11-12 (E.D.N.Y. 2006) ......... 14

*Jacobson v. Healthcare Fin. Servs., Inc.*,
516 F.3d 85, 90 (2d Cir. 2008) ............................................................................... 6

*Kaff v. Nationwide Credit, Inc.*,
1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) .................................................... passim

*Kapeluschnik v. LeSchack & Grodensky, P.C.*,
96 CV-2399, 1999 WL 33973360, at *9-10 (E.D.N.Y. Aug. 26, 1999) ............................ 15

*Lanfranco v. Chase Bank*,
14-CV-6778 (PKC), 2015 WL 2452602, at *1 (E.D.N.Y. May 21, 2015) ......................... 5

*Lerner v. Forster*,
240 F. Supp. 2d 233, 237 (E.D.N.Y. 2003) ................................................................. 5

*Luna v. N. Babylon Teacher's Org.*,
13-CV-6308 (ADS) (WDW), 2014 WL 1378816, at *3 (E.D.N.Y. Apr. 7, 2014) ............... 5

*Majerowitz v. Stephen Einstein & Assocs., P.C.*,
2013 U.S. Dist. LEXIS 115664, *14, 2013 WL 4432240 (E.D.N.Y. Aug. 15, 2013). ........ 15

*Marrin v. Comm'r of Internal Revenue*,
147 F.3d 147, 152–53 (2d Cir. 1998) ......................................................................... 17

*McMahan v. Comm'r of Internal Revenue*,
114 F.3d 366, 369 (2d Cir. 1997) ............................................................................. 17

*Miller v. Javitch, Block & Rathbone,*
    561 F.3d 588, 596 -97 (6th Cir. 2009)..................................................... 16

*O'Rourke v. Palisades Acquisition XVI, LLC,*
    635 F.3d 938, 942 (7th Cir. 2011) .......................................................... 16

*Oscar v. Prof'l Claims Bureau, Inc.,*
    2012 U.S. Dist. LEXIS 86489, *2, 2012 WL 2367128 (E.D.N.Y. June 1, 2012)............... 13

*Rhone v. Allianceone Receivables Mgmt., Inc.,*
    2015 U.S. Dist. LEXIS 106186, *12-13 (S.D. Ind. Aug. 12, 2015).................................... 11

*Rogers v. Capital One Servs., LLC,*
    447 F. App'x 246, 248 (2d Cir. 2011) ..................................................................... 7

*Russell v. Equifax,*
    74 F.3d 30, 34 (2d Cir. 1996) ..................................................................... 5

*Savino v. Computer Credit, Inc.,*
    164 F.3d 81, 85 (2d Cir. 1998) ..................................................................... 6

*Shapiro v. Dun & Bradstreet Receivable Mgmt. Services, Inc.,*
    209 F. Supp. 2d 330, 332 (S.D.N.Y. 2002) ................................................. 5

*Strobel v. RJM Acquisitions LLC,*
    No. 13–CV–2467, 2014 WL 507510, at *3 (E.D.N.Y. Feb. 6, 2014)................................. 17

*Watts v. State of Ind.,*
    338 U.S. 49, 52, 69 S. Ct. 1347, 93 L. Ed. 1801 (1949) ........................................ 14

*Wyler v. Computer Credit, Inc.,*
    04-CV-2762 (CLP), 2006 WL 2299413, at *6 (E.D.N.Y. Mar. 3, 2006) ........................... 6

**Statutes/Rules**                                                          **Page(s)**

26 C.F.R. § 1.6050P–1(d) ........................................................................ 9

28 U.S.C. §§ 1692 .......................................................................... passim

Fed.R.Civ.P. 12(b)(6)........................................................................ 16

## PRELIMINARY STATEMENT

ARS National Services, Inc. ("ARS") submits this Memorandum of Law in support of its Motion to Dismiss the Complaint of Plaintiff Virginia T. Bautz ("Plaintiff") with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff brings this putative class action against ARS pursuant to the Fair Debt Collection Practices Act ("FDCPA") alleging that ARS, a debt collector, sent her a dunning letter that allegedly violates the FDCPA (the "Letter"). *See* Certification of Peter G. Siachos, Esq. dated June 2, 2016 ("Siachos Cert."), Complaint, **Exhibit A**, ¶ 24. The crux of this case is a single sentence in the Letter, which states that the creditor, Department Stores National Bank ("DSNB"), "will report forgiveness of debt as required by IRS regulations." *Id*. Plaintiff claims that this sentence is false, deceptive, or misleading in violation of FDCPA sections 1692e, 1692e(2) & 1692e(10). It is not. The motion should be granted because the challenged statement is not deceptive, misleading, or material, and Plaintiff fails to state a cause of action within the ambit of the FDCPA.

Unfortunately, this putative class action arises from Plaintiff's desire to avoid paying the amount she owes on a credit card issued by DSNB with a balance of $849.35 (the "Debt"). Rather than fulfill her obligation, Plaintiff seek to profit from her delinquency by attacking accurate statements made by ARS during its efforts to collect after her default. In so doing, Plaintiff claims that ARS's statement that it will comply with federal law and Internal Revenue Service ("IRS") regulations is a misleading and deceptive practice. The Letter, and more specifically, the language Plaintiff finds offensive, is not false, deceptive or misleading. In fact, nothing in the Letter is false, deceptive or misleading. The Letter clearly and accurately states that the amount of the debt is $849.35. As an accommodation to Plaintiff, the Letter offers to nearly cut the Debt in half and offers a settlement in the amount of $467.15 to be paid by February 4, 2016. *Id*. The Letter requests that Plaintiff contact ARS to discuss alternative

rrangements if Plaintiff is unable to pay the drastically discounted payoff amount by the designated date. *Id*.  The Letter then informs Plaintiff that "Department Stores National Bank will report forgiveness of debt as required by IRS regulations." *Id*.  Contrary to the allegations of Plaintiff's Complaint, the Letter, which is attached to the Complaint, makes absolutely no reference to IRS Form 1099C. *Siachos Cert.*, **Exhibit A**, Complaint ¶¶ 40-41.  Likewise, the Letter *does not* reference when and how forgiveness of the debt must be reported to the IRS, *i.e.,* when the forgiveness exceeds $600, subject to certain exceptions.  Plaintiff claims that ARS's actions violate the FDCPA because ARS purportedly used the threatened filing of the form 1099C to somehow mislead or deceive Plaintiff.  This is a stretch, at best.  The text of the Letter belies Plaintiff's allegations, and, as such, Plaintiff simply cannot state a plausible cause of action for violation of the FDCPA.

Plaintiff's FDCPA claims suffer from terminal pleading defects because as a matter of law, the challenged statement may not be a predicate for an FDCPA violation.  Plaintiff's Complaint fails to plausibly allege that the Letter misrepresents the amount of the Debt, falsely represents the compensation which ARS may receive, or is a false or deceptive representation. 28 U.S.C. §§ 1692e(2)(A); 1692e(2)(B); 1692e(10).  Plaintiff seeks to transform the challenged statement into an express threat that ARS will file form 1099C regardless of Plaintiff's actions and regardless of ARS's and DSNB's IRS regulatory responsibilities. This argument is belied by the clear and unambiguous language of the Letter itself, which does not mention 1099C or any other specific forms.

Controlling precedent requires the Court to assess the Letter according to the least sophisticated debtor standard.  The application of the "least sophisticated consumer" standard is "an objective analysis that seeks to protect the naive from abusive practices, while

simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters." *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005). The "least sophisticated consumer" standard does not support Plaintiff's strained, abstract interpretation that the Letter constitutes false, deceptive or misleading statements in violation of § 1692e.

Moreover, Plaintiff's Complaint fails to plausibly state a cause of action under the FDCPA because the challenged sentence is not material. A statement cannot mislead unless it is material, so even a false but non-material statement is not actionable. Of course, the statement here is not false in that DSNB and ARS merely states in the Letter that they will comply with the law. To be blunt, an allegation that such a representation is false and/or material is not founded in fact, law, or reality.

Notably, the Complaint offers no details regarding the origin of the Debt, let alone a denial that Plaintiff owes the amount demanded. Despite presenting a wholly untenable claim, Plaintiff seeks to certify a class of similarly situated individuals in the State of New York who received like correspondence from ARS from February 15, 2015 through February 15, 2016. Without a violation of the FDCPA, however, the issue of class certification is moot.

## STATEMENT OF FACTS

In the Complaint filed on February 15, 2016, Plaintiff alleges that she received a "communication" from ARS, in the form of the Letter, concerning her delinquency in remitting payment on the Debt originating from a DSNB credit card. *Siachos Cert.*, **Exhibit A**, Complaint ¶ 21. The Debt, which was related to a personal Macy's credit card, was past-due and was in default when placed with ARS for collection. *Id*, ¶¶ 13, 17. Plaintiff alleges that the Letter violates 15 U.S.C. § 1692e by virtue of the fact that it states that original creditor DSNB will comply with IRS regulations concerning the reporting of debt forgiveness. *Id*, ¶¶ 24, 37. The

Letter also provided Plaintiff with an offer to settle the account for the reduced amount of $467.15.  *Id.* ¶ 23.   There exist no allegations that the Debt was invalid or disputed. Furthermore, Plaintiff does not allege that the offer to settle the account is misleading or violates any law.  There is only a single cause of action for violation of the FDCPA in the Complaint, based on the language in the Letter that states "Department Stores National Bank will report forgiveness of debt as required by IRS regulations."  *Id.*, Count I and ¶¶ 37-39.

<u>**LEGAL ARGUMENT**</u>

<u>**POINT I**</u>

<u>**STANDARD OF REVIEW**</u>

Federal Rule of Civil Procedure 12(b)(6) permits a party to move to dismiss an action if the action fails to state a claim upon which relief can be granted. To survive dismissal, the cause of action must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In evaluating the sufficiency of a complaint, the Court must engage in a two-step process.  First, the court must begin by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.  Second, the court must decide whether the remaining allegations in the complaint — taken as true — state a "plausible claim for relief." *Id.* at 1950.

"In deciding a motion to dismiss under Rule 12(b)(6), a district court must accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Doherty v. Citibank (S. Dakota) N.A.*, 375 F. Supp. 2d 158, 161 (E.D.N.Y. 2005) (internal quotations and citation omitted). But, "threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Lanfranco v. Chase Bank*, 14-CV-6778 (PKC), 2015 WL 2452602, at *1 (E.D.N.Y. May 21, 2015) (*quoting Iqbal*, 556 U.S. at 678). The Court is "not bound to accept as true a legal conclusion couched as a factual allegation. *Iqbal*, 556 U.S. at 678.

And while a plaintiff is permitted to plead facts "upon information and belief," this form of pleading is allowed only where "the facts are peculiarly within the possession and control of the defendant … or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (citations omitted). These allegations "must be accompanied by a statement of the facts upon which the belief is founded." *Akoundi v. FMS, Inc.*, 14-CV-366 (RWS), 2014 WL 6603916, at *1 (S.D.N.Y. Nov. 14, 2014); *see also Alexander v. Bd. of Educ. of City Sch. Dist. of New York*, 14-CV-8553 (RWS), 2015 WL 2330126, at *2 (S.D.N.Y. May 14, 2015).

When reviewing a motion to dismiss, "the court limits its considerations to: (1) the factual allegations in the complaint; (2) documents attached to the complaint as exhibits or incorporated in it by reference; (3) matters of which judicial notice may be taken; and (4) documents that are 'integral' to the complaint." *Luna v. N. Babylon Teacher's Org.*, 13-CV-6308 (ADS) (WDW), 2014 WL 1378816, at *3 (E.D.N.Y. Apr. 7, 2014) (internal quotations omitted); *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

## POINT II

## THE LEAST SOPHISTICATED CONSUMER STANDARD

In assessing whether language used in a collection letter violates the FDCPA, courts use the objective "least sophisticated consumer" standard. *Lerner v. Forster*, 240 F. Supp. 2d 233, 237 (E.D.N.Y. 2003) (citing *Russell v. Equifax*, 74 F.3d 30, 34 (2d Cir. 1996)); *Shapiro v. Dun & Bradstreet Receivable Mgmt. Services, Inc.*, 209 F. Supp. 2d 330, 332 (S.D.N.Y. 2002). An individual without "even the sophistication of the average, every day, common consumer"

should be able to understand the language of the notice he or she receives. *Russell*, 74 F.3d at 34. But while the least sophisticated consumer standard is intended to protect "the naïve and the credulous" from abuse, courts applying the standard have "carefully preserved the concept of reasonableness." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). "Even the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Wyler v. Computer Credit, Inc.*, 04-CV-2762 (CLP), 2006 WL 2299413, at *6 (E.D.N.Y. Mar. 3, 2006).

The Second Circuit determines violations of the FDCPA "objectively from the viewpoint of the 'least sophisticated consumer.'" *Gutierrez v. GC Servs. L.P.*, No. 09-CV-4606 (JBW), 2010 U.S. Dist. LEXIS 88833, 2010 WL 3417842, at *2 (E.D.N.Y. Aug. 27, 2010) *aff'd* 430 Fed.Appx. 8 (2d Cir. 2011) (*quoting Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998)). This standard was enacted to protect "the gullible as well as the shrewd." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008). Because this standard is objective, however, it also protects "debt collectors from unreasonable constructions of their communications." *Id*. Thus, "[e]ven in crafting a norm that protects the naive and the credulous, we have carefully preserved the concept of reasonableness." *Id*. (internal quotations omitted).

## POINT III

## THE LETTER IS NOT FALSE, DECEPTIVE OR MISLEADING

Congress' intent in enacting the FDCPA was to protect consumers without imposing unnecessary restrictions on ethical debt collectors. S. Rep. No. 95-382, 95th Cong., 1st Sess. 1 (1977). The FDCPA prohibits a debt collector from using any "false, deceptive, or misleading representation" to collect a debt. 15 U.S.C. § 1692e. Specifically, a debt collector may not falsely represent "the character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A), "compensation which may be lawfully received by any debt collector for the collection of a

- 6 -

debt," 15 U.S.C. § 1692e(2)(B), or "use any false representation or deceptive means to . . . attempt to collect any debt." 15 U.S.C. § 1692e(10). The Complaint alleges that ARS' attempt to collect the Debt was misleading because ARS stated DSNB would comply with federal law and IRS regulations. *See Siachos Cert.*, Exhibit A, Complaint ¶¶ 24, 37. Plaintiff avers that ARS misrepresents that all debt forgiveness is reportable to the IRS. *Id*, ¶ 38. This allegation is belied by the plain language of the Letter, which states conditionally that DSNB will report debt forgiveness "as required by IRS regulations." *Id*, ¶¶ 24, 37.

"[C]ollection communications can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *DiMatteo v. Sweeney, Gallo, Reich & Bolz, L.L.P.*, 619 F. App'x 7, 9 (2d Cir. 2015). "When a statement is susceptible [to] only one reasonable interpretation, the court should determine whether that interpretation is false in violation of section 1692e(10), ignoring any unreasonable interpretations." *Ghulyani v. Stephens & Michaels Assocs., Inc.*, No. 15-CV-5191, 2015 U.S. Dist. LEXIS 145424, 2015 WL 6503849, at *2 (S.D.N.Y. Oct. 26, 2015) (citation omitted); *see also Rogers v. Capital One Servs., LLC*, 447 F. App'x 246, 248 (2d Cir. 2011) (finding that plaintiff failed to state a claim pursuant to section 1692e(10) where the letter allegedly "used attractive repayment terms to 'lure' consumers into negotiations" because plaintiff did not allege that "the repayment offer was not as represented"); *Gargiulo v. Forster & Garbus Esqs.*, 651 F. Supp. 2d 188, 191 (S.D.N.Y. 2009) (finding that a plaintiff failed to state a claim under section 1692e where the facts were "too speculative to infer" that a statement was false). The contested sentence in the Letter can only be reasonably interpreted one way: DSNB will report debt forgiveness conditionally as it is required to do so under IRS regulations. The sentence is not false or misleading; the least sophisticated consumer would take the sentence to mean that *if* IRS regulations require reporting of the

- 7 -

forgiven debt, then the forgiveness *may* be reported to the IRS.

In the Complaint, Plaintiff relies on an unpublished decision *Kaff v. Nationwide Credit, Inc.*, 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) (Towns, J.) and *Good v. Nationwide Credit, Inc.*, 55 F. Supp 3d 742 (E.D. Pa. Oct, 24, 2014) for the proposition that the sentence that a creditor "will report forgiveness of debt as required by IRS regulations" is sufficient to plead a claim under the FDCPA. Plaintiff mischaracterizes the law and the facts of both *Kaff* and *Good*.

In *Kaff*, defendant Nationwide Credit sent a dunning letter which stated that "American Express [original creditor] is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions." *Id.* at 1:13-cv-05413, No. 32, p. 3. The *Kaff* debtor owed $2,000 in principal and $382 in interest. *Id.* The *Kaff* Court held that the explicit representation that debt forgiveness in excess of $600 would requiring the filing of a a Form 1099C was material and not "strictly true" because it "failed to apprise debtors that possible exceptions could apply to the creditor's mandatory reporting requirement, such as exceptions for interest and other non-principal debts." *Id.* at p. 9. The Court held that since only the *principal* portion of discharged debt had to be reported to the IRS, then the lack of specification of those exceptions in the letter meant the debtor would pay more of the outstanding debt amount to get under the reporting requirement, i.e. pay $1,782 (principal and interest) to bring the debt down to $599 instead of paying $1,400 (principal). *Id.* In *Kaff*, it was invoking the specific 1099C form which was actionable under the FDCPA because the least sophisticated consumer, afraid of an audit, may be pressured by a misstatement such as the one made by Nationwide into paying more of his debt to avoid the risk of triggering an IRS audit. *Kaff,* 1:13-cv-05413, No. 32, p. 14 at fn. 5. Here, Plaintiff cannot allege how the Letter gave her the impression that ARS stated it would file the 1099C form in

particular.  The Letter did not make any representations regarding Form 1099C, nor did it make any representations, material or otherwise, regarding when and how debt forgiveness would be reported.

In *Good*, the Eastern District of Pennsylvania held that the same 1099C language as in *Kaff* violated FDCPA 1692e because the 1099C regulations contained exceptions that should have been enumerated. *Good*, 55 F. Supp. 3d at 744. The Court held that invoking the specific language of the 1099C requirement related to creditors' requirement to report any cancelled debt of more than $600 to the IRS was deceptive or misleading since the least sophisticated debtor might reasonably believe that creditors would not would refuse to forgive a debt greater than $600. *Id.* 55 F. Supp. 3d at 747-749. Therefore, the Court held actionable the language in a communication sent to a debtor specifically referencing 1099C that did not properly record the applicable exceptions under 26 C.F.R. § 1.6050P–1(d), and the eight types of qualifying identifiable events under § 1.6050P–1(b)(2). *Id.* 55 F. Supp. 3d at 747. The *Good* Court also recognized that the statement would not be cured by inserting complicated regulations; instead, it need only raise the debtor's awareness that potentially applicable exceptions exist. *Id.* 55 F. Supp. 3d at 748. Indeed, the *Good* and *Kaff* Courts held that a statement to a debtor which states that the creditor may be required to file a form with the IRS would not run afoul of the FCPA. *Good*, 55 F. Supp. 3d at 748, fn.3; *Kaff,* 1:13-cv-05413, No. 32, p. 14 at fn. 5. Therefore, *Kaff* and *Good* are not authority to sustain the Complaint; in fact, they are cases which hold that Plaintiff's allegations are not actionable under the FDCPA.

The misrepresentation identified in *Kaff* and *Good* (citing the 1099C reporting requirement for forgiveness of $600 or more without referencing the exceptions to the requirement) is wholly absent from the Letter.  It was the explicit reference to 1099C and the

omission of its attendant regulatory exceptions which the *Kaff* and *Good* Courts found to plausibly state a FDCPA violation. The Letter at issue is easily distinguishable from the offending letters in *Kaff* and *Good* by the sentence cited in Plaintiff's Complaint, which merely states that ARS and DSNB will comply with IRS regulations as required by law. *Siachos Cert.*, **Exhibit A**, Complaint ¶¶ 24, 37.   Plaintiff extrapolates from this innocuous statement the allegation that ARS stated it would file a 1099C form. The Plaintiff's conjecture is not enough to sustain an FDCPA violation cause of action; the Letter is silent as to form 1099C.

Plaintiff's Complaint makes an additional illogical leap by alleging that the sentence is a false statement because a 1099C form (which is not even referenced in the Letter) would not need to be filed if Plaintiff accepted the settlement amount of $467.15 offered by ARS in the Letter in lieu of the $849.35 principal Debt amount. *Id.*, ¶¶ 22, 23, 36. The Plaintiff's Complaint cannot go forward based on threadbare recitations of the FDCPA and pure conjecture.

In the Plaintiff's response to ARS' letter motion for pre-motion conference (ECF No. 10), Plaintiff cites *Velez v. Enhanced Recovery Co., LLC*, 2016 U.S. Dist. LEXIS 57832, *9 (E.D. Pa. May 2, 2016). However, the *Velez* Court, relying on *Good* and *Kaff* made it clear that a statement that specifically references form 1099C is violative of the FDCPA if it fails to apprise the debtor of the 1099C exceptions. *Id.*, 2016 U.S. Dist. LEXIS 57832 at *9. Here, the Letter is silent as to 1099C and, therefore, no requirement to enumerate the applicable exceptions is triggered. Plaintiff has failed to allege what in the Letter explicitly mentions form 1099C or even evokes that specific regulatory form. Plaintiff's attempts to create a convoluted universe of liability from the clear and unambiguous statement that DSNB and ARS may report forgiveness of Plaintiff's Debt if required by federal law is fatally deficient.

In a case that is instructive here, *Rhone v. Allianceone Receivables Mgmt., Inc.*, 2015

U.S. Dist. LEXIS 106186, *12-13 (S.D. Ind. Aug. 12, 2015), the Court dismissed the Complaint as failing to plead a cause of action. The plaintiff *Rhone* alleged that the sentence "Please be advised that any settlement write-off of $600 or more may be reported to the Internal Revenue Service by our client. For additional information contact your tax professional" violated 15 U.S.C. § 1692e. *Id.* at 2015 U.S. Dist. LEXIS 106186, *3.  Plaintiff alleged that this sentence "falsely and deceptively implies to the 'unsophisticated consumer' that the consumer will have to pay taxes on any forgiven debt that is comprised of interest as opposed to principal." *Id.* at 2015 U.S. Dist. LEXIS 106186, *5.  The *Rhone* Court rejected plaintiff's arguments, holding that the *"*juxtaposition of an unconditional term — "any settlement write-off" — with a conditional term — "may be reported to the Internal Revenue Service" — may be poor phrasing, but misleading or deceptive it is not." *Id.* at 2015 U.S. Dist. LEXIS 106186, *13.

Similarly, Plaintiff Bautz attempts to conflate the unconditional term "will report" with a conditional term "as required by IRS regulations" in an attempt to deflect from her obligation to pay her Debt. Plaintiff seeks to profit from her delinquency by attacking accurate statements made by ARS during its efforts to collect after Plaintiff's default. Plaintiff's claims fail as a matter of law. Plaintiff fails to allege with any plausibility what about the Letter might be misleading. The disputed language openly notes that it will report debt forgiveness *as required by IRS regulations*. There is no other reasonable interpretation of the contested sentence.

The Court in *Rhone* distinguished the language in the letter at issue in *Good.* In *Good*, the language that the defendant "is required to file form 1099C" was "unequivocal but the regulations contain exceptions" whereas the *Rhone* letter was distinguishable in that it was qualified and not definitive. ("any settlement write-off of $600 or more *may* be reported to the Internal Revenue Service by our client"). *Id.* at 2015 U.S. Dist. LEXIS 106186, *13.  The Letter

at issue before the Court is closer on the FDCPA liability spectrum to *Rhone* than to *Good*. There is conditional language in the Letter that ARS will only report to the IRS if it is required to do so by IRS regulations. To read an unconditional statement of intent would be an exercise in conjecture and tortured logic and outside of the ambit of the FDCPA.

In another recent decision concerning the interplay between the FDCPA and language concerning IRS reporting, *Elmore v. Northeast Fla. Credit Bureau, Inc.*, 2011 U.S. Dist. LEXIS 109981, *10-11, 2011 WL 4480419 (M.D. Fla. Sept. 27, 2011) – a case where the correspondence to the debtor stated "If you do not pay, we may at our discretion file form 1099C with the IRS" – the Court at trial found that sentence did not violate the FDCPA. The *Elmore* Court held that this language does not suggest that the debt collector will file the form, but instead, it merely notifies the debtor that such action, at the debt collector's discretion, may be taken. *Id.* at 2011 U.S. Dist. LEXIS 109981, *10-11.

Like in *Elmore*, the Letter in issue does not violate the FDCPA because it does not imply that reporting to the IRS will be performed *unless required by IRS regulations*. At DSNB's discretion, it will report forgiveness of debt to the IRS. This discretion depends on numerous factors, such as whether DSNB elects to forgive the entire amount of the Debt, whether Plaintiff elects to pay the proffered settlement amount in the Letter or a smaller portion of her Debt for which debt forgiveness may be required. The decision is Plaintiff's; her fate rests in her hands. What she elects to do *may* trigger an obligation by DSNB to report to the IRS, depending on whether or not IRS regulations require reporting. The Letter could not be clearer on this point.

Significantly, the Letter does not contain any threatening language, let alone imply that ARS will file the 1099C form. Insofar as specific forms are concerned, the Letter is silent. Plaintiff urges a strained and unreasonable interpretation of the Letter in her allegations in the

Complaint, which is fatally devoid of any allegation that Defendant used "false representation or deceptive means to . . . attempt to collect any debt" in violation of 15 U.S.C. § 1692e(10).

In *Golubeva v. GC Servs., Ltd. P'ship*, 767 F. Supp. 2d 369, 372-373, 2010 U.S. Dist. LEXIS 141874, *10-12 (E.D.N.Y. 2010), the Eastern District of New York held that a plaintiff debtor's complaint failed to assert a viable § 1692e(10) violation claim because the defendant debt collector communication did not put a time limitation on the settlement offer. Plaintiff *Golubeva* argued that the letter sent by defendant GC Servs. misleads the least sophisticated consumer if there is no expiration date for the settlement offer. The Court rejected this argument, finding that "Plaintiff is essentially seeking to use defendant's attempts at full disclosure against it, by grasping at straws to find any possible language that could be "confusing" and arguing that it as an FDCPA violation." *Golubeva*, 767 F. Supp. 2d at 372-373. Similarly, Plaintiff Bautz is attempting to use ARS' attempts at full disclosure of possible IRS reporting obligations against it, by grasping at straws to find any possible language that could be confusing. The Letter at issue, like the letter in *Golubeva,* does not violate the FDCPA; no matter how much the plaintiff attempts to twist the words in the Letter – it does not refer to the specific form 1099C repeatedly cited in the Complaint. *Siachos Cert.*, Exhibit A, Complaint ¶¶ 40-41. The Letter merely states that DSNB will follow federal law. Such a simple declaration is not deceptive or misleading, even to the least sophisticated consumer.

In *Oscar v. Prof'l Claims Bureau, Inc.*, 2012 U.S. Dist. LEXIS 86489, *2, 2012 WL 2367128 (E.D.N.Y. June 1, 2012), this Court held that the statement "Payment is expected within 10 Days of this notice. If this account is not resolved, we will assume that you have no intention of settling this outstanding debt and will notify our client of this" neither violates the FDCPA nor satisfies the *Iqbal/Twombly* standard because it does not "explain how the statement was

'misleading' or 'deceptive' and was conclusory. Like in *Oscar*, the Plaintiff's allegations herein

are also conclusory and unable to satisfy the *Iqbal/Twombly* standard: the Letter is wholly devoid

of a reference to 1099C requirements, (i.e. the $600 amount threshold). Plaintiff bases her

allegations on statements never made. Therefore, the Complaint's allegations concerning the

Letter contain only a "[t]hreadbare recital[] of the elements of a cause of action, supported by

mere conclusory statements." *Iqbal*, 556 U.S. at 678. Plaintiff's claims do not fall within the

ambit of the FDCPA and allowing the case to move forward with fatally deficient pleadings only

encourages further frivolous lawsuits.

This Court has warned about the irony of allowing plaintiffs with frivolous lawsuits to

proceed with their actions: "the inescapable inference is that the judicially developed standards

have enabled a class of professional plaintiffs." *Jacobson v. Healthcare Fin. Servs.*, 434 F. Supp.

2d 133, 138, 2006 U.S. Dist. LEXIS 36361, *11-12 (E.D.N.Y. 2006). Indeed, allowing claims

such as the instant Complaint by Plaintiff against ARS – an entity which wrote a dunning letter

and which informed Plaintiff that DSNB may report to the IRS any debt forgiveness mandated

by federal law – would only spur further frivolous FDCPA lawsuits:

> It is interesting to contemplate the genesis of these suits. The
> hypothetical Mr. Least Sophisticated Consumer ("LSC") makes a
> $400 purchase. His debt remains unpaid and undisputed. He
> eventually receives a collection letter requesting payment of the
> debt which he rightfully owes. Mr. LSC, upon receiving a debt
> collection letter that contains some minute variation from the
> statute's requirements, immediately exclaims "This clearly runs
> afoul of the FDCPA!" and — rather than simply pay what he owes
> — repairs to his lawyer's office to vindicate a perceived "wrong."
> "[T]here comes a point where this Court should not be ignorant as
> judges of what we know as men." *Watts v. State of Ind.*, 338 U.S.
> 49, 52, 69 S. Ct. 1347, 93 L. Ed. 1801 (1949).

*Majerowitz v. Stephen Einstein & Assocs., P.C.*, 2013 U.S. Dist. LEXIS 115664, *14, 2013 WL

4432240 (E.D.N.Y. Aug. 15, 2013).

Plaintiff has not and cannot allege that the Letter contains misrepresentations by ARS. The Complaint is based upon a hopeless argument arising from the sentence stating that DSNB may report forgiveness of the Debt if required to do so by IRS regulations. The Complaint is woefully inadequate and should be dismissed with prejudice.

## POINT IV

## PLAINTIFF IS UNABLE TO PLEAD A 1692E(10) CAUSE OF ACTION

As shown above, Plaintiff is unable to sufficiently state a cause of action for an FDCPA violation under sections 1692e(2)(A) or 1692e(2)(B) because she has not plead that ARS misrepresented the amount of the Debt nor falsely represented the compensation which ARS may receive. Likewise, the 1692e(10) allegation must also be dismissed as a matter of law. Section 1692e(10) of the FDCPA is a 'catch-call' provision that prohibits '[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.'" *Gutierrez*, 2010 WL 3417842, at *3. Here, Plaintiff alleges that the Letter is deceptive and violates § 1692e(10) for the same reasons she alleges the Letter violates §§ 1692e and 1692e(2). *Siachos Cert.*, Exhibit A, Complaint ¶32. When an FDCPA plaintiff is unable to show how her 1692e(10) claim is any different from the other nonviable 1692e claims, and when all the claims rely upon the same alleged facts, then all the 1692e claims must suffer the same fate of dismissal. *Herzlinger v. Nichter*, No. 7:09-CV-00192, 2011 WL 1434609, at *6 (S.D.N.Y. Feb. 9, 2011), *on reconsideration in part,* No. 7:09-CV-00192, 2011 WL 1408180 (S.D.N.Y. Apr. 5, 2011); *Kapeluschnik v. LeSchack & Grodensky, P.C.*, 96 CV-2399, 1999 WL 33973360, at *9-10 (E.D.N.Y. Aug. 26, 1999).

## POINT V

## THE CONTESTED STATEMENT CANNOT
## MISLEAD BECAUSE IT IS NOT MATERIAL

Not only is the contested sentence not deceptive, false or misleading, it also fails to satisfy the materiality requirement under Second Circuit jurisprudence. A statement has to be materially false in order to mislead the "least sophisticated consumer" and sustain a Fed.R.Civ.P. 12(b)(6) motion to dismiss. *Hasbrouck v. Arrow Fin. Servs. LLC*, 2011 U.S. Dist. LEXIS 53928, *11-12, 2011 WL 1899250 (N.D.N.Y May 19, 2011) (*quoting Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 2009 WL 529562, at *2 (7th Cir. 2009) ("[a] statement cannot mislead unless it is material, so a false but non-material statement is not actionable'").In *Lane*, 767 F. Supp. 2d at 388, this Court held that a statement must be material to plead a cause of action that the statement violated section 1692e. (false statement that debt collector "is a banking corporation duly licensed, organized and existing pursuant to the laws of the United States," is immaterial); *see also Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596 -97 (6th Cir. 2009) ("Appraising the complaint in a common sense way convinces us that, just as [the plaintiff] "pretty much" understood [the] language, so too would the least-sophisticated consumer").

An immaterial statement or information does not contribute to the objective of the FDCPA nor does it undermine it. *Hahn*, 557 F.3d at 757-58. Statements are material if they influence a consumer's decision-to pay a debt or if they would impair the consumer's ability to challenge the debt. *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir. 2011). Here, Plaintiff has failed to allege how the contested sentence influenced her decision to not pay the Debt nor is it clear from the allegations in the Complaint how such a sentence could be material to her.

Plaintiff is unable to satisfy the materiality requirement to plead a cause of action under

the FDCPA by simply pointing to a sentence in the Letter that states DSNB "will report debt forgiveness as required by IRS regulations." Every taxpayer must comply with the federal tax laws, and erroneous beliefs about the law with respect to a taxpayer's obligations must be supplemented with competent advice. *Marrin v. Comm'r of Internal Revenue*, 147 F.3d 147, 152–53 (2d Cir. 1998). Thus, if a debtor does not understand the reference to IRS regulations and/or cancellation of debt, she not only should seek tax advice, she is required to do so under the law. As it cannot be disputed that the debt cancellation analysis is relevant to a debtor whether she satisfies, settles, or refuses to pay the debt in full, it plainly has a nexus to the account and is neither gratuitous nor threatening. Thus, it is not material. Every taxpayer – regardless of his level of sophistication – has a responsibility to comply with the tax laws, and erroneous beliefs regarding the tax code are required to be supplemented with competent advice. *Christman v. United States*, 110 Fed. Cl. 1, 8 (Fed. Cl. 2013) (citing *Marrin*, 147 F.3d at 152– 53); *see also McMahan v. Comm'r of Internal Revenue*, 114 F.3d 366, 369 (2d Cir. 1997) (noting reliance on a mistaken legal opinion of a competent tax adviser supplies reasonable cause for an error in filing, but "[t]he duty to file a return…is plainly placed upon the taxpayer"). Plaintiff cannot merely point to a true and accurate statement of the necessary compliance with IRS regulations and plausibly allege, without more, that the least sophisticated consumer will be confused and intimidated. Given that the challenged sentence "carries no connotation regarding the character, amount, or legal status of any debt or Plaintiff's rights regarding any such debt[,]" it is has no "relevant meaning whatsoever." *Strobel v. RJM Acquisitions LLC*, No. 13–CV–2467, 2014 WL 507510, at *3 (E.D.N.Y. Feb. 6, 2014) (finding statement in collection letter that the defendant had an "A" rating from the Better Business Bureau to be immaterial).

## <u>CONCLUSION</u>

Plaintiff's allegation that the Letter was false and misleading is patently absurd. ARS writes that DSNB will comply with federal regulations as they pertain to debt forgiveness. The applicability of those IRS regulations depend on how Plaintiff responds to the Letter - depending on whether she pays the Debt, pays a portion, or if she fails to pay and DSNB is forced to forgive the Debt – all factor into whether IRS regulations may require reporting. As stated above, Plaintiffs fail to plead one iota of fact to demonstrate that the contested sentence is false, misleading or deceptive to the least sophisticated consumer. The Complaint is nothing more than pure conjecture and hyperbole.  These allegations does not fall within the ambit of the FDCPA. The sentence is not tantamount to a false, deceptive, or misleading representation to collect the Debt, does not misrepresent the character, amount, nor does it misrepresent legal status the Debt or the compensation which ARS may be lawfully receive for the collection of the Debt. Plaintiffs' claims based on § 1692e must therefore be dismissed with prejudice.

Dated: June 2, 2016

> **GORDON & REES LLP**
> *Attorneys for Defendant ARS National Services, Inc.*
>
> By: <u>*/s/ Peter G. Siachos*</u>
>     Peter G. Siachos, Esq.
>     Yevgeny Roymisher, Esq.
>
> 18 Columbia Turnpike, Suite 220
> Florham Park, New Jersey 07932
> Telephone: (973)549-2500
> Facsimile: (973)377-1911
> Email: psiachos@gordonrees.com