UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
Virginia T. Bautz, on behalf of herself
and all others similarly situated,,

                                               Civil Action No: 2:16-cv-00768-JFB-SIL

                 Plaintiffs,

      v.

ARS National Services, Inc.,

                 Defendants.
-----------------------------------------------------X

## PLAINTIFF'S RESPONDING BRIEF
## OPPOSING DEFENDANT'S MOTION FOR DISMISSAL

Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
*Attorney for Plaintiffs*

*On the brief:*
Ryan Gentile, Esq.

TABLE OF CONTENTS……………………………………………………….……..2

TABLE OF AUTHORITIES……………………………………………………….……..3

PROCEDURAL HISTORY…………………………………………………….…….…..5

FACTS……………………………………………………………………………………5

LEGAL ARGUMENTS……………………………………………………………………6

      POINT I: LEGAL STANDARD FOR A MOTION TO DISMISS PURSUANT
           TO 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE ………6

      POINT II: THE FAIR DEBT COLLECTION PRACTICES ACT……………………...8

      POINT III: DEFENDANT'S LETTER IS FALSE, DECEPTIVE OR
           MISLEADING…………………………………………………………..10

           A. The "Least Sophisticated Consumer" Standard Applies in the
             Second Circuit………………………………………………………..10

           B. Defendant's Letter is False, Deceptive or Misleading…………………..10

             1. The IRS statement is inaccurate in law and fact – There
               are numerous exceptions to IRS reporting…………………………...12

             2. ARS's letter is particularly misleading in the context of this
               case. ……………………………………………………………..18

      POINT III:     DEFENDANT'S MISREPRESENTATION IS MATERIAL…………..18

      POINT IV:     THE DEFENDANT'S ARGUMENTS DO NOT ABSOLVE THEM OF
           LIABILITY……………………………………………………….…..23

            A . The cases cited by Defendant in their motion to dismiss are
             distinguishable from this matter………………………………..…23

            B. Whether or not the Letter refers to IRS Form 1099-C is irrelevant…..25

            C. Defendant changes the wording of the Letter and the Plaintiff's Complaint
             in their Motion to Dismiss in order to advance their arguments……..26

            D. The remainder of Defendant's arguments do not relieve them
             of liability in this matter……………………………………………29

CONCLUSION………………………………………………………………….…..29

# **TABLE OF AUTHORITIES**

## **CASES**

Ashcroft v. Iqbal, 556 U.S. 662 (2009)……………………………………………………..7

Balon v. Enhanced Recovery Company, Inc., 2016 WL 3156064 (M.D. Pa, June 2, 2016)…21

Barrientos v. Law Offices of Mark L. Nichter, 76 F. Supp. 2d 510 (S.D.N.Y. 1999)………..10

Beattie v. D.M. Collections, Inc., 754 F. Supp. 383 (D. Del. 1991)…………………………...9

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)………………………………………..…6

Bentley v. Great Lakes Collection Bureau, 6 F.3d 60 (2nd Cir. 1993)…………………..8, 9

Cacace v. Lucas, 775 F. Supp. 502 (D. Conn. 1990)……………………………………..……9

Cleveland v. Caplaw Enters., 448 F.3d 518 (2d Cir. 2006)…………………………...…6

Clomon v. Jackson, 988 F.2d 1314 (2nd Cir. 1993)……………………………………...8, 9, 11

Easterling v. Collecto, Inc., 692 F.3d 229 (2d Cir. 2012)……………………………………...9

Elmore v. Northeast Fla. Credit Bureau, Inc., 2011 WL 4480419 (M.D. Fla. Sept. 27, 2011)..24, 25

Fritz v. Resurgent Capital Servs., L.P., 955 F. Supp. 2d 163 (E.D.N.Y. 2013)……………18, 19

Gabriele v. Am. Home Mortgage Servicing, Inc., 503 F. App'x 89 (2d Cir. 2012)....................19

Good v. Nationwide Credit, Inc., 55 F. Supp 3d 742 (E.D. Pa. Oct, 24, 2014)…………...Passim

Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360 (2d Cir. 2003)…………………...8, 9

In re Merrill Lynch & Co., 273 F. Supp. 2d 351 (S.D.N.Y. 2003)………………………………7

Kaff v. Nationwide Credit, Inc., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015)……...Passim

Morgan v. Credit Adjustment Board, Inc., 999 F. Supp. 803 (E.D. Va. 1998)……………....8

N.C. Freed Co. v. Board of Governors, 473 F.2d 1210 (2d Cir. 1973)…………………………8

Nechis v. Oxford Health Plans, Inc., 421 F.3d 96 (2d Cir 2005)………………………………6

Okyere v. Palisades Collection, LLC, 961 F. Supp. 2d 508 (S.D.N.Y. 2013)………………....19

Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC, 595 F.3d 86
(2d Cir. 2010) …………………………………………………………………………9

Rhone v. AllianceOne Receivables Mgmt., Inc., 2015 WL 4758786, *1
(S.D. Ind. Aug. 12, 2015)………………………………………………………………23, 24

Russell v. Equifax A.R.S., 74 F.3d 30 (2nd Cir. 1996)…………………………………...…….6

Velez v. Enhanced Recovery Company, LLC 2016 WL 1730721 (E.D. Pa. May 2, 2016)....Passim

Vu v. Diversified Collection Servs., Inc., 293 F.R.D. 343 (E.D.N.Y. 2013)……...………9, 18

Wagner v. Client Servs., Inc., 2009 WL 839073 (E.D. Pa. Mar. 26, 2009)……………………17

## STATUTES

15 U.S.C. §1601…………………………………………………………………..…..8

15 U.S.C. §1692………………………………………………………………………5

15 U.S.C. §1692(a)………………………………………………………………..…8

15 U.S.C. §1692(e)………………………………………………………………….8

15 U.S.C. §1692a(3)………………………………………………………….…...5

15 U.S.C. §1692a(6)………………………………………………………………5, 29

15 U.S.C. §1692e…………………………………………………6, 9, 10, 12, 15, 16, 20, 22, 28

15 U.S.C. §1692e(2)…………………………………………………………………...6

15 U.S.C. §1692e(10)…………………………………………………………...6, 9, 10

15 U.S.C. §1692k(a)(2)(A)…………………………………………………………8

I.R.C. §6050P………………………………………………………………………13, 16, 20

I.R.C. §1.6050P-1(b)(2)………………………………………………………………13

I.R.C.  §1.6050P-1(d)…………………………………………………………………13

26 C.F.R. §1.6050P-1(a)(1)…………………………………………………………...13

## RULES

Fed. R. Civ. P. 12(b)(6)……………………………………………………………5, 6, 29

## PROCEDURAL HISTORY

Plaintiff, Virginia T. Bautz, filed her Complaint on February 15, 2016. [ECF#1] On June 2, 2016 ARS National Services, Inc. ("ARS" or "Defendant") filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6). [ECF#13] Plaintiff now opposes Defendant's motion to dismiss.

## FACTS

Plaintiff brought this putative class action lawsuit individually and on behalf of a class to obtain redress for the illegal practices of ARS in which they unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). Plaintiff is a citizen of the state of New York who resides within this District. (Cmplt., ¶7) Plaintiff is a consumer as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA. (Cmplt., ¶8)

ARS, located in Escondido California, is regularly engaged in the collection of debts allegedly owed by consumers. (Cmplt., ¶10-11) ARS is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA. (Cmplt., ¶12)

The debt that ARS sought to collect from the Plaintiff involves a consumer debt allegedly owed to Department Stores National Bank related to a Macy's credit card. (Cmplt., ¶13, 14, 15) Plaintiff encountered financial difficulties and had been unable to pay the debt. On or about December 31, 2015 ARS mailed or caused to be mailed to the Plaintiff a collection letter (the "Letter") seeking to collect the debt. The Letter is attached as Exhibit A to the Complaint. (Cmplt., ¶18, 20, 21) The Letter states: "Right now we are offering to settle your account for the reduced amount of $467.15. That's a savings of $382.20." (Cmplt., ¶23) The letter further states, "Department Stores National Bank will report forgiveness of debt as required by IRS

regulations." (Cmplt., ¶24) Hereinafter, Department Stores National Bank shall be referred to as "DSNB."

Plaintiff contends that the quoted statement in Paragraph 24 of the Complaint is false, deceptive, and misleading, and violates 15 U.S.C. §§1692e, 1692e(2), and 1692e(10). As demonstrated below the statement is not a true and accurate statement of the law and is also materially misleading and deceptive. Finally, because ARS has sent the same form letter with the same false, deceptive, and misleading language that the Plaintiff received to hundreds of individual consumers within the state of New York, the Plaintiff brings this case seeking class action status.

## LEGAL ARGUMENTS

## POINT I

## LEGAL STANDARD FOR A MOTION TO DISMISS PURSUANT TO 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE

In reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See* Cleveland v. Caplaw Enters.*,* 448 F.3d 518, 521 (2d Cir. 2006); Nechis v. Oxford Health Plans, Inc.*,* 421 F.3d 96, 100 (2d Cir. 2005). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient `to raise a right to relief above the speculative level.'" Operating Local 649 Annuity Trust Fund v. Smith Barney Fund Mgmt. LLC, 595 F.3d 86, 91 (2d Cir. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). This standard does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

The Supreme Court clarified the appropriate pleading standard in Ashcroft v. Iqbal, setting forth a two-pronged approach for courts deciding a motion to dismiss. 556 U.S. 662 (2009). The Supreme Court instructed district courts to first "identify[ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679 (explaining that though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a `probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. at 678 (quoting and citing Twombly, 550 U.S. at 556-57 (internal citation omitted)).

In adjudicating a motion to dismiss, the Court may consider: "(1) facts alleged in the complaint and documents attached to it or incorporated in it by reference, (2) documents `integral' to the complaint and relied upon in it, even if not attached or incorporated by reference, (3) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, (4) public disclosure documents required by law to be, and that have been, filed with the Securities and Exchange Commission, and (5) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." In re Merrill Lynch & Co., 273 F. Supp. 2d 351, 356-57 (S.D.N.Y. 2003).

In this matter it is respectfully submitted that when each allegation in the complaint is accepted as true and all reasonable inferences are drawn in favor of the Plaintiff, there certainly

exist facts that are sufficient to show that the Plaintiff has a plausible claim for relief under the Fair Debt Collection Practices Act. As such, Plaintiff's Complaint has successfully pleaded causes of action for which relief is offered.

## POINT II

## THE FAIR DEBT COLLECTION PRACTICES ACT

Congress created the FDCPA to respond to the "use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a); *see* Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2003). Finding that such practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy," the FDCPA aims "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. §§ 1692(a), 1692(e).

Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§1601 et seq., the FDCPA should be liberally construed in favor of the consumer to effectuate its purposes. *See* N.C. Freed Co. v. Board of Governors, 473 F.2d 1210, 1214 (2d Cir. 1973).

A single violation of the FDCPA triggers statutory liability and remedies. Morgan v. Credit Adjustment Board, Inc., 999 F. Supp. 803 (E.D. Va. 1998); Clomon v. Jackson, 988 F.2d 1314 (2nd Cir. 1993). A violation can result in liability for up to $1,000 in statutory damages. 15 U.S.C. §1692k(a)(2)(A). The FDCPA is a strict liability statute, where degree of the defendant's culpability is relevant only in computing damages, not in determining liability – Russell v. Equifax A.R.S., 74 F.3d 30 (2nd Cir. 1996); Bentley v. Great Lakes Collection Bureau, 6 F.3d 60 (2nd Cir. 1993). "Plaintiff need not prove intent, bad faith or negligence as the FDCPA is a strict

liability statute," and "proof of one violation is sufficient to support summary judgment for the Plaintiff." Cacace v. Lucas, 775 F. Supp. 502, 505 (D. Conn. 1990).

Relevant to this matter, 15 U.S.C. § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." To determine whether a debt collector's communication violates §1692e, courts apply an objective test based on the understanding of the "least sophisticated consumer." Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 (2d Cir. 1993); *see* Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993); Vu v. Diversified Collection Servs., Inc., 293 F.R.D. 343, 359 (E.D.N.Y. 2013). According to the Second Circuit, the "least sophisticated consumer" standard is "an objective analysis that seeks to protect the naive from abusive practices while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters." Greco, 412 F.3d at 363 (internal quotation marks and citations omitted). The standard is an objective one – whether the plaintiff or any class member was misled is not an element of a cause of action. "The question is not whether the plaintiff was deceived or misled, but rather whether an unsophisticated consumer would have been misled." Beattie v. D.M. Collections, Inc., 754 F. Supp. 383, 392 (D. Del. 1991). By its very nature, the least sophisticated consumer test pays no attention to the circumstances of the particular debtor in question. *See* Clomon, 988 F.2d at 1318.

A communication is considered false, deceptive, or misleading to the "least sophisticated consumer" if it is "open to more than one reasonable interpretation, at least one of which is inaccurate." Easterling v. Collecto, Inc., 692 F.3d 229, 233 (2d Cir. 2012).

15 U.S.C. §1692e(10) prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." "The fact

that a notice's terminology was vague or uncertain will not prevent it from being held deceptive under §1692e(10)." <u>Barrientos v. Law Offices of Mark L. Nichter,</u> 76 F. Supp. 2d 510, 513 (S.D.N.Y. 1999).

**POINT III**

**DEFENDANT'S LETTER IS FALSE, DECEPTIVE OR MISLEADING**

**A. The "Least Sophisticated Consumer" Standard Applies in the Second Circuit.**

As stated above, to determine whether a debt collector's communication is false, deceptive, or misleading and therefore violates §1692e, courts in this circuit apply an objective test based on the understanding of the "least sophisticated consumer." It is respectfully submitted to this Court that telling the Plaintiff that ARS's client DSNB "will report forgiveness of debt as required by IRS regulations" is a false statement that is materially deceptive and misleading and violates the FDCPA.

**B. Defendant's Letter is False, Deceptive or Misleading.**

The Letter ARS sent to Ms. Bautz sought an alleged debt of $849.35. The Letter offered to settle her debt for a reduced amount of $467.15. The letter further states:

> "Department Stores National Bank will report forgiveness of debt as required by IRS regulations."

In her complaint (ECF 1), Plaintiff claims this statement is false, deceptive or misleading in violation of the FDCPA because: The language in the letter…could reasonably be understood by the least sophisticated consumer to mean that IRS regulations require that Department Stores National Bank report all forgiveness of debt. (Cmplt., ¶38) The statement "Department Stores National Bank will report forgiveness of debt as required by IRS regulations" is false, deceptive and misleading, by giving erroneous and incomplete tax information because in actual fact and according to IRS regulations, Department Stores National Bank "will not" report to the IRS

forgiveness of debt of less than $600. (Cmplt., ¶39) Department Stores National Bank could not be required to file a 1099C for forgiveness of debt of $382.20. (Cmplt., ¶41) The least sophisticated consumer would likely be deceived into believing that there would be a tax consequence if she accepted Defendant's offer, such a belief would be false. (Cmplt., ¶45)

A collection notice is deceptive when it reasonably can be read to have two or more different meanings, one of which is inaccurate. Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). In this matter Plaintiff's interpretation of the language in the Letter is clearly the only plausible and reasonable interpretation based on the plain language of the Letter and the unconditional terms contained therein.

The language used in Defendant's Letter is the equivalent of Plaintiff's Attorneys in this matter hypothetically stating to your Honor the day the Complaint was filed that "we will serve the Defendant with the complaint within 90 days as required by Fed. R. Civ. P. 4(m)." The above statement makes clear that there is a law that unconditionally requires that the Defendant must be served with the Complaint within 90 days after the complaint was filed and that Plaintiff's Attorneys know it's the law will follow this law and do so in this matter. "As required by" is a non-conditional term which implies that there is a law or statute that requires an act to be taken by someone. "Will" is also a non-conditional term. When a party says they will do something as required by a statute or law there is nothing conditional or optional in that statement.

The language in the Letter is clear and unequivocal. The letter communicates that forgiveness of debt, without qualification or condition, and regardless of the amount, will be reported to the IRS because the IRS guidelines require it. Plaintiff's interpretation of the statement, from the perspective of the least sophisticated consumer, is not bizarre or idiosyncratic. The least sophisticated debtor clearly would be misled when reading the letter

from ARS into thinking that there will be adverse tax consequences for settling a debt for less than the total amount due. The least sophisticated consumer would believe when reading the Letter that IRS regulations require that any amount of debt that is forgiven must be reported to the IRS and that DSNB will follow the IRS regulations and report any amount of debt that is forgiven. ARS's collection letter misled the Plaintiff into believing that she had to pay the entire balance owed, or else she might face potential tax consequences, such as a costly audit. Thus, there is a risk that the statement improperly increased collections by falsely representing the law in violation of 15 U.S.C. §§1692e and e(10).

It would not be bizarre or idiosyncratic for the least sophisticated debtor to believe that the invocation of the IRS reasonably suggests that he or she could get in trouble with the IRS for obtaining any debt forgiveness. The least sophisticated debtor could reasonably assume that ARS included the statement because it was relevant, and such a debtor could believe, that the action she chooses to take with respect to the debt will trigger tax consequences or reporting requirements.

The Letter is clear and a reading of the exact wording of the letter and their plain meaning from the standpoint of a sophisticated consumer, let alone a least sophisticated consumer, clearly implies that any forgiveness of debt, without regard to the amount, will be reported to the IRS because IRS regulations require that any and all forgiveness of debt be reported. This reading is not a bizarre or idiosyncratic interpretation of the Letter. It is an interpretation that is reasonable and justified based on the plain meaning of the words "will" and "as required by" used in the Letter.

### 1. The IRS statement is inaccurate in law and fact – There are numerous exceptions to IRS reporting.

The law requiring forgiveness of debt being reported to the IRS is codified in the Internal

Revenue Code, stating:

> (a) In general. Any applicable entity which discharges (in whole or in part) the indebtedness of any person during any calendar year shall make a return (at such time and in such form as the Secretary [of the Treasury] may by regulations prescribe) setting forth—
>
> > (1) the name, address, and [Taxpayer Identification Number] of each person whose indebtedness was discharged during such calendar year,
> >
> > (2) the date of the discharge and the amount of the indebtedness discharged, and
> >
> > (3) such other information as the Secretary may prescribe.
>
> (b) Exception. Subsection (a) shall not apply to any discharge of less than $600.

I.R.C. § 6050P.

The related IRS regulation fleshes out the requirements of § 6050P in more detail. It

states:

> Except as provided in paragraph (d) of this section, any applicable entity (as defined in section 6050P(c)(1)) that discharges an indebtedness of any person (within the meaning of section 7701(a)(1)) of at least $600 during a calendar year must file an information return on Form 1099-C with the Internal Revenue Service. Solely for purposes of the reporting requirements of section 6050P and this section, a discharge of indebtedness is deemed to have occurred. . . if and only if there has occurred an identifiable event described in paragraph (b)(2) of this section. . . .

26 C.F.R. § 1.6050P-1(a)(1). The regulation lists seven other types of qualifying identifiable

events. *See* § 1.6050P-1(b)(2). As indicated in the above-quoted language, the regulation excepts

certain situations from its reporting requirement. These seven exceptions include, *inter alia,*

bankruptcy discharges, interest discharges, and discharges, "[i]n the case of a lending

transaction," of amounts "other than stated principal." § 1.6050P-1(d).

Thus depending on the amount of debt forgiven, the amount of interest involved, and

other relevant factors, it is entirely possible to forgive debt and not be required to report the

forgiven amount to the IRS. Contrary to ARS's statement in the Letter, forgiveness of debt will not be reported when one of the exceptions from the reporting requirements applies. For instance, an applicable entity may not report interest or other non-principal indebtedness or indebtedness of less than $600 that is forgiven. ARS's broad statement that DSNB will report forgiveness of debt as per IRS regulations fails to account for the fact that there are exceptions to the reporting requirements in the IRS regulations.

Several Courts, including one in this District, have recognized the falsity in not accurately accounting for the exceptions to reporting forgiven indebtedness constitutes a valid claim for violations of the FDCPA. A similar statement was employed by the debt collector in Kaff v. Nationwide Credit, Inc., 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015). In Kaff the language in question was:

> "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more."

In Kaff, Judge Townes recognized that the exceptions noted *supra* to the reporting requirement make claims of being required to report cancelled debt of $600 or more untruthful. Id. at *9. Having determined that Plaintiff stated a claim under the ban on falsehoods, the court denied the motion to dismiss. Id. at *14-15.

Defendant hopelessly tries to distinguish Kaff by stating that "In *Kaff*, it was invoking the specific 1099C form which was actionable under the FDCPA." (ECF No. 13-1 pg 8). This is blatantly false. It was not the specific form that was held to be violative in Kaff but the statement that cancelled debt of $600.00 or more would be reported to the IRS, which just happens to be done using IRS Form 1099C.

Kaff is on point with this matter. The language "is required to" in Kaff is the equivalent of "will" and "as required by IRS regulations" that were used ARS's Letter. "Is required to" has

the same meaning as "as required by". Like the language in ARS's Letter the letter in <u>Kaff</u>

makes clear that there is a law that requires forgiveness of debt of $600 or more to be reported to

the IRS and American Express will follow the law and do so. In this matter ARS's statement that

"Department Stores National Bank will report forgiveness of debt as required by IRS

regulations" is even more untruthful and deceptive than the statement in <u>Kaff</u>. While the

statement by the debt collector in <u>Kaff</u> would lead a least sophisticated consumer to believe that

only cancelled debt of $600 or more would be reported to the IRS, in this matter ARS's

statement would lead a least sophisticated consumer to believe that any forgiveness of debt,

regardless of amount, would be reported to the IRS.

In <u>Good v. Nationwide Credit, Inc</u>., 55 F. Supp 3d 742 (E.D. Pa. Oct, 24, 2014) the

language at issue was:

> "GE CAPITAL RETAIL BANK is required to file a form 1099C with the Internal
> Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor
> concerning any tax questions."

The Court in <u>Good</u> first held that the above statement was untrue. "Clearly, the

challenged statement—which fails to notify the reader that any exceptional circumstances might

apply—does not simply and faithfully record the applicable law. While it may not be false in all

respects, it certainly is not completely true." <u>Good</u>, 55 F. Supp 3d at 747.

The <u>Good</u> Court then went on the find that the statement was deceptive and misleading in

violation of 15 U.S.C. §1692e:

> "Drawing all reasonable inferences in favor of the non-moving party, the Court can
> properly infer that the statement is a "collection ploy."… Specifically, "the least
> sophisticated consumer may reasonably believe that in order not to be reported to the
> IRS, he or she must pay enough on the alleged debt so that a balance of less than $600.00
> remains regardless of whether the event is reportable, or any exception applies." ….. Or,
> the debtor might believe that, in light of the reporting requirement, Defendant would
> refuse to forgive a debt greater than $600. In other words, there is a risk that the
> statement improperly increases collections by falsely representing the law in violation of

15 U.S.C. § 1692e and e(10). Again, drawing all reasonable inferences in favor of Plaintiffs, the statement is deceptive and misleading.

Good, 55 F. Supp 3d at 748-749.

Like the challenged statement in the Good case, the challenged statement in ARS's Letter does not accurately reflect the relevant law; in this respect, it is not true. It is even more untrue than the challenged language in Good because in this matter the challenged language makes no reference to $600 and leads a least sophisticated consumer to believe that any amount forgiven will be reported to the IRS. While in Good it was found that "the least sophisticated consumer may reasonably believe that in order not to be reported to the IRS, he or she must pay enough on the alleged debt so that a balance of less than $600.00 remains"…Id. at 748, in this matter the least sophisticated consumer would reasonably believe that in order to not be reported to the IRS he or she must pay the entire balance owed on the debt.

Defendant tries to spin the Kaff and Good holdings to their favor in the motion to dismiss. In their motion Defendant's state "Indeed, the Good and Kaff Courts held that a statement to a debtor which states that the creditor may be required to file a form with the IRS would not run afoul of the FCPA [sic]." (ECF No. 13-1 pg. 9). This argument fails because the Letter at issues does not say that DSNB may be required to report the forgiveness of debt to the IRS if required by IRS relations, it says that DSNB will report the forgiveness of debt as required by IRS regulations.

In Velez v. Enhanced Recovery Company, LLC 2016 WL 1730721 (E.D. Pa. May 2, 2016) the language at issue was:

"In addition, any indebtedness of $600.00 or more, which is discharged as a result of a settlement, may be reported to the IRS as taxable income pursuant to the Internal Revenue Code 6050 (P) and related federal law."

The Velez Court held that:

"Accepting the amended complaint's well-pled factual allegations as true, Velez's settlement of this alleged debt, and ERC's cancellation thereof, could not possibly have been reportable under the relevant exceptions. If, in fact, under the circumstances of this case, there could not possibly have been a reportable event, then the statement would be false. See, e.g., Wagner v. Client Servs., Inc., 2009 WL 839073, *4 (E.D. Pa. Mar. 26, 2009) (Baylson, J.)

Velez states a plausible claim that the Statement is misleading or deceptive. Velez's interpretation of the Statement from the perspective of the least sophisticated debtor is not bizarre or idiosyncratic. The least sophisticated debtor, given a generally applicable rule with some, but not all, of the relevant exceptions thereto, might be misled into thinking that there will be adverse tax consequences for settling a debt for less than the total amount due.

Velez, 2016 WL 1730721 at *3.

In the matter before this Court ARS's Letter uses the non-contingent "will" rather than the contingent "may" and makes ARS's Letter even more deceptive and misleading than the letter in the Velez case. Like in Velez, but even more so because of the use of the word "will" instead of "may", the least sophisticated debtor, reading ARS's Letter would be misled into thinking that there will be adverse tax consequences for settling a debt for less than the total amount due.

Defendant's argument that "[t]he *Velez* Court, relying on *Good* and *Kaff* made it clear that a statement that specifically references form 1099C is violative of the FDCPA if it fails to apprise the debt of the 1099C exceptions (ECF No. 13-1 pg. 10) is completely incorrect. The offending language in Velez did not mention form 1099C at all and the Velez Court never mentioned form 1099C in their reasoning except when quoting statute or other cases.

Additionally, the Velez Court held that, "The conditional "may" of the Statement does not remove from the realm of possibility that the least sophisticated debtor might be deceived into thinking that ERC must or will report certain settlement amounts to the IRS, even when it does not intend to, or would not be required to, under the relevant statute and regulations." Id. at

17

\*3. Although the challenged language in <u>Kaff</u> and <u>Good</u> stated that the financial institution in question was "required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more," the <u>Velez</u> Court held that "the use of the contingent "may" does not materially distinguish it from the challenged language in <u>Good</u> because both phrases fail to communicate that there are other exceptional circumstances beyond the threshold amount that affect whether the cancellation of the debt is reportable. <u>Id</u> at \*3

**2. ARS's Letter is particularly misleading in the context of this case.**

ARS's statement is especially deceptive and misleading in the context of this Letter which offered a deal in which the forgiveness of debt was only $382.20. As stated in detail *supra*, the IRS reporting requirement is only triggered (under certain limited circumstances) first and foremost by cancellation of $600.00 or more of principal indebtedness. As such there would not be any reporting of the forgiveness of debt is this matter had the Plaintiff accepted the offer contained in the Letter. There was no conceivable circumstance in which IRS reporting would occur if the Plaintiff were to accept the offer in ARS's Letter and ARS's statement that DSNB will report forgiveness of debt is especially untrue in this matter. Furthermore, given that ARS's Letter does not mention the $600 threshold like the letters in <u>Kaff</u>, <u>Good</u>, and <u>Velez</u> did, ARS's Letter is even more deceptive than the letters found to be a violation of the FDCPA in those cases.

## <u>POINT III</u>

## <u>DEFENDANT'S MISREPRESENTATION IS MATERIAL</u>

Defendant also argues that it is absolved from liability because any violation here is not "material." Several district courts in this Circuit incorporate a materiality prong into this analysis, *see, e.g.,* <u>Vu</u>, 293 F.R.D. at 360 (citing <u>Fritz v. Resurgent Capital Servs., L.P.</u>, 955 F.

Supp. 2d 163, 170-71 (E.D.N.Y. 2013)), relying on the Second Circuit's apparent approval of the

materiality requirement in an unpublished opinion, <u>Gabriele v. Am. Home Mortgage Servicing,</u>

<u>Inc</u>., 503 F. App'x 89, 94 (2d Cir. 2012). Pursuant to <u>Gabriele</u>, "communications and practices

that could mislead a putative-debtor as to the nature and legal status of the underlying debt, or

that could impede a consumer's ability to respond to or dispute collection," are material

misrepresentations that violate the FDCPA. 503 F. App'x at 94. In order to be material, "the

statement must [be capable of] influence[ing] a consumer's decision or ability to pay or

challenge a debt." <u>Okyere v. Palisades Collection, LLC,</u> 961 F. Supp. 2d 508, 518 (S.D.N.Y.

2013) (internal citation and quotation marks omitted). While the materiality standard is not

established as law within the 2nd Circuit, and thus this Court need not consider whether

Defendant's violation is "material", Plaintiff is entitled to prevail even if the Court considers

whether the Defendant's conduct is material.

Specifically, the misleading and deceptive nature of the language used by ARS is

material because it would have the ability to change how the least sophisticated consumer would

act. There was no reason for ARS to inject the superfluous language concerning reporting

forgiveness of debt into the collection process except to convey to the least sophisticated

consumer that she may be reported to the IRS. The IRS is a powerful governmental agency and

the mere thought of being reported to it is intimidating to the objective consumer - sophisticated

or not. The misrepresentation by ARS is material because it would have materially misled the

least sophisticated consumer into believing that she had to pay all of her debt to avoid any issues

with the IRS, when in reality she could have taken the settlement offer stated in the letter without

triggering a mandatory reporting of debt forgiveness to the IRS. Unsophisticated consumers who

wanted to avoid any issues with the IRS and who accepted ARS's representation at face value

would believe that they could not settle their debt for anything less than the full value of what they allegedly owed without triggering mandatory reporting requirements of the forgiven amount to the IRS.

The Kaff, Good, and Velez cases cited to *supra* all held that statements less deceptive and misleading than the one made by ARS in this matter meet the materiality standard. In Kaff, Judge Townes held under similar facts that a collection agencies false and misleading statement was "material." In Kaff, as stated above, the statement is question was "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more." Judge Townes found that statement to satisfy the "materiality" standard holding:

> The least sophisticated consumer, afraid of an audit, may be pressured by a misstatement such as the one made by Nationwide into paying more of his debt to avoid the risk of triggering an IRS audit.

> Here, Kaff owed approximately $2,382, consisting of $2,000 in principal and $382 in interest. Had he been informed that he could seek cancellation of up to $600 in principal and all of the interest, he would have known that he could satisfy the debt for $1,400.01 ($2000 - $599.99) without triggering a mandatory 1099-C report. However Nationwide's collection letter misled him into believing that he had to pay $1,782.01 ($2,382 - $599.99), or else he might face potential tax consequences, such as a costly audit. Thus, "there is a risk that the statement improperly increase[d] collections by falsely representing the law in violation of 15 U.S.C. 1692e and e(10)." Good, 2014 WL 5422103, at *4.

> Kaff at pages 13-14.

In Velez the language at issue was "In addition, any indebtedness of $600.00 or more, which is discharged as a result of a settlement, may be reported to the IRS as taxable income pursuant to the Internal Revenue Code 6050(P) and related federal law." The Court in Velez held this statement to satisfy the materiality standard stating:

> Even imbued with basic understanding and a willingness to read carefully, the Statement might influence the least sophisticated debtor. It would not be bizarre or idiosyncratic for the least sophisticated debtor to believe that the "invocation of the IRS reasonably suggests. . .that he or she could get in trouble with the IRS for refusal to pay the debt, or

for obtaining any debt forgiveness of $600 or more." Good, 55 F. Supp. 3d at 748. The least sophisticated debtor could reasonably assume that ERC included the Statement because it was relevant, and such a debtor could believe, given the lack of specificity in the generally-stated rule that mentions one exception but not others, that the action he chooses to take with respect to the debt will trigger tax consequences or reporting requirements. There are myriad other ways that the Statement could, without bizarre or idiosyncratic interpretation, influence the least sophisticated debtor's decision-making process.

Velez 2016 WL 1730721, at *3. *See also* Balon v. Enhanced Recovery Company, Inc., 2016 WL 3156064 (M.D. Pa, June 2, 2016) (same)

In Good v. Nationwide Credit, Inc., 55 F. Supp. 3d 742 (E.D. Penn, 2014) the language at issue was "GE CAPITAL RETAIL BANK is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions." The Good Court held this language to satisfy the materiality standard.

It is respectfully submitted that the language used by ARS is more misleading and even more material than the language used in the Kaff, Velez, Balon, and Good cases. In particular, the language is more misleading and deceptive than in the Kaff case that Judge Townes found to be material. In Kaff, the language in question was "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more." In this matter before this Court ARS's letter states "Department Stores National Bank will report forgiveness of debt as required by IRS regulation." What makes ARS's language even more deceptive and confusing to a least sophisticated consumer than Nationwide's language in Kaff is that ARS's language does not state that DSNB will report forgiveness of debt only if the debt forgiven is $600 or more.  The language in ARS's letter states DSNB will report forgiveness of debt and makes no mention of any dollar amount of $600 or more. The language used by ARS would lead

a consumer, sophisticated or not, to believe that DSNB will report any forgiveness of debt, without regard to the dollar amount forgiven, and not only forgiveness of debt of $600 or more.

While in <u>Kaff</u> the least sophisticated consumer would believe that only if more than $600 was forgiven would the forgiven amount be reported to the IRS, the language used by ARS in this matter would lead a least sophisticated consumer to believe that if any amount of the debt was forgiven, no matter how small, that amount would be reported to the IRS. A least sophisticated consumer would read the language of ARS's letter to require them to make a payment of the entire amount allegedly owed in order to avoid reporting to the IRS of any forgiven amount, while under the <u>Kaff</u> facts they would be able to pay a discounted amount, without the amount being reported to the IRS, as long as it was not discounted by $600 or more.

Here, Bautz, owed $849.35. Had she been informed that she could accept the settlement offer contained in the Letter she would have known that she could satisfy the debt for $467.15 without triggering a mandatory reporting of the forgiven amount of $382.20 to the IRS. However, ARS's collection letter misled her into believing she had to pay the entire $849.35 to avoid any issues with the IRS. The collection letter from ARS lead her to believe that if any amount of the debt was forgiven, no matter how small, that amount would be reported to the IRS. Thus, "there is a risk that the statement improperly increase[d] collections by falsely representing the law in violation of 15 U.S.C. 1692e and e(10)." *See* <u>Kaff</u> at 14; <u>Good</u>, 2014 WL 5422103, at *4.

Like Judge Townes held in <u>Kaff</u>, and even more so in this matter, the least sophisticated consumer, afraid of an audit, may be pressured by a misstatement such as the one made by ARS into paying more of her debt to avoid the risk of triggering an IRS audit and therefore ARS's misstatement is material.

## POINT IV

## THE DEFENDANT'S ARGUMENTS DO NOT ABSOLVE THEM OF LIABILITY

### A . The cases cited by Defendant in their motion to dismiss are distinguishable from this matter

Defendant cites several cases in support of their Motion to Dismiss all of which are materially distinguishable from the present case before this Court.

First Defendant cites to <u>Rhone v. AllianceOne Receivables Mgmt., Inc.</u>, 2015 WL 4758786, *1 (S.D. Ind. Aug. 12, 2015). This case is distinguishable because the language in <u>Rhone</u> stated "Please be advised that any settlement write-off of $600 or more may be reported to the Internal Revenue Service by our client." The <u>Rhone</u> Court held that "juxtaposition of an unconditional term – "any settlement write-off' with a conditional term – "may be reported to the Internal Revenue Service" – may be poor phrasing, but misleading or deceptive it is not." <u>Id</u>. at 2015 U.S. Dist. LEXIS 106186, *13.

What distinguishes ARS's Letter in this matter is it does not use the conditional term "may" it uses the unconditional term "will". In ARS's Letter there are no conditional terms like the letter in <u>Rhone</u>. In their motion to dismiss Defendant tries to argue that the Letter in this case is like <u>Rhone</u> and not like <u>Good</u> because, "There is conditional language in the Letter that ARS will only report to the IRS if it is required to do so by IRS regulations." (ECF No. 13-1 pg. 12) However, this is simply not what ARS's letter states, there no conditional verbiage at all in ARS's letter. ARS's use of the word "will" makes their conduct clearly more in line with that in <u>Kaff</u> and <u>Good</u>. The Letter clearly states that DSNB will report any and all forgiveness of debt and the reason it will do so is because IRS regulations require it. The Letter and the plain meaning of the words used therein is clearly materially different from the letter at issue in <u>Rhone</u>.

Furthermore, even if ARS's Letter did use conditional terms like "may" and "if required by" it still would be a violation. The reasoning in Rhodes has never been followed and was specifically rejected by the Court in Velez at Footnote 1 stating:

> We are not persuaded by ERC's citation to Rhone v. AllianceOne Receivables Mgmt., Inc., 2015 WL 4758786, *1 (S.D. Ind. Aug. 12, 2015) (Magnus-Stinson, J.). In Rhone, the court found that the "reasonable but unsophisticated consumer" would know that a debt write-off of $157.50 (the $393.74 amount owed minus the $236.24 settlement amount) could not possibly meet the $600 threshold. Id. at *4. Further, the court noted that even if the debtor did not understand how to calculate the write-off amount, but instead thought the write-off was the entire amount owed, the amount in question in that case was still well below the threshold. Id.
>
> First, this case is factually distinguishable from Rhone because the amount owed exceeded $600, so the least sophisticated debtor who read carefully, but still did not understand whether the threshold applied to the total indebtedness or just the write-off amount after settlement, could be confused or misled. Further, we are not as certain as the court in Rhone that the least sophisticated debtor would understand this distinction.
>
> Second, we do not believe that the conditional "may" of the Statement renders it proper. The court in Rhone explained that the challenged language clarified through the use of the conditional "may" that the reporting outcome would only occur in cases where the settlement write-off exceeded $600. Id. at *5. Here, the Statement's use of the conditional "may" does not so clearly explain that the $600 threshold is the triggering factor. The least sophisticated debtor, even reading carefully, might not understand that the "may" refers only to the $600 threshold and to no other possible triggering event or exception. It would not be bizarre or idiosyncratic for the least sophisticated debtor to believe that ERC retained some discretion in whether to report or that some other related federal law governed the reporting of the discharge.

Therefore, even if ARS has used conditional terms, which they clearly did not, their statement would still be a violation of the FDCPA. In addition, unlike Rhone the debt at issue in the Letter was more than $600 and there is no mention of the $600 threshold in the Letter. The Letter's language implies than any amount of debt forgiveness is to be reported to the IRS by law.

ARS also cites to Elmore v. Northeast Fla. Credit Bureau, Inc., 2011 WL 4480419 (M.D. Fla. Sept. 27, 2011) this case is distinguishable because in Elmore the language at issue was "If

you do not pay, we may at our discretion file form 1099C with the IRS." The Elmore Court held

that this language does not suggest that the debt collector will file the form by instead, it merely

notifies the debtor that such, action, at the debt collector's discretion, may be taken. In the matter

before this court the language of the Letter does not notify the debt that action may be taken, it

clearly and unequivocally notifies the debtor that DSNB will file the forgiveness of debt with the

IRS because the language uses the exact word "will".

### B. Whether or not the Letter refers to IRS Form 1099-C is irrelevant.

ARS spends an inordinate portion of their motion to dismiss arguing that somehow the

Letter is not actionable because it does not mention Form 1099-C. This argument is a red herring

and is completely irrelevant to the issue of liability in this matter. Whether or not Form 1099-C is

mentioned is not dispositive in any way shape or form to the issue of whether or not the letter

violates the FDCPA. The alleged violation is not the form that ARS said DSNB would file with

the IRS to report forgiven debt, but that DSNB would report forgiveness of debt.

Contrary to Defendant's argument (ECF No. 13-1 at pg. 2) Plaintiff never alleged the

letter makes reference to IRS Form 1099C. Plaintiff only mentions Form 1099C at Paragraphs 40

& 41 of the complaint and only to state that contrary to the Letters statements that forgiveness of

debt would not have been reported had the Plaintiff accepted the settlement offer. Contrary to

Defendant's argument Plaintiff does not "seek to transform the challenged statement into an

express threat that ARS will file form 1099C" (ECF No. 13-1 pg 2). Plaintiff's argument is not

that the Letter stated that ARS will file a form 1099C but that DSNB will report the forgiveness

of debt to the IRS when that was not true. As a side note, and detailed further below any

forgiveness of debt is reported to the IRS using a Form 1099-C. It's not the impression in the

Letter that DSNB would file a form 1099C that is alleged to be the violation in the Letter but that DSNB would report the forgiveness of debt.

In the Kaff and Good case and in this matter it was and is not whether or not the debt collector mentioned the form that is filed with the IRS to report forgiveness of debt but the forgiveness of debt itself that is relevant. In Velez, the offending language did not mention form 1099-C and the Court held there was liability without even discussing the issue of the form 1099-C because whether or not a letter mentions the form has no bearing on the issue of liability.

Finally, as a practical matter according to IRS regulations any debt that is forgiven is reported to the IRS on form 1099-C:

> [a]ny applicable entity (as defined in section 6050P(c)(1)) that discharges an indebtedness of any person (within the meaning of section 7701(a)(1)) of at least  $600 during a calendar year must file an information return on Form 1099-C with the Internal Revenue Service. Solely for purposes of the  reporting requirements of section 6050P and this section, a discharge of indebtedness is deemed to have occurred. . . if and only if there has occurred an identifiable event described in paragraph (b)(2) of this section. . . .

26 C.F.R. § 1.6050P-1(a)(1)

Therefore, Defendant's argument is completely meritless because if DSNB did report forgiveness of debt to the IRS it would have done so on an IRS Form 1099-C.

**C. Defendant changes the wording of the Letter and the Plaintiff's Complaint in their Motion to Dismiss in order to advance their arguments.**

No less than five (5) times in their motion to dismiss the Defendant changed the language of the Letter in order to advance their argument.

- The sentence is not false or misleading; the least sophisticated consumer would take the sentence to mean that *if* IRS regulations require reporting of the forgiven debt, then forgiveness *may* be reported to the IRS. (ECF No. 13-1 pgs 7-8) (Emphasis in Original)

- Plaintiff's attempts to create a convoluted universe of liability from the clear and unambiguous statement that DSNB and ARS may report forgiveness of Plaintiff's Debt if required by federal law is fatally deficient. (ECF No. 13-1 pg. 10)

26

- There is conditional language in the Letter that ARS will only report to the IRS if it is required to do so by IRS regulations. (ECF No. 13-1 pg. 12)

- Indeed, allowing claims such as the instant Complaint by Plaintiff against ARS - an entity which wrote a dunning letter and which informed Plaintiff that DSNB may report to the IRS any debt forgiveness mandated by federal law – would only spur other frivolous lawsuits. (ECF No. 13-1 pg. 14)

- The Complaint is based upon a hopeless argument arising from the sentence stating that DSNB may report forgiveness of debt if required to do so by IRS regulations. (ECF No. 13-1 pg. 15)

All of the above arguments made by the Defendant are incorrect because the arguments are premised on language that the ARS letter simply does not state. The Letter reads:

"Department Stores National Bank **will** report forgiveness of debt **as** required by IRS regulations." (Emphasis Added)

In making the above arguments in their Motion to Dismiss the Defendant changed the wording of ARS's Letter and in the first instance emphasized the changed language in order to enhance their argument. The language the Defendant emphasized in their above argument simply does not exist in ARS's letter. If the Letter had stated something to the effect of, "Department Stores National Bank **may** report forgiveness of debt **if** required by IRS regulations" then Defendant's arguments above would hold water. However, the letter uses the word "will" instead of "may" and "as required by" instead of "if required by". These definite terms ("will" and "as required by") make it clear that Plaintiff's interpretation of the letter is the correct one. The letter does not say DSNB may report forgiveness of debt if required by IRS regulations, the letter is clear and states that DSNB will report forgiveness of debt as required by IRS regulations. As shown above this statement by ARS is false.

No matter how many times the Defendant intentionally changes the wording of the letter in their Motion to Dismiss in an attempt to advance their argument they can not change the

actual wording of the letter attached as Exhibit A to Plaintiff's Complaint or the plain meaning of the words actually contained in the Letter. Defendant's closing argument in their motion to dismiss that "The Complaint is based upon a hopeless argument arising from the sentence stating that DSNB **may** report forgiveness of debt **if** required to do so by IRS regulations. (ECF No. 13-1 pg. 15)(Emphasis Added) is particularly brazen and incredibly misleading. The Letter does not state that DSNB **may** report forgiveness of debt, it says DSNB **will** report forgiveness of debt. The Letter also does not say that DSNB will report forgiveness of debt "**if** required to do so by IRS regulations" it says "**as** required by IRS regulations."

The difference between the non-conditional "will" and the conditional "may" and the non-conditional "as required by" and the conditional "if required by" make all the difference in this matter when interpreting the Letter from the standpoint of the most sophisticated consumer let alone the least sophisticated consumer. Changing the wording of the language of the Letter rather than quote its actual language is nothing more than a desperate by ARS to attempt to fix the Letter after the fact in order to bring it into compliance with the FDCPA and should not be allowed by this Court.

Defendant also misquotes what Plaintiff alleges in their complaint. In their motion to dismiss Defendant states "Plaintiff alleges that the Letter violates 15 U.S.C. 1692e by virtue of the fact that it states that original creditor DSNB will comply with IRS regulations concerning reporting of debt forgiveness. Id, ¶ ¶ 24, 37" (ECF 13-1 pg. 3 & 7). Plaintiff's complaint never says anywhere let alone in Paragraphs 24 and 37 that ARS violated the law because ARS stated that DSNB will comply with IRS regulations or because ARS stated that DSNB would comply with federal law. Again Defendant has changed what was actually said in an attempt to bolster their argument.

**D. The remainder of Defendant's arguments do not relieve them of liability in this matter.**

Defendant's argument (ECF No. 13-1 pg. 1) that this action arises from Plaintiff's desire to avoid paying the amount she owes and profit from her delinquency is untrue, unfounded, slanderous, and should be stricken by this Court. Defendant basis this allegation on absolutely no facts and even if everything Defendant said was correct, which Plaintiff strongly denies, it would in no way absolve them of liability for their violations of the FDCPA.

Defendant's argument that "Notably, the complaint offers no details regarding the origin of the Debt, let alone a denial that Plaintiff owes the amount demanded" (ECF No. 13-1 pg 4) is both untrue and legally irrelevant. First it is untrue because the Complaint does offer details regarding the origins of the Debt at Paragraphs 13 and 14. Secondly, the FDCPA covers debts "owed or due or asserted to be owed or due another." *See* 15 U.S.C. §1692a(6). So whether the Plaintiff owes or does not owe the debt is legally irrelevant and the Plaintiff does not have to deny owing the debt to be entitled to the protections of the FDCPA.

## CONCLUSION

For the foregoing reasons, Plaintiff, Virginia T. Bautz, respectfully requests that the Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) filed by Defendant, ARS National Services, Inc. be denied.

Dated: June 25, 2016

The Law Offices of Gus Michael Farinella, PC

/s/ Ryan Gentile

By:_____

Ryan Gentile, Esq.
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
516-326-2333
rlg@lawgmf.com
Attorney for Plaintiff