UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Virginia T. Bautz, on behalf of herself and all others similarly situated,<br><br>       Plaintiff,<br><br>  -against-<br><br>ARS National Services, Inc.,<br>       Defendant. | Civil Action No: 2:16-cv-00768-JFB-SIL |

**DEFENDANT ARS NATIONAL SERVICES, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS**

GORDON & REES LLP
18 Columbia Turnpike, Suite 220
Florham Park, New Jersey 07932
Tel: (973) 549-2500
Fax: (973) 377-1911
E-mail: psiachos@gordonrees.com
*Attorneys for Defendant ARS National Services, Inc.*

*Of Counsel and on the Brief:*
 Peter G. Siachos, Esq.
 Yevgeny Roymisher, Esq.

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

LEGAL ARGUMENT ................................................................................................................ 2

POINT I

    PLAINTIFF'S CLAIM THAT THE LETTER IS MISLEADING, FALSE OR
    DECEPTIVE IS INSUFFICIENTLY PLEAD ................................................................... 2

POINT II

    **THE LETTER DOES NOT REFERENCE IRS FORM 1099C AT ALL** ......................... **4**

POINT III

    **THE LETTER IS NEITHER MISLEADING NOR IS IT MATERIAL** .......................... **6**

CONCLUSION ............................................................................................................................ 9

## **TABLE OF AUTHORITIES**

**Cases**                    **Page(s)**

*Campuzano-Burgos v. Midland Credit Mgmt.*,
 550 F.3d 294 (3d Cir. 2008) .................................................................................................. 10

*Fadem v. Ford Motor Co.*,
 352 F. Supp. 2d 501, 516 (S.D.N.Y. 2005) ............................................................................. 4

*Gabriele v. Am. Home Mortg. Servicing*,
 503 Fed. Appx. 89, 94 (2d Cir. 2012) ..................................................................................... 9

*Good v. Nationwide Credit, Inc.*,
 55 F. Supp 3d 742 (E.D. Pa. Oct, 24, 2014) ........................................................................... 5

*Hasbrouck v. Arrow Fin. Servs. LLC*,
 2011 U.S. Dist. LEXIS 53928, *11-12, 2011 WL 1899250 (N.D.N.Y May 19, 2011) ......... 8

*Jacobson v. Healthcare Fin. Servs.*,
 516 F.3d 85, 90 (2d Cir. 2008 ............................................................................................ 1, 6

*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*,
 130 S. Ct. 1605 (2010) ............................................................................................................ 9

*Kaff v. Nationwide Credit, Inc.*,
 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) .................................................................. 5

*Miller v. Javitch, Block & Rothbone*,
 561 F.3d 588 (6th Cir. 2009) ............................................................................................ 1, 10

*O'Rourke v. Palisades Acquisition XVI, LLC*,
 635 F.3d 938, 942 (7th Cir. 2011) ........................................................................................... 8

*Okyere v. Palisades Collection, LLC*,
 961 F. Supp. 2d 508, 518 (S.D.N.Y. 2013) ............................................................................ 6

*Salemo v. Murphy*,
 11-CV-2525 (TPG), 2014 WL 804029, at *2 (S.D.N.Y. Feb. 28, 2014) ............................... 4

*Velez v. Enhanced Recovery Co., LLC*,
 2016 U.S. Dist. LEXIS 57832, *9 (E.D. Pa. May 2, 2016) .................................................... 5

*Wilson v. Quadramed Corp.*,
 225 F.3d 350, 354-355, 2000 U.S. App. LEXIS 22014, *6 (3d Cir. 2000) ......................... 10

**Other Sources**                                                                                                           **Page(s)**

12 U.S.C. § 5531 ............................................................................................................................ 7

12 U.S.C. § 5536 ............................................................................................................................ 7

15 U.S.C. §§ 1692 .......................................................................................................................... 1

I.R.C. § 6050P ............................................................................................................................... 2

CFPB Bulletin 2013-07 (July 10, 2013), "Prohibition of Unfair, Deceptive, or Abusive Acts or
    Practices in the Collection of Consumer Debts" ...................................................................... 8

CFPB Bulletin 2013-08 (July 10, 2013), "Representations Regarding Effect of Debt Payments on
    Credit Reports and Scores" ...................................................................................................... 8

Fed. R. Civ. P. 11 ........................................................................................................................... 5

Fed.R.Civ.P. 12(b)(6) .................................................................................................................... 8

**PRELIMINARY STATEMENT**

Defendant ARS National Services, Inc. ("ARS" or "Defendant") submits this reply brief in further support of its motion to dismiss the putative class action complaint (the "Complaint") of Plaintiff Virginia T. Bautz ("Plaintiff"), which alleges claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2) & 1692e(10) ("FDCPA").

Plaintiff's argument in opposition to Defendant's motion to dismiss, like her underlying Complaint, depends upon mischaracterizations of the dunning letter, dated December 31, 2015, sent by ARS to Plaintiff (the "Letter"). The opposition improperly amplifies and morphs the allegations of the Complaint and distorts and strains the plain meaning of the Letter. The Letter is clear on its face. It is not false, deceptive or misleading. Therefore, the Complaint should be dismissed in its entirety.

In opposition to the Defendant's motion to dismiss, Plaintiff argues that: (1) the statement in the Letter that creditor Department Stores National Bank ("DSNB") "will report forgiveness of debt as required by IRS regulations" is misleading, false or deceptive; (2) the Letter is misleading because it explicitly evokes the requirements of IRS form 1099C and the Letter therefore should have specified exceptions to the form 1099C requirements; and (3) the Letter's statement concerning the possible applicability of IRS regulations to forgiveness of Plaintiff's Debt is "material" under the FDCPA.  Essentially, Plaintiff is asking the Court to make a "bizarre and idiosyncratic interpretation" of the plain language of Letter to conclude that such language caused Plaintiff to be "led astray." *See Miller v. Javitch, Block & Rothbone*, 561 F.3d 588, 592 (6th Cir. 2009); *Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 90 (2d Cir. 2008). This is exactly what the Court should *not* do.

Plaintiff's allegations are sparse, implausible, impermissibly conclusory, and undermined by the fact that Plaintiff mischaracterizes the Letter's clear language. The Letter doesn't reference form 1099C at all. The Letter simply states that DSNB (not ARS) will comply with

federal regulations as they pertain to debt forgiveness.  The applicability of those IRS regulations depends entirely on how Plaintiff responds to the Letter - whether she pays the Debt, pays a portion of the Debt, or if she fails to pay any part of the Debt and DSNB is forced to forgive the Debt in full. Each of these possible conditions all factor into whether IRS regulations may require reporting. Furthermore the Consumer Financial Protection Bureau (CFPB) states in their CFPB Bulletins 2013-07 and 2013-08 that debt collectors may not misrepresent the consequences and circumstances of forgiveness of debt,[1] and must take steps to ensure that any claims that they make about the effect of paying debts are not deceptive.[2] In furtherance of these FDCPA guidelines, ARS included in the Letter a reference to the potential, but not definite, conditional reporting of the forgiveness of the Debt – which is wholly dependent on the outcome of Plaintiff's decision to pay the Debt.  There is no other reasonable interpretation of the contested sentence.

## LEGAL ARGUMENT

### POINT I

### PLAINTIFF'S CLAIM THAT THE LETTER IS MISLEADING, FALSE OR DECEPTIVE IS INSUFFICIENTLY PLEAD

Plaintiff's opposition to Defendant's motion to dismiss fails to correct many of the deficiencies contained in her Complaint and fails to properly address many of the arguments Defendant has advanced in its motion to dismiss.  Plaintiff's opposition concerning the statements in the Letter and her references *ad nauseum* to I.R.C. § 6050P and IRS Form 1099C (Opposition Br. at 12-18) do not address Defendant's contention that the Complaint fails to allege facts sufficient to create an actionable claim.  Plaintiff's opposition brief seeks to avoid or obscure the actual issues presented by ARS's motion to dismiss by repeated reference to these statutes, which do not appear anywhere in the Letter.  Repeating the same thing over and over

---

[1] http://files.consumerfinance.gov/f/201307_cfpb_bulletin_unfair-deceptive-abusive-practices.pdf
[2] http://files.consumerfinance.gov/f/201307_cfpb_bulletin_collections-consumer-credit.pdf

again, however, does not make it true.

Plaintiff argues that the Letter misleads by stating that "IRS regulations require that [DSNB] report all forgiveness of debt." (*Complaint*, ¶39; Opposition Br. at 10). The Letter clearly states no such thing nor does it mislead Plaintiff regarding IRS regulations. However, faced with proof rebutting her claim by the clear language in the Letter, which is conditional and qualifies that ARS will report debt forgiveness "as required by IRS regulations," Plaintiff continues to falsely state that the Letter gives "erroneous and incomplete tax information." (Opposition Br. at 10). Plaintiff doubles down on her original meritless argument that since the Plaintiff's undisputed Debt is $849.35 and the Letter generously offers to settle the Debt for half that amount with a payment of $467.15 for a forgiveness of $382.20, DSNB would therefore not have to report any Debt forgiveness to the IRS. (Doc. 1-1, p. 2). On this basis, the Complaint fails to sufficiently state a cause of action under the FDCPA.

Plaintiff's argument presupposes that she actually paid the settlement amount; she has not. Plaintiff's argument presupposes that Plaintiff actually contacted ARS to let ARS know that she was accepting a lower settlement amount to satisfy the Debt; she has never contacted ARS at all. In addition to the presumptions in the Complaint, Plaintiff now erroneously argues semantics in her opposition brief: Plaintiff argues that "as required by" is not a conditional term. (Opposition Br. at 10). The Letter, however, clearly offers Plaintiff numerous conditions – satisfy the full amount of the Debt, settle the Debt for half the amount, or contact ARS to discuss another alternative option of settling the Debt. (Doc. 1-1, p. 2). These are all conditions precedent. Contingent upon Plaintiff's choice of which condition to satisfy, DSNB *may* report forgiveness of the Debt to the IRS.

If Plaintiff had paid the entire amount she owes, then IRS reporting regulations may have not come into effect, or they may have; the operative fact is that the applicability of the IRS regulations was not determined until Plaintiff chose her course of action. Now Plaintiff falsely states that "when a party says they will do something as required by statute or law there is

nothing conditional or optional in that statement." (Opposition Br. at 11). Plaintiff effectively seeks to further amend her Complaint by alleging that the Letter offered no options but to pay the reduced settlement amount of $467.15. Neither Plaintiff's Complaint nor the Letter contain the allegation that Plaintiff had no other options but pay the reduced amount to satisfy the Debt. Further, "[i]t is long-standing precedent in this circuit that parties cannot amend their pleadings through issues raised solely in their briefs." *Fadem v. Ford Motor Co.*, 352 F. Supp. 2d 501, 516 (S.D.N.Y. 2005); *Salemo v. Murphy*, 11-CV-2525 (TPG), 2014 WL 804029, at *2 (S.D.N.Y. Feb. 28, 2014) ("In general, a party is not permitted to use its reply to a dispositive motion as a vehicle for amending its complaint"). Even if Plaintiff's opposition somehow did amend the Complaint, Plaintiff still does not state a plausible violation of the FDCPA.

## POINT II

### THE LETTER DOES NOT REFERENCE IRS FORM 1099C AT ALL

In its moving memorandum of law, Defendant demonstrated that the Letter's statement that DSNB "will report forgiveness of debt as required by IRS regulations" is a true statement. (*See* Def.'s Memo at 7-15). The Letter clearly states that ARS may, as required by IRS regulations, report the forgiveness of the Debt according to which condition Plaintiff satisfies. Nothing could be more straightforward. Plaintiff's opposition brief ironically sets forth Defendant's case: "Thus depending on the amount of the debt forgiven, the amount of interest involved, and other relevant factors, it is entirely possible to forgive debt and not be required to report the forgiven amount to the IRS." (Opposition Br. at 13-14).

Plaintiff's opposition brief argues that the Letter can be read to mean that ARS intended to mislead Plaintiff into believing that "IRS regulations require that any amount of debt that is forgiven must be reported to the IRS and that DSNB will follow the IRS regulations and report any amount of debt that is forgiven." (*Complaint*, ¶39; Opposition Br. at 10). The Letter clearly contains no such language.

Plaintiff has brought this action and filed its opposition without being able to cite a single

case from any jurisdiction that supports her position. The cases she does cite are distinguishable and are unavailing. Defendant's initial memorandum of law has already distinguished *Kaff v. Nationwide Credit, Inc.*, 1:13-cv-05413, No. 32 (E.D.N.Y. Mar. 31, 2015) and *Good v. Nationwide Credit, Inc.*, 55 F. Supp 3d 742 (E.D. Pa. Oct, 24, 2014) (Opposition Br. at 14-16). Both the *Kaff* and *Good* Courts held that where the defendant debt collectors *explicitly evoke the form 1099C* in their correspondence to Plaintiff, the 1099C exceptions should be referenced. The Courts in both *Kaff* and *Good* were worried about the failure by debt collectors to enumerate the exceptions to the 1099C requirements. (*See* Def.'s Memo at 8-10). Such a concern is wholly absent here, as the Letter fails to reference form 1099C at all. To enumerate exceptions to a regulatory form neither cited nor evoked is foolishly putting the cart before the horse. If ARS were to list exceptions to a rule it not once mentioned to the debtor, *that would indeed* be confusing and misleading to a debtor. It is obvious why the Letter did not do so.

Contrary to Plaintiff's argument, there is nothing in the Letter that suggests, either directly or indirectly, that DSNB will, without qualification, report *any and all* forgiveness of the Debt to the IRS. Plaintiff argues that, despite the utter absence of any reference to form 1099C, ARS somehow has explicitly referenced form 1099C and has unequivocally threatened, under the aegis of IRS form 1099c requirements, to report any and all Debt forgiveness to the IRS. (Opposition Br. at 12-18). On the other hand, when Defendant points out that the Letter is lacking in any such language and, indeed, the necessary elements to state a plausible FDCPA claim are lacking in the Complaint under *Kaff*, *Good,* and *Velez v. Enhanced Recovery Co., LLC*, 2016 U.S. Dist. LEXIS 57832, *9 (E.D. Pa. May 2, 2016), Plaintiff retreats her tenuous argument and argues that the complete absence of any reference to 1099C in the Letter is irrelevant. (Opposition Br. at 25-29). These two contrary positions are inconsistent and insensible.

ARS has demonstrated that the Letter does not falsely state that DSNB will unconditionally file debt forgiveness form 1099C. (*See* Defs.' Memo at p. 12). ARS never mentioned form 1099C at all. Recognizing that the Letter does not actually reference 1099C,

Plaintiff argues that the phrase "as required by IRS regulations" is merely a "superfluous language" with no meaning. (Opposition Br. at p. 19). But words have meaning and cannot be ignored. *See Jacobson v. Healthcare Fin. Servs.*, 516 F.3d 85, 90 (2d Cir. 2008) (holding the FDCPA is designed to protect debt collectors from unreasonable construction and does not aid plaintiffs whose claims are based on "bizarre or idiosyncratic" interpretations of collections notices). The reasonable, least sophisticated consumer would read this statement to mean exactly what it says - that the DSNB may or may not disclose to the IRS the forgiveness of the Debt and that any such reporting is dependent upon what conditions Plaintiff satisfies to pay the Debt.

Plaintiff's opposition brief glosses over the unambiguous language in the Letter because the statement "will report forgiveness of debt as required by IRS regulations" clearly states that the disclosure to the IRS may apply only if warranted by IRS regulations. Using simple logic, an unsophisticated consumer can readily determine that if she chooses not to pay the Debt at all, then some IRS regulations may apply and DSNB may disclose the forgiveness to the IRS. For the reasons set forth herein, Plaintiff's allegations fail as a matter of law.

## POINT III

### THE LETTER IS NOT MISLEADING NOR IS IT MATERIAL

To be material under the FDCPA, a "statement must influence a consumer's decision or ability to pay or challenge a debt." *Okyere v. Palisades Collection, LLC*, 961 F. Supp. 2d 508, 518 (S.D.N.Y. 2013). Plaintiff's opposition brief fails to address how the Letter influences Plaintiff's ability to pay or challenge the Debt. Plaintiff's response to the arguments in Defendant's brief is that "[t]he IRS is a powerful governmental agency and the mere thought of being reported to it is intimidating to the objective consumer – sophisticated or not." (Opposition Br. at 19). Plaintiff then tortures logic and circularly argues that the "misrepresentation by ARS is *material* because it would have *materially* misled the least sophisticated consumer into believing that she had to pay all of her debt to avoid any issues with the IRS, when in reality she

- 6 -

could have taken the settlement offer stated in the letter without triggering a mandatory reporting of debt forgiveness to the IRS." (Opposition Br. at 19). Plaintiff essentially argues that a statement is material because it is material. The contested statement in the Letter is akin to a consumer disclaimer stating "Terms and conditions may apply. Void where prohibited." Allowing Plaintiffs' FDCPA claims to proceed would expand the universe of liability for debt collectors past the ambit of the statute.

Furthermore, Plaintiff argues that the Letter states that any payment satisfaction or forgiveness of the Debt triggers a mandatory reporting to the IRS. Plaintiff's argument inexcusably misrepresents the language in the Letter. Nowhere in the contested statement or anywhere else in the Letter is there any language that suggests directly or indirectly that Plaintiff must report every possible forgiveness or payment satisfaction of debt. Nowhere in the Letter is a "mandatory trigger" intimated, let alone explicitly "threatened."

In the present case, ARS threatened no legal action, let alone that it would unconditionally report debt forgiveness to the IRS. The Letter is clear that DSNB would not be able to report the potential forgiveness of the Debt without certain conditions being satisfied by Plaintiff, *i.e.,* whether she paid the Debt or not. Indeed, the Letter even offers Plaintiff to contact ARS to discuss "discuss alternative arrangements" if Plaintiff is unable to make the proffered settlement payment. [Doc. 1-1 at p. 2]. To the contrary, the only mention of the IRS regulations is in furtherance of the CFPB Bulletins governing debt collectors.

ARS included in the Letter the reference to the possible, but not definite, reporting of the Debt forgiveness to the IRS in an abundance of caution and in deference to the regulatory advisory guidelines promulgated by the CFPB. The CFPB issues Bulletins in their effort to prevent possible violations of 12 U.S.C. § 5531 and 12 U.S.C. § 5536, which address unfair, deceptive, or abusive acts or practices. These statutes empower the CFPB to address and enforce the FDCPA's similar prohibition on "false, deceptive or misleading" debt collection practices.

*See* 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."). CFPB Bulletin 2013-07 (July 10, 2013), "Prohibition of Unfair, Deceptive, or Abusive Acts or Practices in the Collection of Consumer Debts" and CFPB Bulletin 2013-08 (July 10, 2013), "Representations Regarding Effect of Debt Payments on Credit Reports and Scores" provide that debt collectors may not misrepresent the consequences and circumstances of forgiveness of debt and must take steps to ensure that any claims that they make about the effect of paying debts are not deceptive, respectively. Given their oversight of debt collection related activities, the CFPB certainly would not issue a Bulletin requiring a third-party service provider such as ARS to engage in conduct violative of the FDCPA, such as clearly representing to the debtor Plaintiff that if she doesn't pay any of the Debt amount or pays a small percentage of the total amount, then the forgiveness of the Debt may trigger IRS reporting requirements. Because the government agency that regulates ARS already has spoken to the matters alleged in the Complaint, Plaintiff's allegations are patently meritless.

The contested sentence is not deceptive, false or misleading, nor does it satisfy the materiality requirement under Second Circuit jurisprudence. A statement has to be materially false in order to mislead the "least sophisticated consumer" and sustain a Fed.R.Civ.P. 12(b)(6) motion to dismiss. *Hasbrouck v. Arrow Fin. Servs. LLC*, 2011 U.S. Dist. LEXIS 53928, *11-12, 2011 WL 1899250 (N.D.N.Y May 19, 2011). Statements are material if they influence a consumer's decision to pay a debt or if they would impair the consumer's ability to challenge the debt. *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 942 (7th Cir. 2011). Here, Plaintiff has failed to allege how the contested sentence influenced her decision to pay or not pay the Debt. The Letter does not "mislead a putative debtor as to the nature and legal status of the underlying debt, or ... impede a consumer's ability to respond to or dispute collection" as required for a statement to be materially false. *Gabriele v. Am. Home Mortg. Servicing*, 503 Fed.

Appx. 89, 94 (2d Cir. 2012).

## CONCLUSION

Distilled to its essence, Plaintiff's Complaint and opposition brief submit to the Court a completely unrealistic and tortured reading of both the clear language of the Letter and the application of the unsophisticated consumer standard. Contrary to Plaintiff's opposition brief argument, there is nothing in the Letter that directly states or indirectly suggests that ARS will - without Plaintiff satisfying certain conditions – report debt forgiveness to the IRS. While the Letter does offer to forgive the Debt for a reduced amount and to discuss alternative arrangements for resolution with Plaintiff, it does not reference 1099C at all. Plaintiff seeks to transform the singular disputed sentence in the Letter to an express threat that ARS will file form 1099C *regardless* of Plaintiff's actions triggering DSNB's IRS regulatory responsibilities arising therefrom. What is more, Plaintiff's opposition glosses over the unambiguous language in the Letter that states that, reporting to the IRS is wholly conditional upon Plaintiff's decision to pay the Debt and whether that decision triggers IRS reporting obligations. What Plaintiff elects to do *may* trigger an obligation to report pursuant to IRS regulations. The Letter could not be clearer on this point.

The FDCPA was intended to eliminate abusive debt collection practices and to protect consumers from such abuses as misrepresentations concerning the amount of the debt or other aspects of the debtor's obligations. *See generally* 15 U.S.C. §§ 1692a-e; *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 1608-09 (2010). Despite its remedial purpose, however, the FDCPA was never intended to afford a windfall to those debtors who have not been subjected to abusive or unlawful collection practices. Indeed, the FDCPA "preserve[s] a quotient of reasonableness and presume[es] a basic level of understanding and willingness to read [collection complaints] with care.'" *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354-355,

2000 U.S. App. LEXIS 22014, *6 (3d Cir. 2000). "The standard does not go so far as to provide solace to the willfully blind or non-observant." *Campuzano-Burgos v. Midland Credit Mgmt.*, 550 F.3d 294, 298-99 (3d Cir. 2008).  Nor does the statute afford relief to plaintiffs who urge "liability for bizarre or idiosyncratic interpretations . . . Stated differently, [the Court] will not countenance lawsuits based on frivolous misinterpretations or nonsensical interpretations of being led astray." *Miller v. Javitch, Block & Rothbone*, 561 F.3d 588, 592 (6th Cir. 2009).

Dated: July 14, 2016

                **GORDON & REES LLP**
                *Attorneys for Defendant ARS National Services, Inc.*

                By: */s/ Peter G. Siachos*
                      Peter G. Siachos
                      Yevgeny Roymisher

                18 Columbia Turnpike, Suite 220
                Florham Park, New Jersey 07932
                Telephone: (973)549-2500
                Facsimile: (973)377-1911
                Email: psiachos@gordonrees.com