Peter G. Siachos
psiachos@gordonrees.com
Direct Dial: (973) 549-2532



*Admitted In: NJ, NY, DC, SC and PA*

Attorneys At Law
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
Phone: (973) 549-2500
Fax: (973) 377-1911
www.gordonrees.com

August 26, 2016

<u>Via ECF</u>

The Honorable Joseph F. Bianco
United States District Judge
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

  RE: <u>*Bautz v. ARS National Services, Inc.*</u>
     <u>Case No. 2:16-cv-00768-JFB-SIL</u>

Dear Judge Bianco:

  This firm represents Defendant ARS National Services, Inc. ("ARS") in the above-referenced matter. We write to bring to the Court's attention recent case authority that affects the Court's subject matter jurisdiction, including Article III standing. We respectfully request that the Court consider the supplemental authority herein prior to making its decision on the pending motion to dismiss.

  The Second Circuit holds that courts may, and should, raise issues of subject matter jurisdiction *sua sponte*. *Fax Telecommunicaciones Inc. v. A T & T*, 138 F.3d 479, 485-86 (2d Cir. 1998) (noting the Court has an obligation to *sua sponte* determine whether the Court properly heard the action regardless of the fact that the plaintiff "neither objected to removal nor challenged the jurisdiction of the district court"); *Poindexter v. Nash*, 333 F.3d 372, 383 (2d Cir. 2003) (noting a court is obligated to *sua sponte* examine its own subject matter jurisdiction).

  In this matter, Plaintiff has not (and cannot) allege any concrete harm sufficient to establish an injury-in-fact that is redressable by the Court. Accordingly, under Article III of the United States Constitution, Plaintiff lacks standing to pursue her claims, and the Court lacks subject matter jurisdiction. In *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), the Supreme Court addressed Article III standing for Fair Credit Reporting Act ("FCRA") claims seeking statutory and punitive damages for alleged technical, statutory violations (like here), and determined that plaintiff cannot "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and [a private rights of action]."• *Id*. at 1549. In *Spokeo*, plaintiff alleged that Spokeo violated the FCRA by posting inaccurate information about him on its website. *Id*. at 1546. Robins sought statutory and punitive damages for an alleged willful FCRA violation. *Id*. In particular, Spokeo's website depicted Robins as a relatively affluent married man in her fifties, with children, a graduate degree, and a job, when in reality Robins was an unemployed single male with no children or graduate degree. *Id*. Robins alleged that the inaccuracies made him appear overqualified and less mobile due to alleged family responsibilities. *Id*. at 1555-56 (Ginsberg J. dissenting). The District Court dismissed Robins' FCRA claims for lack of standing, but the Ninth Circuit reversed, holding

The Honorable Joseph F. Bianco
August 26, 2016
Page 2

that Robins adequately alleged injury-in-fact, because Spokeo supposedly violated her statutory rights. *Id*. at 1544.

The Supreme Court vacated and remanded the action, holding that the Ninth Circuit's injury-in-fact analysis was incomplete and only addressed "particularization," but not "concreteness." *Id*. at 1548. And, the Supreme Court determined that, to establish an injury-in-fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is both "concrete and particularized." *Id*. at 1547-48 (citing *Lujan*, 504 U.S. at 560).

The Supreme Court of the United States in *Spokeo* clarified what is required to demonstrate standing in the context of bare procedural statutory violations, such as the one Plaintiff asserts here under the FDCPA. As the Court may recall, the letter dated December 31, 2015 at issue in this litigation ("Letter") merely informed Plaintiff that ARS intends to comply with IRS reporting requirements for debt forgiveness reporting. Simply stated, ARS states that if IRS regulations require reporting, the original creditor Department Stores National Bank ("DSNB") will report the debt forgiveness. If the IRS regulations do not so require, then no reporting will occur. No concrete injury is cognizable to Plaintiff nor is one plead in the Complaint.

In *Spokeo*, the Supreme Court held that "the injury in fact requirement [of standing] requires a plaintiff to allege an injury that is both 'concrete *and* particularized." *Id*. at 1545 (emphasis in original). The Court explained that, while particularity requires that the injury "affect the plaintiff in a personal and individual way," concreteness requires that the injury "be '*de facto*'; that is, it must actually exist." *Id*. at 1548 (quotation marks omitted). The case was remanded to the Circuit so that it could analyze both aspects of the injury in fact requirement. *Id*. at 1545.

While thoroughly analyzing the concreteness requirement in *Spokeo*, the Supreme Court clarified that the injury in fact requirement is not "automatically" satisfied "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. at 1549. Rather, as the Court had previously held, "Article III standing requires a concrete injury even in the context of a statutory violation," such that the plaintiff in *Spokeo*, Robins, "could not, for example, allege a *bare procedural violation, divorced from any concrete harm*, and satisfy the injury-in-fact requirement of Article III." *Id*. (emphases added) (*quoting Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009)). Plaintiff's alleged injury is that she (i) received the Letter, which requested payment of the full amount of the $849.35 debt ("Debt") she owes on the DSNB credit card, or a smaller settlement amount and (ii) the Letter informed her that, if applicable, IRS regulations require certain debt forgiveness reporting.

The *Spokeo* Court cited *FEC v. Akins*, 524 U.S. 11, 20, 118 S. Ct. 1777, 1784 (1998) and *Public Citizen, Inc. v. Nat'l Highway Traffic Safety Admin.*, 489 F.3d 1279, 1292, 376 U.S. App. D.C. 443, 456 (D.C. Cir. 2007) as cases where the violation of a procedural right granted by statute was to constitute injury in fact. In *Akins*, the Court confirmed that a group of voters' "inability to obtain information" that Congress had decided to make public was a sufficient injury in fact to satisfy Article III. *Akins*, 524 U.S. at 21. In *Public Citizen*, two advocacy organizations' failure to obtain information subject to disclosure under the Federal Advisory Committee Act constituted a sufficiently distinct injury to provide standing to sue. *Public Citizen, Inc.*, 489 F.3d at 1284. The interests at issue in *Akins* and *Public Citizen* resemble the diffuse and less tangible interests that Congress sought to protect and promote. The alleged injury here, a letter advising a debtor that if her actions trigger certain IRS regulations, debt forgiveness will be reported *as required by those regulations*. If no reporting is required by the regulations, no reporting will occur. That is the extent

The Honorable Joseph F. Bianco
August 26, 2016
Page 3

of the "injury" Plaintiff alleges. Not only is Plaintiff's alleged injury frivolous but also intangible and diffuse, and wholly unenforceable as it is a bare procedural violation, categorically insufficient to confer standing. In this respect, the interests at issue in *Akins* and *Public Citizen* are dissimilar from the interests implicated by the FDCPA provisions under which Plaintiff seeks to recover. Indeed, the Supreme Court has held that:

> Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, Robins could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III.

*Spokeo*, 136 S. Ct. at 1549.

Similarly, Plaintiff's Complaint herein alleges a bare procedural violation premised on a factually insufficient allegation divorced from any concrete harm. Plaintiff therefore does not satisfy the injury-in-fact requirement of Article III and does not have standing to pursue her claims. As such, the Court should *sua sponte* dismiss this matter – alternatively, the parties should brief this matter given recent and momentous development in FDCPA case law.

                                              Respectfully Submitted,

                                              */s/ Peter G. Siachos*

                                              PETER G. SIACHOS

cc:    Gus Michael Farinella, Esq. – counsel for Plaintiff (via ECF)