**FILED
CLERK**

9/6/2016 9:24 am

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

```
                 UNITED STATES DISTRICT COURT
                 EASTERN DISTRICT OF NEW YORK
------------------------------------------
VIRGINIA T. BAUTZ,              Docket 16-cv-00768-JFB-SIL
                    Plaintiff,
                                United States Courthouse
            v.                  Central Islip, New York

ARS NATIONAL SERVICES, INC.,    August 31, 2016
                    Defendant.  2:34:03 pm – 2:46:34 pm
------------------------------------------
```

                TRANSCRIPT FOR CIVIL CAUSE
        - ORAL RULING ON DEFENDANT'S MOTION TO DISMISS -
            BEFORE THE HONORABLE JOSEPH F. BIANCO
                 UNITED STATES DISTRICT JUDGE


A P P E A R A N C E S :

*For the Plaintiff:*        GUS MICHAEL FARINELLA, ESQ.
*(via telephone)*           RYAN L GENTILE, ESQ.
                            Law Offices of Gus Michael Farinella P.C.
                            110 Jericho Turnpike, Suite 100
                            Floral Park, New York 11001
                            (212) 675-6161; (212) 675-4367 fax


*For Defendants:*           YEVGENY ROYMISHER, ESQ.
*(via telephone)*           Gordon & Rees LLP
                            90 Broad Street, 23rd floor
                            New York, New York 10004
                            (212) 269-5500; (212)269-5505


*Transcriber:*              AA Express Transcripts
                            195 Willoughby Avenue, Suite 1514
                            Brooklyn, New York 11205
                            (888) 456-9716; (888) 677-6131 fax
                            aaexpress@court-transcripts.net


       *(Proceedings recorded by electronic sound recording)*

1  COURTROOM DEPUTY: Civil Cause for a Motion Hearing in
2 civil 16-768, Bautz v. ARS National Services, Inc. Counsel,
3 please state your appearance for the record.
4  MR. GENTILE: Ryan Gentile, for the Plaintiff, and Gus
5 Michael Farinella, for the Plaintiff.
6  MR. FARINELLA: Gus Michael Farinella on the line,
7 Your Honor.
8  THE COURT: Okay.
9  MR. ROYMISHER: Yevgeny Roymisher, for Defendant.
10  THE COURT: Okay. Good afternoon. The Court
11 scheduled this because I wanted to place my ruling on the record
12 with respect to the pending motion to dismiss. I also wanted to
13 discuss the August 26 letter regarding the issue of subject
14 matter jurisdiction that Defendants wish to brief to the Court.
15 So, I'm going to place the ruling on the record, and then I will
16 discuss that.
17  For reasons I'll explain in a moment, I'm denying the
18 motion to dismiss in its entirety that is pending before the
19 Court. First with respect to the standard of review for the
20 motion to dismiss, it's well-settled. I won't repeat it and
21 belabor the record. I adopt the standard of review as I set
22 forth in _Harbor Distributing Corp. v. GTE Operations Support_
23 _Incorporated_, 2016 WL 1228615, at P*3 (E.D.N.Y March 28, 2016).
24  Obviously, the Court must accept the factual
25 allegations set forth in the complaint as true and draw all

1  reasonable inferences in favor of the non-moving party here,
2  which is the Plaintiff.  The Plaintiff in this case alleges that
3  the Defendant sent a letter that violates the Fair Debt
4  Collection Practices Act §1692e(2)(10), 15 USC §1692e provides
5  that "A debt collector may not use any false, deceptive, or
6  misleading representation or means in connection with the
7  collection of any debt."
8         Specifically, 15 USC §1692e(2)(A) prohibits a debt
9  collector from falsely representing the "the character, amount,
10 or legal status of any debt."  And 15 USC §1692e(2)(10)
11 prohibits "The use of any false representation or deceptive
12 means to collect or attempt to collect any debt."
13        Defendant moves to dismiss the claims, arguing that
14 the challenge statement is not deceptive, misleading or material
15 as a matter of law.  I'm going to address first the issue of
16 deception, whether it's deceptive or misleading.
17        To determine whether a debt collector's communication
18 violates §1692e, courts apply an objective test based on the
19 understanding of the least sophisticated consumer, *Bentley v.*
20 *Great Lakes Collection Bureau*, 6 F.3d 60, 62 (2d Cir 1993).  As
21 well as *Vu v. Diversified Collection Services, Inc.*, 293 FRD
22 343, 359 (E.D.N.Y. 2013).
23        According to the Second Circuit, the least
24 sophisticated consumer standard is "an object of analysis that
25 seeks to protect the naïve from abusive practices while

1  simultaneously shielding debt collectors from liability for
2  bizarre or idiosyncratic interpretations of collection letters."
3  *Greco v. Trauner, Cohen & Thomas, LLP.*, 412 F.3d 360, 363 (2d
4  Cir. 2003).  However, the Second Circuit has emphasized in that
5  opinion that "even the least sophisticated consumer can be
6  presumed to possess a rudimentary amount of information about
7  the world and the wiliness to read a collection notice with some
8  care."
9          A communication is considered false, deceptive or
10 misleading to the least sophisticated consumer if it is "open to
11 more than one reasonable interpretation, at least one of which
12 is inaccurate."  *Easterling v. Collecto. Inc.*, 692 F.3d 229, 234
13 (2d Cir. 2012).  This question is a question of law.  See for
14 example *Shami v. National Enterprise Systems*, 914 F. Supp. 2d
15 353, 359 (E.D.N.Y. 2012).  As such, the Court can resolve
16 whether a communication violates §1692e on a motion to dismiss.
17 See for example *Diaz v. Residential Credit Solutions, Inc.*, 965
18 F.Supp.2d 249, 256 (E.D.N.Y. 2013).
19         The statement at issue in this case provides that
20 "Department Stores National Bank will report forgiveness of debt
21 as required by IRS regulations."  Although Defendants argue that
22 "as" as used in that statement is a permissive qualifier.
23 Essentially the equivalent of "if" or "when".  I do not believe
24 that that will be the understanding of the least sophisticated
25 consumer.  In particular, I conclude that the combination of the

1  term "will report", as well as the term "as required" reasonably
2  communicates to the least sophisticated consumer that any
3  forgiveness of debt without any qualifications or conditions
4  will be reported to the IRS because it is required by the IRS
5  regulations.
6        Obviously, that's not the only interpretation of that
7  language, but I certainly conclude that is a reasonable
8  interpretation of that language which should be understood by
9  the least sophisticated consumer.  I just note by way of analogy
10 there were a number of analogies at the oral argument.  And I
11 was thinking later, when we were using court analogies, I think
12 the best court analogy to that would be a guilty plea.  If I
13 were to tell someone that I will be sentencing you to 20 years
14 in jail as required by law, certainly one reasonable
15 interpretation of that could be that at the time of sentencing
16 it is mandatory that you'll be receiving 20 years.  It would not
17 communicate that it was an optional sentence.  But rather, I
18 think when the term "will" is used, as required by law, it's
19 reasonably communicated certainly to the least sophisticated
20 consumer that that's a mandatory thing that's going to happen,
21 as opposed to a conditional situation.  See for example *Good v.*
22 *Nationwide Credit, Inc.*, 55 F.Supp.3d 742, 748-49 (E.D. Pa.
23 2014).
24       Obviously, given what I think the reasonable
25 interpretation of that language is, because there are numerous

1  circumstances where debt forgiveness is not required to be
2  reported to the IRS, I conclude that the statement is deceptive
3  and misleading to the least sophisticated consumer who could
4  understand that statement at issue to require mandatory
5  reporting of any debt forgiveness to the IRS.  So the motion to
6  dismiss on that ground is denied.
7           Defendant also argues that the statement cannot be
8  misleading because it is not material.  Certain district courts
9  in this circuit have incorporated materiality assessment to
10 their analysis of whether a statement is actionable under the
11 FDCPA.  See for example Vu v. Diversified Collection Services,
12 Inc., 293 FRD 343, 360 (E.D.N.Y. 2013).  Collecting cases in the
13 Second Circuit discussed the use of a materiality requirement in
14 *Gabriele v. American Home Mortgage Servicing, Inc.*, 503 Fed.
15 App'x 89, 94 (2d Cir 2012).  To be material, a statement "must
16 be capable of influencing a consumer's decision or ability to
17 pay or challenge a debt." *Okyere v. Palisades Collection, LLC*,
18 961 F.Supp.2d 508, 518 (S.D.N.Y. 2013).  See also *Kaff*, 13-civ-
19 5413, Docket Number 32 at P*12 (E.D.N.Y. March 31, 2015).
20           I conclude that the statement at issue in this case
21 could plausibly be material because of belief that tax
22 consequences stemming from debt forgiveness could potentially
23 impact whether the Plaintiff decides to pay the lesser amount
24 offered, as opposed to the entire debt owed or even some other
25 option.  See for example, *Valez v. Enhanced Recovery Company*

*LLC*, 2016 WL 1730721 at P*3 (E.D.Pa May 2, 2016).  "It would not be bizarre or idiosyncratic for the least sophisticated debtor to believe that the invocation of the IRS reasonably suggests that he or she could get in trouble with the IRS for refusal to pay the debt or for obtaining any debt forgiveness of $600 or more.  The least sophisticated debtor could reasonably assume that ERC included the statement because it was relevant and such a debtor could believe, given the lack of specificity in the generally-stated rule that mentions one exception but not others, that the action he chooses to take with respect to the debt will trigger tax consequences or reporting requirements. There are myriad other ways that the statement could, without bizarre or idiosyncratic interpretation, influence the least sophisticated debtor's decision-making process."

Also, *Kaff*, the decision I referred to earlier at page 13 "The least sophisticated consumer afraid of audit may be pressured by any statement such as one made by the Defendant into paying more of his debt to avoid the risk of triggering an IRS audit."  Thus, I conclude that the statement at issue in this plausibly satisfied the materiality requirement for the reasons I've stated, and the motion to dismiss on that ground is denied.

Okay.  So the motion to dismiss is denied in its entirety.  With respect to the jurisdictional issue, we had some discussion of this at the end of the oral argument, and I said I

1  would permit briefing by the Defendant if Defendant wished to
2  brief it, but it's not clear to me.  Do you want me to --
3             MR. ROYMISHER:  We would like to brief it, Your Honor.
4             THE COURT:  Okay.  More so than your letter?  You want
5  to --
6             MR. ROYMISHER:  Yes.
7             THE COURT:  Okay.  So, how long do you need to do
8  that?
9             MR. ROYMISHER:  There's a Second Circuit decision
10 pending right now in *Stroble*, so I anticipate that being decided
11 soon.  So would three or four weeks be okay?
12            THE COURT:  That's fine.  September 30?
13            MR. ROYMISHER:  Yes.
14            THE COURT:  Okay.  And then you want 30 days to
15 respond?
16            MR. GENTILE:  Yes, Your Honor.
17            THE COURT:  Okay.  We'll say October 31.  Reply,
18 November 14?
19            MR. ROYMISHER:  Yes.
20            THE COURT:  And then we'll put it for argument, how
21 about December 1 at 4:30?
22            MR. ROYMISHER:  Okay.
23            MR. GENTILE:  That works.
24            MR. FARINELLA:  Okay.  that works.
25            THE COURT:  All right.  Anything else?

1  MR. GENTILE: Will the decision that you read be
2  posted?
3  THE COURT: What will happen is an order will go up in
4  the next couple of days saying for the reasons set forth on the
5  record, the motion is denied in its entirety. But if you want
6  the analysis that I just placed on the record, you're going to
7  have to order a transcript. I don't intend on, at this point,
8  issuing a written memorandum. Okay?
9  MR. FARINELLA: Thank you, Your Honor.
10 THE COURT: All right. Thank you. Have a good day.
11 MR. GENTILE: Thank you.
12 MR. FARINELLA: Thank you, Your Honor.
13                          - o0o -

```
 1                          CERTIFICATION

 2

 3          I, Rochelle V. Grant, certify that the foregoing is a

 4   correct transcript from the official electronic sound recording

 5   of the proceedings in the above-entitled matter.

 6

 7   Dated:  September 1, 2016

 8
                                      _____
 9
                                             Rochelle V. Grant
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```