**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Virginia T. Bautz, on behalf of herself and all others similarly situated, | Civil Action No: 2:16-cv-00768-JFB-SIL |
| Plaintiff, | |
| -against- | |
| ARS National Services, Inc., | |
| Defendant. | |

---

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

---

**GORDON & REES LLP**
18 Columbia Turnpike, Suite 220
Florham Park, New Jersey 07932
Tel: (973) 549-2500
Fax: (973) 377-1911
E-mail: psiachos@gordonrees.com
*Attorneys for ARS National Services, Inc.*

*Of Counsel and on the Brief:*
  Peter G. Siachos, Esq.
  Yevgeny Roymisher, Esq.

# **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS .........................................................................................................3

LEGAL ARGUMENT ...............................................................................................................4

STANDARD OF REVIEW ........................................................................................................4

POINT I

      PLAINTIFF LACKS STANDING UNDER ARTICLE III
      OF THE UNITED STATES CONSTITUTION TO PURSUE HER CLAIMS .................5

      A.     Spokeo Confirms That A Bare Statutory Violation Divorced From Concrete Harm Fails
           To Satisfy Article III....................................................................................................6

      B.     Plaintiff Fails To Plead That She Suffered Any Concrete Or Real Injury As A Result Of
           The Letter....................................................................................................................12

CONCLUSION.........................................................................................................................211

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**Cases**

*Braitberg v. Charter Communications, Inc.*,
No. 14-1737, 2016 U.S. App. LEXIS 16477, 2016 WL 4698283 (8th Cir. Sept. 8, 2016) ............................................................................................................................... 11

*Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*,
433 F.3d 181 (2d Cir. 2005) .................................................................................... 5, 8

*Chad & Courtney Provo v. Rady Children's Hosp. - San Diego*,
No. 15CV00081-JM(BGS), 2016 WL 4625556 (S.D. Cal. Sept. 6, 2016) ...................... 12, 13

*Clapper v. Amnesty Int'l USA*,
133 S. Ct. 1138, 185 L. Ed. 2d 264 (2013) .......................................................... 20

*Dolan v. Select Portfolio Servicing*,
No. 03-CV-3285 (PKC) (AKT), 2016 U.S. Dist. LEXIS 101201 (E.D.N.Y. Aug. 2, 2016) ............................................................................................................................. 8, 9

*FEC v. Akins*,
524 U.S. 11, 118 S. Ct. 1777 (1998) .................................................................... 9

*Fisher v. Enter. Holdings, Inc.*,
No. 4:15CV00372, 2016 U.S. Dist. LEXIS 120498 (E.D. Mo. Sept. 7, 2016) ...................... 10

*Friends of the Earth, Inc. v. Laidlaw Environmental Serv.*,
528 U.S. 167 (2000) ................................................................................................. 2

*Groshek v. Time Warner Cable, Inc.*,
No. 15-C-157, 2016 U.S. Dist. LEXIS 104952, 2016 WL 4203506 (E.D. Wis. Aug. 9, 2016) ............................................................................................................................ 10

*Gubala v. Time Warner Cable, Inc.*,
No. 15-1078, 2016 U.S. Dist. LEXIS 79820 (E.D. Wis. June 17, 2016) ............................. 15

*Hancock v. Urban Outfitters, Inc.*,
No. 14-7047, 2016 U.S. App. LEXIS 13548 (D.C. Cir. July 26, 2016) ................................. 10

*Hochendoner v. Genzymc Corp.*,
-- F.3d --, 2016 WL 2962148 (1st Cir. May 23, 2016) ........................................... 2

*Jackson v. Abendroth & Russell, P.C.*,
No. 4:16-cv-00113-RGE-HCA, 2016 U.S. Dist. LEXIS 125986 (S.D. Iowa Sep. 12, 2016) ............................................................................................................................. 13

*Kendall v. Emps. Ret. Plan of Avon Prods.*,
561 F.3d 112 (2d Cir. 2009) ................................................................................... 8

*Khan v. Children's Nat'l Health Sys.*,
  -- F. Supp. 3d --, No. 15-2125, 2016 WL 2946164 (D. Md. May 19, 2016) ...................... 6, 16

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) .................................................................................... 4, 5, 6, 7

*Mittasch v. Reviczky*,
  2013 WL 2948344 (D. Conn. June 14, 2013) ............................................................. 5

*Pierce v. Green Tree Servicing LLC*,
  -- F. App'x --, No. 15-1473, 2016 WL 3435391 (10th Cir. June 21, 2016) ........................... 16

*Public Citizen, Inc. v. Nat'l Highway Traffic Safety Admin.*,
  489 F.3d 1279, 376 U.S. App. D.C. 443 (D.C. Cir. 2007) ........................................................ 9

*Raines v. Byrd*,
  521 U.S. 811 (1997) ................................................................................................. 8

*Romero v. Dep't Stores Nat'l Bank*,
  No. 15-CV-193, 2016 U.S. Dist. LEXIS 110889, 2016 WL 4184099 (S.D. Cal. Aug.
  5, 2016) ................................................................................................................. 10

*Smith v. Ohio State Univ.*,
  No. 2:15-CV-3030, 2016 U.S. Dist. LEXIS 74612 (S.D. Ohio June 8, 2016) ................. 10, 15

*Spokeo, Inc. v. Robins*,
  136 S. Ct. 1540 (2016) ................ 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998) .............................................................................................. 6, 15

*Strubel v. Capital One Bank (U.S.A.), N.A.*,
  No. 13-4462, --  F.Supp.3d -- , 2016 U.S. Dist. LEXIS 41487, 2016 WL 1271067
  (S.D. N.Y. Mar. 29, 2016) *appeal docketed*, No. 15-528 (2d Cir. June 17, 2016) ...... 16, 17, 18

*Summers v. Earth Island Inst.*,
  555 U.S. 488 (2009) ............................................................................................... 20

*Tourgeman v. Collins Fin. Servs., Inc.*,
  No. 08-CV-1392, 2016 U.S. Dist. LEXIS 97356, 2016 WL 3919633 (S.D. Cal. June
  16, 2016) ............................................................................................................... 11

*Wall v. Renal*,
  No. 15-13254, 2016 WL 3418539 (E.D. Mich. June 22, 2016) ............................................ 15

*Warth v. Seldin*,
  422 U.S. 490 (1975) ................................................................................................. 4

*Whitmore v. Arkansas*,
  495 U.S. 149 (1990) ............................................................................................... 20

**Statutes**

15 United States Code
   Section 1692e ....................................................................................................... 1, 12

**Rules**

Federal Rule of Civil Procedure
   Rule 12 ............................................................................................................. 1, 4, 5

## PRELIMINARY STATEMENT

Defendant ARS National Services, Inc. ("ARS")  submits this Memorandum of Law in support of its Motion to Dismiss the Complaint of Plaintiff Virginia T. Bautz ("Bautz" or "Plaintiff") with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

Plaintiff does not have standing under Article III of the United States Constitution to pursue her claims under 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10) of the Fair Debt Collections Practices Act ("FDCPA"). Ms. Bautz has failed to allege a concrete and particularized injury-in-fact The Complaint purports to state claims based on the allegation that ARS sent Ms. Bautz a dunning letter dated December 31, 2015 (the "Letter"). *See* Certification of Peter G. Siachos, Esq. dated September 30, 2016 ("Siachos Cert."), Complaint, **Exhibit A**. ARS purchased the right and title to the credit card loan issued by Department Stores National Bank ("DSNB") to Plaintiff with a balance of $849.35 (the "Debt") that is in default and still outstanding. Plaintiff alleges that a single sentence contained in the Letter that states that DSNB "will report forgiveness of debt **as required by IRS regulations"** violates the FDCPA.  Plaintiff, however, fails to identify that an injury occurred from this voluntary disclosure, which merely informs Ms. Bautz that DSNB will comply with federal law and the Internal Revenue Service (IRS) regulations.

In *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), the United States Supreme Court addressed the injury-in-fact requirement necessary for Article III standing. The Court reiterated that standing is a necessary prerequisite to subject matter jurisdiction and to have standing a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." 136 S. Ct. at 1547 (citations omitted). The majority explained that "the injury in fact requirement

requires a plaintiff to allege an injury that is both concrete and particularized.' " *Id*. at 1545 (*quoting Friends of the Earth, Inc. v. Laidlaw Environmental Serv.*, 528 U.S. 167, 180-181 (2000)).

"To establish an injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id*. at 1548. It is the plaintiff's burden to establish standing and, thus, the existence of an injury in fact. *Id*. at 1547. Congress cannot relieve a plaintiff of that burden: "Injury in fact is a constitutional requirement, and it is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue a plaintiff who would not otherwise have standing." *Id*. at 1547-48.

In the present case, Ms. Bautz has not claimed, much less established, a particularized or concrete injury. She has not even attempted to establish a particularized injury because she has never claimed to have been injured separate and apart from her putative class. In fact, she has conceded just the opposite: "The least sophisticated consumer would likely be deceived into believing that there would be a tax consequence if she accepted Defendant's offer, such a belief would be false." *Siachos Cert.*, Complaint, Exhibit A., ¶ 45. These allegations are generalized and demonstrate neither particularized nor concrete injury to Plaintiff. Ms. Bautz pleads no facts that she herself was injured or harmed, rather it is the generalized hypothetical person who "would likely" suffer the harm. *See Hochendoner v. Genzymc Corp.*, -- F.3d --, 2016 WL 2962148, at *5 (1st Cir. May 23, 2016) (generalized contentions as to injury insufficient to establish particularization element of standing).

The Supreme Court held that a plaintiff cannot satisfy the injury-in-fact requirement necessary for Article III standing by alleging a bare statutory violation unaccompanied by an

injury that is "concrete"--that is, "real." *Spokeo.*, 136 S. Ct. at 1540. *Spokeo* changed the landscape for class action litigation based on technical violations of federal statutes. As the Court explained, "Article III standing requires a concrete injury **even in the context of a statutory violation**." *Id*. at 1549. (emphasis added).

*Spokeo*'s holding requires dismissal of Ms. Bautz's lawsuit under the FDCPA. Ms. Bautz has not shown (and cannot show) that she suffered a "concrete injury" arising from the Letter's voluntary disclosure of potentially applicable IRS regulations. She does not claim any economic or other tangible injury as a result of receiving the Letter. Nor does she assert any sort of "intangible" injury. *Spokeo*, 136 S. Ct. at 1549. Ms. Bautz does not plead any facts showing that the Letter and its allegedly misleading disclosures about the IRS compelled her to pay the Debt. In fact, Plaintiff has not paid one cent towards her Debt. Ms. Bautz cannot claim to be mislead or injured by the Letter in any way—rather, she is simply using ARS's voluntary disclosures against it to not only avoid her financial obligations but to seek a windfall by filing an FDCPA lawsuit. There is no hint in the Complaint even suggesting that Ms. Bautz has suffered a concrete injury as a result of ARS's alleged violations of the FDCPA. Accordingly, she lacks standing to bring this action to pursue claims under the FDCPA.

## STATEMENT OF FACTS

### A.    Plaintiff's Complaint

In the Complaint filed on February 15, 2016, Plaintiff alleges that she received a "communication" from ARS, in the form of the Letter concerning her delinquency in remitting payment on the Debt originating from a DSNB credit card. *Siachos Cert.*, Exhibit A, Complaint ¶ 21.  As such, the Debt is past-due and was in default when placed with ARS for collection.  *Id*, ¶ 17.

Plaintiff alleges that the Letter harmed her by use of the words "as required by IRS

regulations" because this language "attempts to make consumers think that IRS requires reporting of all debt." *Siachos Cert.*, Complaint, ¶ 42. Plaintiff alleges that ARS "tends to give erroneous and/or incomplete tax advice to consumers" – but not Ms. Bautz herself - and that the Letter "suggests to the least sophisticated consumer that failure to pay will get the consumer into trouble with the IRS." *Id.* at ¶¶ 43-44. Plaintiff does not plead that any concrete injury befell her in particular. Finally, Plaintiff alleges that "the least sophisticated consumer would likely be deceived into believing that there would be a tax consequence if she accepted [ARS's] offer, such a belief would be false." *Id.* at ¶¶ 43-44. Notwithstanding the fact that the Letter offers to settle the Debt with Plaintiff pursuant to "alternative arrangements" which may very well include an amount of debt forgiveness which triggers the IRS reporting requirements, nonetheless this allegation in the Complaint is still not a concrete particularized injury.

For these reasons, Plaintiff's Complaint must be dismissed for lack of standing and subject matter jurisdiction.

## LEGAL ARGUMENT

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss an action if the Court has no subject matter jurisdiction.   Plaintiff lacks standing to bring her claims. Standing is a threshold jurisdictional requirement, derived from the case or controversy language of Article III of the Constitution. To satisfy constitutional standing requirements, there must be (1) a concrete and particularized, actual or imminent injury in fact to the plaintiff ("injury in fact"), (2) a causal connection between that injury and the defendant's conduct, and (3) redressability of that injury by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *see also Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("A federal court's jurisdiction [] can be invoked only when *the plaintiff himself has suffered some threatened or*

*actual injury* resulting from the putatively illegal action . . . .") (quotation marks omitted) (emphasis added).

## POINT I

### PLAINTIFF LACKS STANDING UNDER ARTICLE III OF THE UNITED STATES CONSTITUTION TO PURSUE HER CLAIMS

Plaintiff has not (and cannot) alleged any concrete harm sufficient to establish an injury-in-fact that is redressable by this Court. Accordingly, under Article III, Plaintiff lacks standing to pursue her claims, and this Court lacks subject matter jurisdiction.

Ms. Bautz lacks Article III standing to pursue her allegations of technical, harmless violations of the FDCPA. In order to satisfy the "irreducible constitutional minimum" of Article III standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 136 S. Ct. at 1547 (*citing Lujan,* 504 U.S. at 560-61). If a plaintiff lacks Article III standing, "a court has no subject matter jurisdiction to hear [her] claim." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005). The plaintiff has the burden of demonstrating that standing exists (*Spokeo*, 136 S. Ct. at 1547), and "[t]o survive a defendant's Rule 12(b)(1) motion to dismiss for lack of standing, plaintiff[] must allege facts that affirmatively and plausibly suggest that [she has] standing to sue." *Mittasch v. Reviczky*, 2013 WL 2948344, at *3 (D. Conn. June 14, 2013).

The Supreme Court's recent decision in *Spokeo* underscores that Ms. Bautz lacks Article III standing. The "first and foremost" component of the standing inquiry is whether a plaintiff has suffered "injury in fact." *Spokeo*, 136 S. Ct. at 1547; *accord Cent. States*, 433 F.3d at 198. And *Spokeo* makes clear that a "bare procedural violation" of a statute--without any showing of real, concrete harm to the plaintiff--is not enough to satisfy the injury-in-fact requirement.

*Spokeo*, 136 S. Ct. at 1549; *see also Khan v. Children's Nat'l Health Sys.*, -- F. Supp. 3d --, No. 15-2125, 2016 WL 2946164, at *7 (D. Md. May 19, 2016)  (applying *Spokeo* to conclude that plaintiff lacked standing because she "failed to connect the alleged statutory and common law violations to a concrete harm"). Because a bare statutory violation is all that Ms. Bautz alleges, this case must be dismissed. *See, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

**A.    *SPOKEO* CONFIRMS THAT A BARE STATUTORY VIOLATION DIVORCED FROM CONCRETE HARM FAILS TO SATISFY ARTICLE III OF THE UNITED STATES CONSTITUTION**

In order to establish Article III standing, a plaintiff must demonstrate, among other things, that she suffered "an injury in fact" that is both "concrete and particularized." *Defenders of Wildlife*, 504 U.S. at 560 (quotation marks omitted); *see also Spokeo*, 136 S. Ct. at 1548. The Supreme Court's decision in *Spokeo* makes clear that a plaintiff cannot plead a concrete "injury in fact" merely by alleging a bare statutory violation.

In *Spokeo*, the Supreme Court addressed Article III standing for Fair Credit Reporting Act ("FCRA") claims seeking statutory and punitive damages for alleged technical, statutory violations (like here), and determined that plaintiff cannot "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and [a private right of action]." *Id*. at 1549. In *Spokeo*, plaintiff alleged that Spokeo violated the FCRA by posting inaccurate information about him on its website. *Id*. at 1546. Robins sought statutory and punitive damages for an alleged willful FCRA violation. *Id*. In particular, Spokeo's website depicted Robins as a relatively affluent married man in his fifties, with children, a graduate degree, and a job, when in reality Robins was an unemployed single male with no children or

- 6 -

graduate degree. *Id.* Robins alleged that the inaccuracies made him appear overqualified and less mobile due to alleged family responsibilities. *Id.* at 1555-56 (Ginsberg J. dissenting). The District Court dismissed Robins' FCRA claims for lack of standing, but the Ninth Circuit reversed, holding that Robins adequately alleged injury-in-fact, because Spokeo supposedly violated his statutory rights. *Id.* at 1544.

The Supreme Court vacated and remanded the action, holding that the Ninth Circuit's injury-in-fact analysis was incomplete and only addressed "particularization," but not "concreteness." *Id.* at 1548. And, the Supreme Court determined that, to establish an injury-in-fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is both "concrete and particularized." *Id.* at 1547-48 (citing *Lujan*, 504 U.S. at 560).

The Supreme Court of the United States in *Spokeo* clarified what is required to demonstrate standing in the context of bare procedural statutory violations, such as the one Plaintiff asserts here under the FDCPA, with respect to the Letter's disclaimer that IRS regulations may apply. *Spokeo* mandates dismissal of the Plaintiff's Complaint for want of a standing and subject matter jurisdiction because Plaintiff merely recites the elements of an FDCPA with no plead facts that a concrete injury befell her.

Ms. Bautz pleads in her Complaint that someone else (not her) may be mislead by a statement which disclaims to the consumer that IRS reporting regulations may be triggered. *Siachos Cert.*, Complaint, ¶ 45. The Complaint pleads that the Letter "suggests" that the IRS may cause "trouble" for someone else – not Ms. Bautz. *Id.* ¶ 44. The Complaint relies on the hypothetical least sophisticated consumer who "likely" will be deceived into believing that there would be a tax consequence – but not Ms. Bautz. No particularized concrete injury to Ms. Bautz is plead anywhere in the Complaint. *Id.* ¶ 45.

The Supreme Court has held in *Spokeo* holds that simply pleading a statutory violation, without more, is not enough to satisfy Article III. *Spokeo*, 136 S. Ct. at 1548; *see also Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997) ("It is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing."); *Kendall v. Emps. Ret. Plan of Avon Prods.*, 561 F.3d 112, 118 (2d Cir. 2009) (stating that a plaintiff "must establish both statutory standing and constitutional standing, meaning [the plaintiff] must . . . assert a constitutionally sufficient injury arising from the breach of a statutorily imposed duty"); *Cent. States*, 433 F.3d at 201 ("[S]tatutory standing will not suffice to substitute for Article III standing.").

The Eastern District of New York has recently dismissed a bare procedural statutory violation claim similar to this one for lack of standing under the *Spokeo* analysis. In *Dolan v. Select Portfolio Servicing*, No. 03-CV-3285 (PKC) (AKT), 2016 U.S. Dist. LEXIS 101201, at *2-3 (E.D.N.Y. Aug. 2, 2016), the Court dismissed the complaint after recognizing that the Supreme Court's decision in *Spokeo* "clarifies what is required to demonstrate standing in the context of bare procedural statutory violations." *Id.*  In *Dolan*, plaintiff asserted violations of sections 2605(b) and (c) of the Real Estate Settlement Procedures Act, with respect to letters sent by defendant loan servicer. Plaintiff *Dolan* alleged that defendant failed to provide accurate or timely information to Plaintiff concerning what fees and charges were being imposed on his mortgage debt. The claims were – like here - based solely on bare procedural statutory violations and plaintiff did not – like Ms. Bautz fails to do here - allege any actual damages resulting from these violations. The *Dolan* Court, applying the *Spokeo* standard, dismissed the plaintiff's claims for lack of standing because "a claim of a bare procedural statutory violation will be insufficient to confer standing, except in situations where Congress clearly intended to create a right to bring

suit regardless of the existence or non-existence of actual harm, such as the Supreme Court found

with respect to the statutes at issue in *Public Citizen* and *Akins*." 2016 U.S. Dist. LEXIS 101201,

at *24.

The Court in *Spokeo* cited *FEC v. Akins*, 524 U.S. 11, 20, 118 S. Ct. 1777, 1784 (1998)

and *Public Citizen, Inc. v. Nat'l Highway Traffic Safety Admin.*, 489 F.3d 1279, 1292, 376 U.S.

App. D.C. 443, 456 (D.C. Cir. 2007) as cases where the violation of a procedural right granted

by statute was to constitute injury in fact. In *Akins*, the Court confirmed that a group of voters'

"inability to obtain information" that Congress had decided to make public was a sufficient

injury in fact to satisfy Article III. *Akins*, 524 U.S. at  21. In *Public Citizen*, two advocacy

organizations' failure to obtain information subject to disclosure under the Federal Advisory

Committee Act constituted a sufficiently distinct injury to provide standing to sue. *Public

Citizen, Inc*., 489 F.3d at 1284. The interests at issue in *Akins* and *Public Citizen* resemble the

diffuse and less tangible interests that Congress sought to protect and promote. The alleged

injury here - notification of the possible applicability of IRS regulations -  is not only frivolous

but also intangible and diffuse, and wholly unenforceable as it is a bare procedural violation,

categorically insufficient to confer standing. In this respect, the interests at issue in *Akins* and

*Public Citizen* are dissimilar from the interests implicated by the FDCPA provision under which

Plaintiff seeks to recover. Indeed, the Supreme Court has held that:

> Congress' role in identifying and elevating intangible harms does
> not mean that a plaintiff automatically satisfies the injury-in-fact
> requirement whenever a statute grants a person a statutory right
> and purports to authorize that person to sue to vindicate that right.
> Article III standing requires a concrete injury even in the context
> of a statutory violation. For that reason, Robins could not, for
> example, allege a bare procedural violation, divorced from any
> concrete harm, and satisfy the injury-in-fact requirement of Article
> III.

*Spokeo*, 136 S. Ct. at 1549. Courts across the country have found that other bare procedural violations like Ms. Bautz's are not actionable for lack of standing since the *Spokeo* decision. *See Hancock v. Urban Outfitters, Inc.*, No. 14-7047, 2016 U.S. App. LEXIS 13548 at *2-3 (D.C. Cir. July 26, 2016) (holding allegations that defendant violated the D.C. Consumer Identification Information Act and the D.C. Consumer Protection Procedures Act by requesting customers' zip codes in connection with credit card purchases is not a concrete Article III injury because "[the complaint] fails to allege that [plaintiffs] suffered any cognizable injury as a result of the zip code disclosures"); *Fisher v. Enter. Holdings, Inc.*, No. 4:15CV00372, 2016 U.S. Dist. LEXIS 120498 at *4 (E.D. Mo. Sept. 7, 2016) (finding allegations that a prospective employer violated the Fair Credit Reporting Act by obtaining a consumer report on the plaintiff without giving proper notice is not a concrete injury because "[a]ll [p]laintiff alleges is that the . . . disclosure . . . did not comply with the statute at issue"); *Groshek v. Time Warner Cable, Inc.*, No. 15-C-157, 2016 U.S. Dist. LEXIS 104952, 2016 WL 4203506, at *2-3 (E.D. Wis. Aug. 9, 2016) (finding allegations that a prospective employer violated the Fair Credit Reporting Act by obtaining a consumer information report on the plaintiff without giving him notice is not by itself a sufficiently concrete injury); *Romero v. Dep't Stores Nat'l Bank*, No. 15-CV-193, 2016 U.S. Dist. LEXIS 110889, 2016 WL 4184099, at *4-6 (S.D. Cal. Aug. 5, 2016) (holding that a debt collector placing a phone call using an automated telephone dialing system is "merely a procedural violation" of the Telephone Consumer Protection Act that does not by itself result in concrete harm); *Smith v. Ohio State Univ.*, No. 2:15-CV-3030, 2016 U.S. Dist. LEXIS 74612 at *4 (S.D. Ohio June 8, 2016) (dismissing plaintiffs' claims for violations of the Fair Credit Reporting Act's disclosure requirements because plaintiffs "did not suffer a concrete consequential damage as a result of [the defendant]'s alleged breach of the [Fair Credit

Reporting Act]"); *Tourgeman v. Collins Fin. Servs.*, Inc., No. 08-CV-1392, 2016 U.S. Dist. LEXIS 97356, 2016 WL 3919633, at *2 (S.D. Cal. June 16, 2016) (holding alleged FDCPA violations in a letter addressed to the plaintiff do not result in a concrete injury when the plaintiff never actually received the letter prior to litigation).

In *Braitberg v. Charter Communications, Inc.*, No. 14-1737, 2016 U.S. App. LEXIS 16477, 2016 WL 4698283 (8th Cir. Sept. 8, 2016), a former customer of a cable services company learned some of his personal information had been retained after he canceled his service, including his address, telephone number, and social security number and brought suit under the Cable Communications Policy Act, which provides that a cable operator shall destroy personally identifiable information if the information is no longer necessary for the purpose for which it was collected. The *Braitberg* Court dismissed the complaint for lack of Article III standing because of *Spokeo*, holding that "[w]ith the benefit of *Spokeo*'s guidance," the plaintiff alleged neither real harm nor the risk of harm because he did not "allege that [the cable company] has disclosed the information to a third party, that any outside party has accessed the data, or that [the company] has used the information in any way during the disputed period." *Id*. The *Braitberg* Court found the plaintiff's claims under the Cable Communications Policy Act were a "bare procedural violation, divorced from any concrete harm." *Id*. (*quoting Spokeo*, 136 S. Ct. at 1549). Similarly, Ms. Bautz alleges that the Letter's voluntary IRS reporting regulation disclosure may harm the hypothetical least sophisticated consumer. She does not plead any facts concerning any harm or injury to herself. Ms. Bautz does not plead that she spent any money, incurred any liabilities, suffered any emotional damages, or responded in any way at all. Therefore, the utter lack of a particularized concrete injury plead in the Complaint demonstrates

that Ms. Bautz has not alleged a concrete injury sufficient for Article III standing. The Complaint

sets forth a bare statutory violation divorced from any concrete harm.

### B.   PLAINTIFF FAILS TO PLEAD THAT SHE SUFFERED ANY CONCRETE OR REAL INJURY AS A RESULT OF THE LETTER

To be "concrete," an alleged injury "must actually exist;" it must be "real," and not

"abstract." *Spokeo, Inc.*, 136 S. Ct. at 1548-49. Ultimately, a plaintiff bringing suit under the

FDCPA cannot "allege a *bare procedural violation, divorced from any concrete harm*, and

satisfy the injury-in-fact requirement of Article III." *Id*. at 1549 (emphasis added). The United

States Supreme Court specifically found that a violation of one of a statute's procedural

requirements may result in no harm. *Id*. at 1550. Given that the Letter's voluntary disclaimer that

IRS regulations may be triggered is the exact harm alleged here, and there is no other allegation

of injury, *Spokeo* should erase any doubt that this Court lacks jurisdiction.

In *Chad & Courtney Provo v. Rady Children's Hosp. - San Diego*, No. 15CV00081-

JM(BGS), 2016 WL 4625556, at *1 (S.D. Cal. Sept. 6, 2016), the Court initially denied the

defendant debt collector's motion to dismiss for failure to state a claim and held, under the least

sophisticated consumer test, that plaintiffs had properly alleged a violation of 15 U.S.C. § 1692e

as to the debt collector's written statement that "[o]ur client has given you all the extension of

time they feel is justified[,]" and therefore the Court allowed claims based on that statement to

proceed. The Court, however, then dismissed the 15 U.S.C. § 1692e  claims after the Supreme

Court's *Spokeo* decision because plaintiffs only alleged that they received letters and phone calls

but failed to "plead any harm or material risk of harm that they suffered as a consequence." *Chad*

*& Courtney Provo*,  2016 WL 4625556, at *2. "Plaintiffs failed to allege an injury that 'actually

exist[ed]' and that affected them "in a personal and individual way." *Id., citing Spokeo*, 136 S.

Ct. at 1548. Furthermore, the *Chad & Courtney Provo* Court held that although plaintiff alleged

that *"*unsophisticated debtors may face harm as a result of receiving this sort of letter, they did

not plead in the [Complaint] that they themselves suffered this type of harm. Consequently,

Plaintiffs did not meet their burden [to retain Standing under *Spokeo].  Id.*, 2016 WL 4625556, at

*2. Similarly, here, Ms. Bautz fails to allege an injury that actually exists, that it is traceable  to

the Letter, that it affects her in a personal and individual way or that it was her who suffered this

harm and not the hypothetical unsophisticated debtor.

In *Jackson v. Abendroth & Russell, P.C.*, No. 4:16-cv-00113-RGE-HCA, 2016 U.S. Dist.

LEXIS 125986, at *17-18 (S.D. Iowa Sep. 12, 2016), the Court dismissed plaintiff's FDCPA

claims because he did not indicate that he ever even intended to dispute the debt in any way:

> He does not allege the amount of the debt listed at the top of the
> letter was incorrect. [Plaintiff] Jackson does not contend the
> identity of his original creditor is different from the creditor listed
> in the letter. Jackson does not express any doubt as to the validity
> of the debt or the identity of the original creditor. In fact, Jackson
> concedes the creditor identified in the letter is the original creditor.
> **In other words, Jackson does not argue he suffered the
> concrete harm the disclosure requirements … the FDCPA are
> designed to prevent….** This fact pattern mirrors the Supreme
> Court's illustration of a statutory violation that would not amount
> to concrete injury. *See Spokeo*, 136 S. Ct. at 1550 ("A violation of
> one of the [Fair Credit Reporting Act]'s procedural requirements
> may result in no harm. For example, even if a consumer reporting
> agency fails to provide the required notice to a user of the agency's
> consumer information, that information regardless may be entirely
> accurate.").

*Jackson*, 2016 U.S. Dist. LEXIS 125986, at *17-18. (emphasis added). In the instant case, Ms.

Bautz has not pled that she paid the Debt or that the Letter influenced her decision to pay the

Debt in any way. In fact, the Complaint is bereft of any actual plead facts that she has suffered

any concrete injury from the Letter at all. Under *Spokeo*, Ms. Bautz lacks standing to pursue her

FDCPA claims because she did not suffer a concrete injury.

*Spokeo* definitively holds that a bare statutory violation, "divorced from any concrete harm," is not enough to create standing (*Spokeo*, 136 S. Ct. at 1549)--yet that is all that Ms. Bautz purports to be asserting. Indeed, the Complaint does not identify any way in which the Letter caused her harm or injury. The Complaint is replete with tenuous allegations that the Letter "tends to give erroneous" tax advice and that the Letter "suggests" that failure to pay will get the consumer – not Ms. Bautz - into trouble with the IRS. *Siachos Cert.*, Exhibit A, Complaint ¶¶ 43-44.   Indeed, nothing in the Complaint indicates any injury – much less a concrete particularized injury - befell Ms. Bautz. The Complaint only offers innuendo and recitations of statutory standards: "The least sophisticated consumer would likely be deceived into believing that there would be a tax consequence if she accepted Defendant's offer, such a belief would be false." *Id*. at ¶ 45.   The allegations in the Complaint are a paradigm of assertions of purely technical statutory violations that do not suffice to constitute a concrete (real) harm.

Ms. Bautz has identified no economic harm; no particularized damage to her; no concrete injury in the Complaint. She pleads that she did not respond to the Letter, she did not call ARS and she did not speak to anyone from ARS concerning alternative arrangements to settle the Debt if she cannot make the offered payments – as proposed to her in the Letter. In fact, the Complaint fails to provide any idea at all as to what she may have done in response to the Letter or how she felt when she received it. Indeed, the Complaint only offers the possibility that someone – not Plaintiff however – may succumb to the mental strife of receiving correspondence which indicates that IRS regulations may be triggered if the debtor chooses not to pay the Debt. *Id*. at ¶¶ 42-45.

Given these plead facts, it is impossible for Ms. Bautz to assert that she experienced any concrete injury. On the contrary, Ms. Bautz's Complaint does not claim that she even

contemplated paying the Debt, much less that the Letter contributed to her decision in any way in paying the Debt, overpaid the Debt, lost any money at all, or suffered any actual harm. Far from being "injured," Ms. Bautz obtained exactly the result she desired: the trap she set for ARS so she could rush off to court and file this frivolous FDCPA lawsuit, which has turned into a profitable cottage industry. Any "injury" here was purely "abstract," rather than "real." *Spokeo*, 136 S. Ct. at 1548.

Indeed, Ms. Bautz's real objective in this lawsuit does not appear to be to redress any personal harm at all, but instead to pursue ARS for its alleged noncompliance with the FDCPA. Ms. Bautz does not identify any injury at all to herself – much less a concrete one. Awareness of a statute and reciting its elements, however, is not a concrete injury. *See*, *e.g.*, *Steel Co.*, 523 U.S. at 106 (explaining that a general interest in "vindication of the rule of law . . . does not suffice" for Article III standing). Because Ms. Bautz cannot claim any "real" harm--and instead has rested merely on exposure to alleged violations of the FDCPA, albeit ones she did act on or which affected her at all. She has not suffered an injury in fact within the meaning of Article III and therefore lacks standing to proceed with this lawsuit. *See Gubala v. Time Warner Cable*, *Inc.*, No. 15-1078, 2016 U.S. Dist. LEXIS 79820, at *1 (E.D. Wis. June 17, 2016) *appeal docketed*, No. 16-2613 (7th Cir. June 22, 2016) (dismissing complaint for lack of Article III standing under *Spokeo* because "while the second amended complaint alleges a particularized injury, it does not allege a concrete injury"); *Wall v. Renal*, No. 15-13254, 2016 WL 3418539, at *3 (E.D. Mich. June 22, 2016) (finding plaintiffs lacked standing under *Spokeo* because they "[did] not assert a risk that exposed them to 'real' financial harm,' " but "[i]nstead, [] divine harm from the possibility of a violation of the statute"); *Smith v. Ohio Univ.*, No. 15-3030, 2016 WL 3182675, at *4 (S.D. Ohio June 8, 2016) (finding Plaintiffs lacked Article III standing under

*Spokeo* because plaintiffs "admitted that they did not suffer a concrete consequential damage as a result of [defendant's] alleged breach of the FCRA"); *Khan*, 2016 WL 2946164, at *7  (granting motion to dismiss for lack of standing under *Spokeo* where plaintiff had not suffered "any concrete injury"); *see also Pierce v. Green Tree Servicing LLC*, -- F. App'x --, No. 15-1473, 2016 WL 3435391, at *1 (10th Cir. June 21, 2016) (citing to *Spokeo* and affirming motion to dismiss for lack of standing where plaintiff had not shown he suffered an "injury in fact").

Like the plaintiffs in the above cases, Ms. Bautz's only allegation is an alleged statutory procedural violation. This case does not present even the potential intangible harms of harassment or misleading representations that plaintiffs allege in many FDCPA cases. After *Spokeo*, such alleged harms are insufficient to satisfy Article III, because they are neither closely related to harms actionable at common law nor is there evidence of a congressional judgment that hypothetical non-particularized injuries amount to concrete harm rather than a *de minimis* exposure. *See Spokeo*, 136 S. Ct. at 1549. The particular facts plead in the Complaint conclusively show that Ms. Bautz can identify no harm of any kind--intangible or otherwise-- from the Letter at issue.

In a recent case decided in the Southern District of New York and now docketed and fully briefed on appeal in the Second Circuit Court of Appeals, *Strubel v. Capital One Bank (U.S.A.), N.A.*, the Court granted summary judgment to defendant bank after plaintiff consumer brought a claim under the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"). *Strubel v. Capital One Bank (U.S.A.), N.A.*, No. 13-4462, -- F.Supp.3d -- , 2016 U.S. Dist. LEXIS 41487, 2016 WL 1271067, *3 (S.D. N.Y. Mar. 29, 2016) *appeal docketed*, No. 15-528 (2d Cir. June 17, 2016) (granting summary judgment to defendant for TILA claim of lack of disclosure and currently on appeal concerning *Spokeo's* requirement of a particularized injury concrete injury").

The Southern District of New York granted summary judgment and dismissed all TILA claims in the face of plaintiff Strubel's allegations that a credit card application received from defendant Capital One included a one-page sheet of disclosures that consisted of the standardized information relating to interest rates and fees on credit card applications and solicitations ("Schumer Box"), TILA-mandated disclosures required to sit beneath the Schumer Box, and twenty-eight lines of additional disclosures that Capital One chose to add below them. *Id.* The plaintiff in *Strubel* Court alleged that these additional regulations were not in a readable format under the TILA because they were printed in a font called ITC Garamond Light Condensed BT in 10-and 16-point type and that in formatting the Disclosures, Capital One used techniques called "leading" and "tracking" to reduce the whitespace between letters, words, and lines of text. *Id.* Strubel filed a putative class action alleging that the disclosures violated TILA because they are not "clear and conspicuous," and did not comply with formatting requirements imposed by the Consumer Financial Protection Bureau ("CFPB") Regulations. *Strubel* 2016 U.S. Dist. LEXIS 41487, at *3.

The *Strubel* Court held that because the CFPB explicitly permits creditors to deviate from formatting elements and because there was sufficient whitespace in the application for the text to be clear and conspicuous, the TILA allegations failed. *Id.* 2016 U.S. Dist. LEXIS 41487, at *27-28. The *Strubel* Court specifically noted that because the complained-of disclosures were voluntary rather than the mandatory disclosures, the "reduction in whitespace is not so great as to impede substantial similarity or overall readability. Taken as a whole, then, the Court concluded that the formatting of the tables in the Disclosures is readable and substantially similar to the formatting of the tables in the model forms, and would appear so to a hypothetical average consumer. *Id.*

The *Strubel* case is now on appeal concerning the *Spokeo* issue and whether the plaintiff's purely statutory violation confers standing to sue in the Second Circuit. ARS respectfully requests permission to submit supplemental authority once the *Strubel* Second Circuit decision is handed down on the *Spokeo* issue as the Second Circuit's review of the *Spokeo* decision would be directly relevant, and potentially dispositive, here. Moreover, a review of the docket (No. 15-528) in *Strubel* suggests that a decision from the Second Circuit may be forthcoming shortly, minimizing any prejudice to the parties.

Similar to the holding in *Strubel*, the CFPB also provides guidance to the analysis of the Letter at issue. CFPB Bulletins 2013-07 and 2013-08 state that debt collectors may not misrepresent the consequences and circumstances of forgiveness of debt,[1] may not misrepresent the consequences and circumstances of forgiveness of debt [2] and must take steps to ensure that any claims that they make about the effect of paying debts are not deceptive. In furtherance of these federal law guidelines, ARS included in the Letter a reference to the potential, but not definite, conditional reporting of the forgiveness of the Debt – which is wholly dependent on the outcome of Plaintiff's decision to pay the Debt.

Furthermore, the disclosures were found to be non-actionable in *Strubel* partly because they were voluntary - rather than mandatory – disclosures. 2016 U.S. Dist. LEXIS 41487, at *27-28. Herein, the Letter also includes the reference to potentially applicable IRS regulations as a voluntary disclosure pursuant to CFPB guidance, not a mandatory requirement – the Letter offers the disclaimer to apprise the debtor of their rights and the consequences of possible debt forgiveness reporting.

---

[1] http://files.consumerfinance.gov/f/201307_cfpb_bulletin_unfair-deceptive-abusive-practices.pdf

[2] http://files.consumerfinance.gov/f/201307_cfpb_bulletin_collections-consumer-credit.pdf

The Complaint alleges that a Letter containing voluntarily disclaimed information regarding certain IRS debt forgiveness reporting is an actionable injury. *Siachos Cert.*, Complaint, **Exhibit A**, ¶¶ 42-45. The truth of the matter -- and what the Complaint sets forth -- is that Plaintiff simply refuses to pay her Debt. Ms. Bautz incurred the Debt on her DSNB credit card. Ms. Bautz defaulted on her Debt payments. ARS then contacted Plaintiff to settle the Debt and offered her a settlement amount for half of what she owes. ARS then offered her alternative arrangements - even less than half the amount of the Debt and which may trigger IRS reporting regulations. Plaintiff may have – indeed, she certainly did and pleads as such – failed to pay the Debt, thus triggering IRS reporting obligations. Applying *Spokeo*'s clarified standard, the Plaintiff has failed to demonstrate standing to bring the claims in the instant action; she has not plead a concrete injury at all. Plaintiff sets forth FDCPA claims based on imagined violations by reciting the statutory elements of an FDCPA claim, unsubstantiated by any specific facts or details as to how ARS "threatened" or "mislead" her. Ms. Bautz was informed by the Letter that IRS regulations may trigger reporting. It strains logic to read an injury as a result of this voluntary disclaimer in the Letter.

In *Spokeo*, the Supreme Court held that "the injury in fact requirement [of standing] requires a plaintiff to allege an injury that is both 'concrete *and* particularized." *Id*. at 1545 (emphasis in original). The Court explained that, while particularity requires that the injury "affect the plaintiff in a personal and individual way," concreteness requires that the injury "be '*de facto*'; that is, it must actually exist." *Id*. at 1548 (quotation marks omitted). The case was remanded to the Circuit so that it could analyze both aspects of the injury in fact requirement. *Id*. at 1545.

While thoroughly analyzing the concreteness requirement in *Spokeo*, the Supreme Court clarified that the injury in fact requirement is not "automatically" satisfied "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id*. at 1549. Rather, as the Court had previously held, "Article III standing *requires a concrete injury even in the context of a statutory violation*," such that the plaintiff in *Spokeo*, Robins, "could not, for example, allege a *bare procedural violation, divorced from any concrete harm*, and satisfy the injury-in-fact requirement of Article III." *Id*. (emphases added) (*quoting Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009)). Plaintiff's alleged injury is a generalized grievance, not concrete or particularized; to wit, the Complaint alleges that some other consumer – indeed,  a hypothetical consumer and certainly not Ms. Bautz – may be mislead by the Letter's disclaimer.

Plaintiff alleges a bare procedural violation premised on a factually insufficient allegation divorced from any concrete harm. Plaintiff therefore does not satisfy the injury-in-fact requirement of Article III. Ms. Bautz's alleged statutory violations did not create the risk of real harm because, as indicated above, she did not intend and made no efforts to pay the entire amount or even a portion of the Debt. The voluntary disclosure of IRS reporting in the Letter created no risk of real harm. *See Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147, 185 L. Ed. 2d 264 (2013) (stating the Court has "repeatedly reiterated that 'threatened injury must be certainly impending to constitute injury in fact' and that 'allegations of possible future injury' are not sufficient") (*quoting Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990).

**CONCLUSION**

*Spokeo* conclusively holds that Article III standing requires a concrete injury even in the context of a statutory violation.   136 S. Ct. at 1543. Plaintiff may not rely solely on the purported statutory violation of the FDCPA as the basis for Article III standing. The critical question for standing purposes is, instead, whether the alleged wrongful conduct -- the Letter's disclosure of the nature of the Debt and the consequences of not paying -- implicates a legally protected interest that is concrete and particularized independently of the alleged statutory violations. *Id*. Plaintiff's alleged harm is neither concrete nor particularized independent of the alleged FDCPA statutory violation. Ms. Bautz's Complaint is therefore insufficient to confer standing under *Spokeo*.

 Plaintiff's allegation that the Letter's voluntary disclosure of possible IRS reporting obligations does not identify any injury – much less a particularized concrete injury. Ms. Bautz does not make any reference as to how she herself suffered an injury to constitute particularity to her and she has not plead any facts that the injury was real – that some money was spent, some decision was made, anything at all was done by her to her detriment – to constitute concreteness. Plaintiff exclusively points to the alleged violation of the FDCPA in an effort to establish standing. But, of course, an allegation must include a concrete and particularized harm, which Ms. Bautz has failed to do. Instead, Ms. Bautz divines harm from the possibility of a violation of the FDCPA and its effects on some hypothetical consumer. No particular harm to Ms. Bautz is alleged in the Complaint. No concrete injury is alleged by Ms. Bautz. Therefore, the injury-in-fact requirement of Article III is not met and this Court lacks subject matter jurisdiction over the Plaintiff's claims.

Dated: September 30, 2016

**GORDON & REES LLP**
*Attorneys for Defendant ARS National Services, Inc.*

By: */s/ Peter G. Siachos*
       Peter G. Siachos, Esq.
       Yevgeny Roymisher, Esq.

18 Columbia Turnpike, Suite 220
Florham Park, New Jersey 07932
Telephone: (973)549-2500
Facsimile: (973)377-1911
Email: psiachos@gordonrees.com