# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Virginia T. Bautz, on behalf of herself and all others similarly situated,<br><br>         Plaintiff,<br><br> -against-<br><br>ARS National Services, Inc.,<br>         Defendant. | Civil Action No: 2:16-cv-00768-JFB-SIL |

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

**GORDON & REES LLP**
18 Columbia Turnpike, Suite 220
Florham Park, New Jersey 07932
Tel: (973) 549-2500
Fax: (973) 377-1911
E-mail: psiachos@gordonrees.com
*Attorneys for ARS National Services, Inc.*

*Of Counsel and on the Brief:*
 Peter G. Siachos, Esq.
 Yevgeny Roymisher, Esq.

**PRELIMINARY STATEMENT**

Defendant ARS National Services, Inc. ("ARS") submits this Reply Memorandum of Law in further support of its Motion to Dismiss the Complaint of Plaintiff Virginia T. Bautz ("Bautz" or "Plaintiff") with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Plaintiff's assertion that she has standing to pursue her claims is meritless.

The technical statutory violation Ms. Bautz asserts – a voluntary disclosure of possible IRS regulation applicability – does not confer standing under recent Supreme Court and Eastern District of New York case law. Plaintiff alleges that the letter ("Letter") ARS sent to her "tends to give erroneous and/or incomplete tax advice to consumers" – not to Ms. Bautz herself and therefore not "particularized." *Siachos Cert.*, *Complaint*, Exhibit A., ¶ 43.  The Complaint also alleges that the Letter "suggests to the least sophisticated consumer that failure to pay will get the consumer into trouble with the IRS." *Id*. at ¶44. These two paragraphs are the only plead facts in support of Plaintiff's alleged injury. Therefore, Ms. Bautz cannot not credibly assert that any concrete injury befell her in particular at all.

As noted in ARS's principal papers– without rejoinder by Plaintiff--, Ms. Bautz pleads a non-particularized injury to the hypothetical least sophisticated debtor, not to herself. *Spokeo* and recent cases decided by this Court show that Plaintiff's allegation of technical statutory violation without any showing of a tangible or intangible injury does not confer standing.

Plaintiff's opposition brief fails to salvage her lack of standing and fails to show actual injury. Plaintiff's opposition brief also fails to address the recent Second Circuit and Eastern District of New York case law which holds that under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016), standing may not be conferred by statutory violation alone, without any actual injury. Instead, Plaintiff relies in inapposite and unpersuasive case law from the Eleventh Circuit, which

has been explicitly rejected by this Court.

## LEGAL ARGUMENT

## POINT I

## PLAINTIFF LACKS STANDING UNDER ARTICLE III OF CONSTITUTION

Plaintiff's opposition brief has not (and cannot) allege any concrete harm sufficient to establish an injury-in-fact that is redressable by this Court. Accordingly, under Article III, Plaintiff lacks standing to pursue her claims, and this Court lacks subject matter jurisdiction.

To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo*, 136 S. Ct. at 1548 (2016), (*quoting Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). Here, Ms. Bautz fails to allege any actual injury to herself, rather futilely pleading that the Letter constitutes an injury merely because it "suggests to the least sophisticated consumer that failure to pay will get the consumer into trouble with the IRS" and that "the least sophisticated consumer would likely be deceived into believing that there would be a tax consequence if she accepted [ARS's] offer, such a belief would be false." *Complaint*. at ¶¶ 43-44. An allegation of future injury to a hypothetical debtor is not a "'substantial risk' that the harm will occur." *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (*quoting Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1150 n.5 (2013)). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.' " *Spokeo*, 136 S. Ct. at 1548 (*quoting Lujan*, 504 U.S. at 560 n.l). " 'As a general rule,' this means 'plaintiff must have personally suffered.' " *In re the Bear Stearns Companies, Inc. Sec.*, No. 08 MDL 1963 (RWS), 2016 WL 4098385, at *17 (S.D.N.Y. July 25, 2016) (*quoting W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 107 (2d Cir. 2008)). "Concreteness" refers to an injury that is "real, and not abstract." *Spokeo*, 136 S. Ct. at 1548. Further, Mrs. Bautz's counsel erroneously

claims in the opposition brief that "under no circumstances would [original creditor] DSNB report the forgiveness of the debt offered in the Letter to the IRS." Opp. at 3. Ironically, Plaintiff ignores the allegations in her own Complaint, which clearly states that the balance of her Debt at the time she received the subject letter was $849.35, and also ignores the very same IRS regulations cited in Plaintiff's opposition to ARS' motion to dismiss, which provide that debt forgiveness over the amount of $600 must be reported to the IRS.

Plaintiff acknowledges that, to establish an injury based on a failure to receive legally required information, the failure needs to result in or be related to a concrete harm. See Opp. at 9. In *Dolan v. Select Portfolio Servicing*, the plaintiff alleged he was injured because the defendant "failed to provide accurate or timely information to Plaintiff ... concerning his account." No. 03-cv-3285, 2016 WL 4099109, at *6 (E.D.N.Y. Aug. 2, 2016). This case was cited in ARS' initial moving papers but completely ignored in Plaintiff's opposition brief – most likely because this Eastern District of New York case undercuts Plaintiff's entire argument for standing. The *Dolan* Court dismissed the plaintiff's claim that a technical statutory violation confers standing, "reject[ing] the view that *Spokeo* established the proposition that every statutory violation of an 'informational' right 'automatically' gives rise to standing." *Id*. at n.7; *see also In re Nickelodeon Consumer Privacy Litig.*, No. 15-1441, 2016 WL 3513782, at *7 (3d Cir. June 27, 2016) (Under *Spokeo*, "a defendant's failure to comply with a statutory notice requirement" may not actually "cause harm.").

Furthermore, the cases cited by Plaintiff – while ignoring *Dolan* and other Second Circuit case law – are inapposite. *Bernal v. NRA Grp.*, LLC, 2016 WL 4530321, at *3 (N.D. Ill. Aug. 30, 2016) held that a debt collector attempting to impose percentage-based collection fees absent a prior express agreement violates the FDCPA and confers standing. In *Bernal*, the Northern District

of Illinois found standing on the imposition of these excessive fees purely because the agreement giving rise to the debt did not grant such fee collection rights to the creditor. Here, Bautz pleads no facts alleging that the agreement giving rise to the Debt barred IRS debt forgiveness reporting. Another difference between *Bernal* and the instant allegations are that Ms. Bautz' notice of possible IRS regulations is not a concrete particularized injury because the harm alleged herein was not plead to be particular to her nor does it qualify as "concrete." In *Bernal,* the plaintiff was able to show that the imposition of higher fees may compel the plaintiff to pay the debt sooner. *Id.* Here, Ms. Bautz' Complaint and the opposition brief are bereft of any alleged facts showing that the voluntary disclosure of potentially applicable IRS regulations in the Letter influenced her decision not to pay the Debt. The *Bernal* Court found a concrete injury while here, Ms. Bautz relies on a purely technical statutory violation.

Plaintiff also cites *Prindle v. Carrington Mortgage Servs., LLC*, 2016 WL 4369424, at *11 (M.D. Fla. Aug. 16, 2016) for the proposition that a plaintiff need not allege any "additional harm." Opp. at 16. Nonetheless, under the United States Constitution, a plaintiff must plead a concrete and particularized injury. In *Prindle*, the Court found that the alleged injury was concrete because the harm suffered to plaintiff was that she did not know if she owed a debt at all since the loan modification packages and correspondence she received from the debt collector contained contradictory disclaimers whether or not the debt collector was actually collecting a debt. *Id.* at *12 (M.D. Fla. Aug. 16, 2016). Likewise, the harm alleged in *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373–74 (1982), cited by Plaintiff (in Opp. at 10, 16, 19, 27, and 27) constituted a concrete injury because it implicated a statutory right of public interest: housing rights. In *Havens* and *Prindle*, concrete injuries were found to be plead because the harms alleged therein actually influenced those particular plaintiffs' behaviors. The plaintiff in *Prindle* was making payments

pursuant to a home mortgage loan and received notices that demanding payment of a debt while also disclaiming that a debt was not being collected. Plaintiff in *Prindle* alleged that these contradictory disclaimers caused her to fail to make payments pursuant to the loan modification program. Here, Ms. Bautz has failed to plead that the permissive IRS regulation disclosure in the Letter influenced her decision to fail to pay the Debt. Furthermore, the *Havens* Court recognized that the Fair Housing Act created a new standalone right to truthful information, violation of which amounted to an injury in fact regardless of whether the recipient relied on or was damaged by receipt of false information because the right implicated – the right to housing – implicated the public interest. Here, the voluntary disclosure of possible IRS regulations, which may be triggered once Ms. Bautz refused and failed to pay the $849.35 Debt, is not remotely analogous to housing rights and discriminatory practices.

The remaining cases cited by Plaintiff are inapplicable to the case at bar because those cases found a concrete injury had been plead to particular plaintiffs, whereas here, Ms. Bautz merely alleges that a purely statutory violation may harm some hypothetical person other than herself. *Dickens v. GC Servs. Ltd. P'ship*, 2016 WL 3917530, at *1 (M.D. Fla. July 20, 2016) (debt collector failed to notify debtors that disputes must be in writing in order to trigger the requirement that debt collector "obtain verification of the debt or a copy of a judgment against the [debtor]" and mail "a copy of such verification or judgment" to the debtor); *Church v. Accretive Health, Inc.*, ___ Fed. Appx. ____, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding, post-*Spokeo*, that the plaintiff had Article III standing based on receipt of a debt collection letter that did not include § 1692e(11) disclosures that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall

not apply to a formal pleading made in connection with a legal action); *Hayes v. Convergent Healthcare Recoveries, Inc.*, 2016 WL 5867818, at *5 (C.D. Ill. Oct. 7, 2016) (collection of a time-barred debt); *Linehan v. Allianceone Receivables Mgmt., Inc.*, No. C15-1012-JCC, 2016 WL 4765839, at *8 (W.D. Wash. Sept. 13, 2016) (violation of venue provision of § 1692i(a)(2), articulated a concrete harm sufficient to satisfy the *Spokeo* standard for Article III standing); *Dittig v. Elevate Recoveries, LLC*, No. 16CV1155, 2016 WL 4447818, at *1 (W.D. Pa. Aug. 24, 2016) (collection of a time-barred debt); *Jones v. Advanced Bureau of Collections LLP*, No. 5:15-CV-16(MTT), 2016 WL 4499456 (M.D. Ga. Aug. 26, 2016) (debt collector failed to include the words "in writing," as required by FDCPA); *Irvine v. I.C. Sys., Inc.,* No. 14-CV-01329-PAB-KMT, 2016 WL 4196812, at *3 (D. Colo. July 29, 2016) (debt collector falsely represented to debtor that the account would stay on the credit report until it is paid and by communicating information to the credit bureaus and the creditor without reporting the account as disputed); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *4 (N.D. Ill. July 11, 2016) (Court held that when a debtor invokes the right to verify the debt and the debtor disputes the debt, the debt collector must *stop* collection efforts until the verification is mailed to the debtor). The allegations in these cases are not remotely analogous to the purely technical violation in this case. The cases relied upon by Plaintiff are cases where the plaintiffs alleged concrete injuries in the form of burdensome venue provisions being imposed on debtors; the failure by debt collectors to mark debts as disputed to the credit reporting bureaus; the failure to inform debtors that disputes must be made in writing; and the collection of time-barred debts. These injuries particularly and concretely implicated the debtors' decisions to pay or not pay the subject debts. Here, aside from merely vindicating an interest in ARS's procedural compliance with the FDCPA, Ms. Bautz fails to plead or establish a concrete and particularized injury at all. The Complaint merely points to the

hypothetical consumer and states that he – not Ms. Bautz – may be the injured party in the future and that they would be injured not by any concrete decision-altering violation – no, the mere "suggestion" of "IRS trouble" is the harm alleged by Ms. Bautz. *Complaint,* at ¶¶43-44.

Plaintiff heavily relies on the decision in *Church v. Accretive Health, Inc.*, No. 15–15708, 2016 WL 3611543, 2016 U.S. App. LEXIS 12414 (11th Cir. July 6, 2016), in her opposition brief, (Opp. at 26-30) ignoring the fact that Eastern District of New York in *Dolan* recently found *Church v. Accretive Health* unpersuasive and refused to follow its holding:

> The Court is aware of the Eleventh Circuit's recent decision in *Church v. Accretive Health, Inc.*, No. 15–15708, 2016 WL 3611543, 2016 U.S. App. LEXIS 12414 (11th Cir. July 6, 2016), in which the Eleventh Circuit concluded that a plaintiff had standing to assert claims under the Fair Debt Collection Practices Act ("FDCPA") simply by alleging that she had not received all information to which she was entitled under the statute, even in the absence of any allegations of "tangible economic or physical harm." *Id.* at —— – – ——, 2016 U.S. App. LEXIS 12414 at *10–11. The Eleventh Circuit reasoned that "the Supreme Court has made clear [that] an injury need not be tangible to be concrete," and that the injury of not receiving a disclosure to which someone is entitled was "one that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *Id.* at —— n.2, 2016 U.S. App. LEXIS 12414 at 11 & n.2 (holding that this was not a "procedural violation," but the violation of a "substantive right to receive certain disclosures"). **The Court is not bound by this decision, and respectfully disagrees with it, based on this Court's conclusion that the cases cited in *Spokeo* as examples of intangible harm sufficient to confer standing, *i.e.*, *Akins* and *Public Citizen*, involved interests of much greater and broader significance to the public than those at issue in *Church*** and, more relevantly, under Section 2605 of RESPA. In short, the Court rejects the view that *Spokeo* established the proposition that *every* statutory violation of an "informational" right "automatically" gives rise to standing. *See Spokeo*, 136 S. Ct. at 1549 (holding that plaintiff alleging FCRA violation "could not ... allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III").

*Dolan*, No. 2016 WL 4099109, at *6. (Emphasis added).

Needless to state, Plaintiff's reliance on the cases of *FEC v. Akins*, 524 U.S. 11, 20, 118 S. Ct. 1777, 1784 (1998) and *Public Citizen, Inc. v. Nat'l Highway Traffic Safety Admin.*, 489 F.3d 1279, 1292, 376 U.S. App. D.C. 443, 456 (D.C. Cir. 2007) for the proposition that Plaintiff's claims – like *Akins* and *Public Citizen* – somehow implicates the public interest are inapposite. In *Dolan*, this Court found significant that "both *Akins* and *Public Citizen* involved statutory rights intended to protect and promote public interests that, by their nature, are intangible and diffuse, and would be rendered wholly unenforceable were intangible injury, or bare procedural violations, categorically insufficient to confer standing." 2016 WL 4099109, at *4. The *Dolan*, Court found that another section of RESPA that was *not* asserted in *Dolan* – Section 2607, which prohibits "any fee, kickback, or thing of value" in exchange for a referral "incident to or a part of a real estate settlement service involving a federally related mortgage loan," was aimed at addressing a similar public interest and could give rise to standing based only on a statutory violation. *Id.* at *4-5. On the other hand, the Court concluded, the provision that the plaintiff in *Dolan* alleged was violated, Section 2605, concerning certain information that is or is not disclosed to buyers when their loans changed servicers, did "not implicate the type of diffuse, intangible injury at issue in *Akins* and *Public Citizen*, but rather [sought] to redress actual damages caused by the failure of one private party, *i.e.,* a loan servicer, to provide specific information to another private party, i.e., a borrower." *Id.* at *5. Consequently, the *Dolan* Court held, a plaintiff alleging a technical statutory violation required more than a mere violation to establish Article III standing. *Id.*

*Church*, 2016 WL 3611543, is inconsistent with *Spokeo* to the extent that the cases cited in *Spokeo* (*Akins* and *Public Citizen*) implicated interests of broad significance to the public, whereas the alleged failure to disclose at issue in *Church* and the allegations found in Ms. Bautz's Complaint do not. The inclusion of certain disclosures in the Letter at issue does not result in an

injury comparable to the injury in *Havens*, where the plaintiffs were subject to discriminatory conduct that was part of a practice by the defendants of steering racial minorities away from certain neighborhoods. 455 U.S. at 376.

*Dolan* and *Strubel v. Capital One Bank (U.S.A.), N.A.*, No. 13-4462, -- F.Supp.3d -- , 2016 U.S. Dist. LEXIS 41487, 2016 WL 1271067, *3 (S.D. N.Y. Mar. 29, 2016) *appeal docketed*, No. 15-528 (2d Cir. June 17, 2016) (granting summary judgment to defendant for TILA claim of lack of disclosure and currently on appeal concerning *Spokeo's* requirement of a particularized injury concrete injury") were both highlighted to the Court in ARS's initial papers and categorically ignored in Plaintiff's opposition brief. The reason for Plaintiff's blatant disregard of Eastern District of New York case law is because the holdings in these cases are consistent with both the Supreme Court in *Spokeo* and Second Circuit precedent that Congress cannot create standing by statute alone, and the mere deprivation of a statutory right is insufficient to confer Article III standing. *See Kendall v. Employees Retirement Plan of Avon Prods.*, 561 F.3d 112, 121 (2d Cir. 2009) (in ERISA matter, rejecting argument that breach of statutory duties "in and of themselves constitutes an injury-in-fact sufficient for constitutional standing"); *See also David v. Alphin*, 704 F.3d 327, 338-39 (4th Cir. 2013) (rejecting the premise that mere deprivation of a statutory right is sufficient to constitute an injury-in-fact for Article III standing in ERISA matter); *Doe v. Nat'l Bd. of Medical Examiners*, 199 F.3d 146, 153 (3d Cir. 1999) ("The proper analysis of standing focuses on whether the plaintiff suffered an actual injury . . . Congress . . . cannot confer standing by statute alone."); *see also Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997) ("Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing").Since the *Strubel* case is now on appeal concerning the *Spokeo* issue and whether the plaintiff's purely statutory violation confers standing to sue in the Second Circuit.

ARS respectfully requests permission to submit supplemental authority once the *Strubel* Second Circuit decision is handed down.

Ms. Bautz has not claimed, much less established, a particularized or concrete injury. Plaintiff's opposition brief relies solely on unbinding and unpersuasive case law from other Circuits, which have been explicitly rejected by this Court. Ms. Bautz has not established a particularized injury because she has never claimed to have been injured separate and apart from her putative class. In fact, she has conceded just the opposite: "The least sophisticated consumer would likely be deceived into believing that there would be a tax consequence if she accepted Defendant's offer, such a belief would be false." *Complaint*, ¶ 45. These allegations are generalized and demonstrate neither particularized nor concrete injury to Plaintiff.

## CONCLUSION

Ms. Bautz pleads no facts that she herself was injured or harmed, rather it is the generalized hypothetical person who "would likely" suffer the harm. *Spokeo*'s holding requires dismissal of Ms. Bautz's lawsuit under the FDCPA. Ms. Bautz has not shown - and cannot show - that she suffered a "concrete injury" arising from the Letter's voluntary disclosure of potentially applicable IRS regulations. Though Plaintiff states in her opposition that unsophisticated debtors may face harm as a result of the Letter, she did not plead that she herself suffered this type of harm. Consequently, Ms. Bautz has failed to meet her burden to show that her alleged injury satisfied the particularization and concreteness requirements for injury-in-fact element for Article III standing.

Dated: November 14, 2016

                **GORDON & REES LLP**
                *Attorneys for Defendant ARS National Services, Inc.*

            By: */s/ Peter G. Siachos*
                  Peter G. Siachos, Esq.
                  Yevgeny Roymisher, Esq.

18 Columbia Turnpike, Suite 220  
Florham Park, New Jersey 07932  
Telephone: (973)549-2500  
Facsimile: (973)377-1911  
Email: psiachos@gordonrees.com