YEVGENY ROYMISHER
EROYMISHER@GORDONREES.COM
DIRECT DIAL: (973) 549-2541

*Admitted In:   NY and NJ*



ATTORNEYS AT LAW
18 COLUMBIA TURNPIKE, SUITE 220
FLORHAM PARK, NJ 07932
PHONE: (973) 549-2500
FAX: (973) 377-1911
WWW.GORDONREES.COM

December 5, 2016

**VIA ECF**

The Honorable Joseph F. Bianco
United States District Judge
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

   **RE:** ***Bautz v. ARS National Services, Inc.***
      **Case No. 2:16-cv-00768-JFB-SIL**

Dear Judge Bianco:

  This firm represents Defendant ARS National Services, Inc. ("ARS") in the above-referenced matter.  We write to bring to the Court's attention recent case authority directly relevant to this Court's analysis of ARS's motion to dismiss for lack of subject matter jurisdiction.  We respectfully request that the Court consider the supplemental authority herein prior to making its decision on the pending motion to dismiss Plaintiff Virginia Bautz' ("Plaintiff" or "Bautz") for lack of subject matter jurisdiction.

  On November 23, 2016, the Second Circuit held that a bare procedural statutory violation – like the one alleged by Ms. Bautz here - does not confer standing under Article III of the United States Constitution where the alleged procedural violation and informational injury fails to show "concrete injury."  *Strubel v. Comenity Bank*, No. 15-528-cv, 2016 U.S. App. LEXIS 21032, at *17 (2d Cir. Nov. 23, 2016) (a copy of the decision is attached hereto).  In *Strubel,* the Court found that the plaintiff lacks standing under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548, 194 L. Ed. 2d 635 (2016) and Article III of the United States Constitution for bare procedural statutory violations for lack of notice.  Plaintiff in *Strubel* alleged that defendant bank Comenity violated a provision of the Truth in Lending Act by failing to disclose that credit cardholders wishing to stop payment on an automatic payment plan had to satisfy certain obligations and the bank was statutorily obliged not only to acknowledge billing error claims within 30 days of receipt but also to advise of any corrections made during that time.

  In holding that such an alleged injury was not "concrete" and did not confer constitutional standing, the Second Circuit highlighted that the plaintiff in *Strubel* did not have an automatic payment plan and therefore the alleged injury did not personally affect plaintiff at all.  In the instant

The Honorable Joseph F. Bianco
December 5, 2016
Page 2

case, Ms. Bautz does not allege that the IRS disclosure in the subject letter ("Letter") affected her personally at all. Instead, and contrary to the recent law of this Circuit, Ms. Bautz asserts that a voluntary disclosure of possible IRS regulation applicability "tends to give erroneous and/or incomplete tax advice to consumers" – not to Ms. Bautz herself. *Complaint*, ¶ 43. The Complaint also alleges that the Letter "suggests to the least sophisticated consumer that failure to pay will get the consumer into trouble with the IRS." *Id*. at ¶44. Therefore, Plaintiff's Complaint suffers from a fundamental lack of particularized injury to confer standing under recent Second Circuit and Supreme Court jurisprudence.

As the *Strubel* Court pointed out, standing is not conferred for suits under procedural violations for informational injuries that are a vehicle "for the vindication of the value interests of concerned bystanders[] or the public at large." *Strubel,* 2016 U.S. App. LEXIS 21032, at *17 (*quoting Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 473, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982)). (federal courts have abjured appeals to their authority which would convert the judicial process into "no more than a vehicle for the vindication of the value interests of concerned bystanders" or the public at large). Plaintiff's Complaint and opposition brief attempts to dispute ARS' assertion that Ms. Bautz lacks standing by arguing that the allegedly violative IRS disclosure violated her particularly and in a concrete way. These arguments, however, are belied by the allegations in the Plaintiff's Complaint. Ms. Bautz never alleges that she herself was planning to pay the subject debt and therefore was going to pay an amount that would not run afoul of IRS reporting regulations. As such, Ms. Bautz fails to "carry her burden to proffer evidence sufficient to manifest concrete injury," *Strubel,* 2016 U.S. App. LEXIS 21032, at *21, and lacks standing to bring her claims under the United States Constitution.

In *Strubel,* the plaintiff conceded that the subject disclosures would only arise if she reported a billing error. "Notably, Strubel does not assert that the allegedly flawed notice caused her credit behavior to be different from what it would have been had the credit agreement tracked the pertinent 30-day notice language of Model Form G—3(A)." *Id.*, 2016 U.S. App. LEXIS 21032, at *22-25. Ms. Bautz also concedes – by failing to plead facts that she had any inclination of paying the debt – that she never had reason to pay the debt or worry about any IRS disclosures because she never planned to pay the debt anyway. Thus, Ms. Bautz does not – and cannot – claim concrete injury because the challenged IRS disclosure denied her information that she actually needed to deal with ARS regarding the debt.

The IRS disclosures at issue and any alleged violation of same do not confer constitutional standing. The *Strubel* Court held that "it would be more than curious to conclude that a consumer sustains real injury to concrete TILA interests simply from a creditor's failure to advise of a reporting obligation that, in the end, the creditor honors. Indeed, such a conclusion is at odds with a parallel scenario hypothesized by the Supreme Court to illustrate when a procedural error would "result in no harm." *Spokeo*, 136 S. Ct. at 1550 (observing that, despite procedural failure to provide user of agency's consumer information with required notice, "information regardless may be entirely accurate")."

The Honorable Joseph F. Bianco
December 5, 2016
Page 3

      The injury in *Strubel* mirrors the injury alleged by Ms. Bautz's Complaint in that it is a bare procedural violation which presents an insufficient risk of harm to satisfy the concrete injury requirement of standing, particularly where, as here, Ms. Bautz fails to show that ARS' challenged IRS disclosure caused her to alter her behavior from what it would have been upon lack of such notice. Accordingly, Ms. Bautz' disclosure challenge should be dismissed for lack of jurisdiction.

                Respectfully Submitted,

                */s/ Yevgeny Roymisher*

                YEVGENY ROYMISHER

cc:    Gus Michael Farinella, Esq. and Ryan Gentile, Esq. – counsel for Plaintiff (via ECF and email)